UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CERTAINTEED FIBER CEMENT
SIDING LITIGATION

|  |  |  |
|---|---|---|
| Annie Cheung v. CertainTeed Corporation, et al., | ) | |
| W.D. North Carolina, C.A. No. 3:12-00557 | ) | MDL No. 2270 |

## TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiff in an action in the Western District of North Carolina (*Cheung*) moves to vacate our order that conditionally transferred the action to MDL No. 2270. Common defendant CertainTeed Corp. (CertainTeed) opposes the motion.

Moving plaintiff does not dispute that her action shares questions of fact concerning alleged defects in CertainTeed Weatherboard fiber cement siding with actions pending in MDL No. 2270. Instead, plaintiff bases her argument against transfer primarily on an alleged lack of federal jurisdiction over the action. Plaintiff can present her motion for remand to the transferee judge.[1] *See, e.g.*, *In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2270, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization and holding that the Eastern District of Pennsylvania was an appropriate Section 1407 forum for actions sharing factual questions concerning alleged defects in WeatherBoards Fiber Cement exterior siding products manufactured and marketed by CertainTeed. *In re: CertainTeed Fiber Cement Siding Prods. Liab. Litig.*, 802 F. Supp. 2d 1369 (J.P.M.L. 2011). This action involves allegations regarding CertainTeed Weatherboard fiber cement siding's propensity to prematurely fail due to inherent defects in the siding's formulation and, thus, clearly falls within the MDL's ambit. Specifically, like the MDL plaintiffs, plaintiff cites as problematic the inclusion of fly ash instead of grain and silica sand in the fiber cement mixture, which in turn allegedly leads to excessive moisture absorption by the siding.

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Thomas J. O'Neill, Jr., for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Paul J. Barbadoro          Marjorie O. Rendell
Charles R. Breyer          Lewis A. Kaplan