UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: CERTAINTEED FIBER CEMENT**
**SIDING LITIGATION**

| | |
|---|---|
| Michael Sherman, et al.  v. CertainTeed Corporation, et al., ) | |
| W.D. North Carolina, C.A. No. 3:12-00614 ) | |
| Lethaniel Saunders, et al.  v. CertainTeed Corporation, et al., ) | MDL No. 2270 |
| W.D. North Carolina, C.A. No. 3:12-00615 ) | |
| Chester Tai, et al.  v. CertainTeed Corporation, et al., ) | |
| W.D. North Carolina, C.A. No. 3:12-00616 ) | |

**TRANSFER ORDER**

**Before the Panel:**  Pursuant to Panel Rule 7.1, plaintiffs in three actions in the Western District of North Carolina move to vacate our order that conditionally transferred the actions to MDL No. 2270. Common defendant CertainTeed Corp. (CertainTeed) opposes the motion.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2270, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization and holding that the Eastern District of Pennsylvania was an appropriate Section 1407 forum for actions sharing factual questions concerning alleged defects in WeatherBoards fiber cement exterior siding products manufactured and marketed by CertainTeed.  *In re: CertainTeed Fiber Cement Siding Prods. Liab. Litig.*, 802 F. Supp. 2d 1369 (J.P.M.L. 2011).  These actions involve allegations regarding CertainTeed Weatherboard fiber cement siding's propensity to prematurely fail due to inherent defects in the siding's formulation and, thus, clearly fall within the MDL's ambit. Specifically, like the MDL plaintiffs, plaintiffs cite as problematic the inclusion of fly ash instead of grain and silica sand in the fiber cement mixture, which in turn allegedly leads to excessive moisture absorption by the siding.

Moving plaintiffs do not dispute that their actions share questions of fact concerning alleged defects in CertainTeed Weatherboard fiber cement siding with actions pending in MDL No. 2270. Instead, plaintiffs base their argument against transfer primarily on an alleged lack of federal jurisdiction over the actions.  Plaintiffs can present their motions for remand to the transferee judge.[1]  *See, e.g., In*

---

[1]  Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.  Indeed, the transferor judge in *Tai* recently denied plaintiffs' motion to remand during the pendency of plaintiffs' current motion to vacate our conditional transfer order.

-2-

*re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

    IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Thomas J. O'Neill, Jr., for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |