IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CERTAINTEED FIBER CEMENT SIDING LITIGATION | MDL DOCKET NO. 2270 |
| This Order relates to: | |
| ALL CASES | |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

AND NOW, this 3rd day of October, 2013, upon consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, as well as the parties' proposed Settlement Agreement and all exhibits thereto (the "Settlement Agreement"), as well as all other pleadings, papers and filings in this Action, it is hereby ORDERED as follows:

1. Unless otherwise indicated, all terms used in this Order shall have the same meaning ascribed to them in the parties' Settlement Agreement before the Court.

2. The terms of the proposed Settlement Agreement executed by Lead Counsel and Defendant CertainTeed Corporation ("CertainTeed") are preliminarily approved as fair, reasonable, and adequate, subject to a Final Approval Hearing as provided in this Order.

3. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies the following Settlement Class:

> All individuals and entities that owned, as of September 30, 2013, homes, residences, buildings, or other structures located in the United States, on which CertainTeed Weatherboards Fiber Cement Siding, Lap Siding, Vertical Siding, Shapes, Soffit, Porch Ceiling, and 7/16" Trim was installed on or before September 30, 2013 (the "Settlement Class").

Excluded from the Settlement Class are:

      a.     all individuals and entities who timely exercise their rights under Federal Rule of Civil Procedure 23 to opt out of this settlement;

      b.     all individuals and entities who filed a claim concerning their Siding in any court of law, if that claim has been resolved with a final judgment or order, whether or not favorable to the claimant;

      c.     CertainTeed, any entity in which CertainTeed has a controlling interest, any entity which has a controlling interest in CertainTeed, and CertainTeed's legal representatives, assigns, and successors; and

      d.     the Judge to whom this case is assigned and any member of the Judge's immediate family.

4.     For purposes of the settlement of this case (and only for such purposes, and without adjudication on the merits), the Court makes the following findings:

      a.     The Settlement Class consists of thousands of owners of buildings on which CertainTeed Weatherboards Fiber Cement Siding, Lap Siding, Vertical Siding, Shapes, Soffit, Porch Ceiling, and 7/16" Trim (the "Siding") was installed on or before September 30, 2013 and joinder of all members is impracticable;

      b.     There exist questions of fact and law common to the Settlement Class Members. All Settlement Class Members contend that the Siding is defective and allege breach of warranty, negligence, and unfair trade practices claims against CertainTeed;

      c.     The claims of the Named Plaintiffs are typical of the claims of the Settlement Class members;

      d.     The Named Plaintiffs and Lead Counsel will fairly and adequately protect the interests of the Settlement Class;

e. The questions of law or fact common to the Settlement Class Members, and which are relevant for settlement purposes, predominate over the questions affecting only individual Settlement Class members; and

f. Resolution of this Action in the manner proposed by the parties' Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the action.

5. The Court appoints Plaintiffs Steve Clavette, Chad Epsen, Monique Orieux, Chris Thames, Gwen Weithaus, Steven Weidmeyer, Richard Tesoriero, Michael Patota, John Robards, Barbara Robards, and Koreen Grube as the Class Representatives.

6. As previously ordered in Pretrial Order No. 1, dated May 11, 2011, the Court appoints Michael McShane of Audet & Partners, LLP and H. Laddie Montague, Jr. of Berger & Montague, P.C. as Co-Lead Counsel for the Settlement Class, and they shall serve as Lead Counsel in this Action.

7. The Court appoints BMC Group as the Notice Provider and Claims Administrator to provide notice to the Settlement Class, administer the Settlement Agreement, and perform the duties assigned to them as set forth in the Settlement Agreement, under the direction of Lead Counsel.

8. The Court hereby approves the form and content of the proposed Class Notices and Claim Form, and directs that notice of the proposed Settlement Agreement be provided to the Settlement Class in accordance with the provisions of the Settlement Agreement and notice plan.

9. A Settlement Class Member may opt out of the Settlement Class. To exercise this exclusion right, the Settlement Class Member must send a completed Opt-Out Form (attached as

Exhibit 6 to the Settlement Agreement). The request for exclusion must bear the signature of the Settlement Class Member (even if represented by counsel), provide his or her telephone number and email address (if one is available), state the address(es) of their property or properties that has or have the Siding installed, and specify the number of units of residential property or other structures at each address containing the Siding. If the Settlement Class Member has entered into a written or oral agreement to be represented by counsel, the exclusion request shall also be signed by the attorney who represents the Settlement Class Member. Such request must be postmarked or personally delivered within 60 days after the publication of the notice to be published pursuant to the Settlement Agreement. Exclusions sent by any Settlement Class Member to incorrect locations shall not be valid. Any Settlement Class Member who submits a timely request for exclusion shall not be permitted to object to the Settlement Agreement and shall not be entitled to a remedy under or be affected by the Settlement Agreement. Any Settlement Class Member who does not properly and timely request exclusion shall be included in the Settlement Class and shall be bound by any judgment entered in this Action.

10. Lead Counsel may contact persons who file exclusion requests, may challenge the timeliness and validity of any exclusion request, and may effect the withdrawal of any exclusion filed in error. The Court shall determine whether any contested opt outs are valid.

11. Within five (5) business days after the deadline to opt out, Lead Counsel shall: (a) provide counsel for CertainTeed a list identifying each person who has requested exclusion from the Settlement Class and attaching copies of all such requests for exclusion; and (b) file with the Court a declaration listing all persons who have submitted timely requests for exclusion.

12. A Settlement Class Member may object to the Settlement by providing written notice of the objection via first class mail to the Court, Lead Counsel, and CertainTeed's counsel.

5

The objection must bear the signature of the Settlement Class Member (even if represented by counsel), the Settlement Class Member's current address and telephone number or email address (if one is available), state the address(es) of their property or properties that contain the Siding, specify the number of units of residential property or other structures at each address containing the Siding, and state the exact nature of the objection and whether or not the Settlement Class Member intends to appear at the Final Approval Hearing. If the Settlement Class Member is represented by counsel, the objection shall also be signed by the attorney who represents the Settlement Class Member. Such request must be postmarked or personally delivered within 60 days after the publication of the notice to be published pursuant to the Settlement Agreement. Objections sent by any Settlement Class Member to incorrect locations shall not be valid.

13. Any attorneys hired by individual Settlement Class Members for the purpose of objecting to the proposed Settlement Agreement shall file with the Clerk of the Court and serve on Lead Counsel and CertainTeed's counsel a notice of appearance, no later than 10 days after the objecting Settlement Class Member provides their written notice of objection.

14. Any filings, objections, or appearances shall be filed and/or served with the Court, Lead Counsel, and counsel for CertainTeed, at the following addresses:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> EASTERN DISTRICT OF PENNSYLVANIA
> James A. Byrne Federal Courthouse
> 601 Market Street, Room 2609
> Philadelphia, PA  19106-1797
>
> PEPPER HAMILTON LLP
> Robert L. Hickok, Esquire
> 3000 Two Logan Square
> 18th and Arch Streets
> Philadelphia, PA 19103

6

>AUDET & PARTNERS, LLP
>Michael McShane, Esquire
>221 Main Street, Suite 1460
>San Francisco, CA 94105
>
>BERGER & MONTAGUE, P.C.
>Shanon J. Carson, Esquire
>1622 Locust Street
>Philadelphia, PA 19103

15. No person shall be entitled in any way to contest the approval of the terms and conditions of the Settlement Agreement or the Final Order and Judgment to be entered thereon except by filing and serving written objections in accordance with the provisions of this Order and the Settlement Agreement. Any Settlement Class Member who does not submit a timely, written objection or request for exclusion from the Settlement Class in compliance with the procedures set forth in this Order and the Settlement Agreement will be deemed to have waived such objections and will, therefore, be bound by all proceedings, orders, and judgments in this Action, which will be preclusive in all pending or future lawsuits or other proceedings.

16. All other motions and deadlines pending in this Action are hereby stayed.

17. A Final Approval Hearing is hereby set for Wednesday, February 19, 2014, in Courtroom 4A, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106-1797, at 10:00 a.m., to determine whether the proposed Settlement Agreement is fair, reasonable and adequate, whether the proposed Settlement Class should be finally approved, and to consider any objections of Settlement Class Members, and to consider the application of Class Counsel for an award of reasonable attorneys' fees and expenses and any service awards to the Class Representatives.

18. Prior to the Final Approval Hearing, Plaintiffs shall file a motion requesting that the Court grant final approval of the Settlement Agreement, approve the incentive awards, award attorneys' fees and costs, and that the Court enter an Order of Final Approval of

Settlement and Final Judgment of Dismissal consistent with the terms of the Settlement Agreement.

Dated: __10/3__, 2013        __TNO'Neill__
                              Honorable Thomas N. O'Neill, Jr.
                              United States District Judge

8