TO:

Clerk of the Court
United States District Court for the
Eastern District of Pennsylvania
Byrne Federal Court House
601 Market Street
Philadelphia, PA 19106-1797


FROM:

Kelly Kruger
W343 N6543 Timberline RD
Oconomowoc, WI 53066
Tel: 262-894-0620
E-mail: kckruger@yahoo.com


RE:     CertainTeed Fiber Cement Siding Litigation, MDL Docket No. 2270

Date:   December 30, 2013


I am writing you this letter as part of the above siding litigation requirement to object to the recently settled class action suit. I am objecting for the following reasons:

1) The proration outlined in the settlement based on the number of squares of siding my home has falls way short of the actual cost to replace the siding, labor to remove old siding, install new siding, calk, repaint any damaged trim, and reattach lights / speakers removed in the process. See enclosed quote from Stahl Builders, LLC dated September 15, 2013 for $16,290. According to the enclosed email from Bonnie Bierton of Wausau Supply September 10, 2012 our home has 30 squares. The claim outlines a settlement of $500 / square = $15,000 but with a proration at 60% since the siding was installed on or about August of 2008. The settlement is approximately $7,290 short.

2) We moved into our new home in January of 2009 and noticed 2 cracks pieces of siding in the spring of that year. We brought that to the attention of our builder, Jeff Horwath Family Builders, who then contacted the supplier. They ordered 2 replacement sections which were installed about 8-12 weeks later. Those 2 same replacement pieces have cracked again. This is relevant to the claim as we started experiencing cracked siding well before the 2 year "sure start" warranty expired in August of 2010. However, we were told by Consumer Services of CertainTeed Corporation in an enclosed letter from

them labeled incident #00188670 that since we did not file a claim prior to the expiration date that only replacement siding of 520 pieces would be provided or a check in the amount of $3,836.56.

3) We feel our initial request for replacement siding back in the spring of 2009 should be considered the date of our warranty claim with CertainTeed which would put us within the 2-year sure start warranty date. Therefore covering the cost of the entire job.

4) I have enclosed 5 photo samples of just a few of the cracked siding pieces to illustrate the magnitude of the problem we are dealing with. Each you're the number of cracked siding pieces increases making the problem more serious as time goes on. To wait 6 years to receive the final settlement payment is not a reasonable time period. We ask that the settlement amount be revised to cover the estimate from Stahl Builders in light of the above items.

I appreciate you taking the time to consider the above items. We do not plan to appear to the Final Approval Hearing. The above address is our home and is the only structure with defective siding.

Sincerely,

*Kelly Kruger*
Kelly Kruger



# Estimate

| Number | E1300 |
|---|---|
| Date | 9/15/2013 |

**Bill To**
Kelly Kruger
W343N6543 Timberline Rd
Oconomowoc, WI, 53066

**Job Name:**
Kelly Kruger
W343N6543 Timberline Rd
Oconomowoc, WI, 53066

| Description | Amount |
|---|---|
| cut caulk along trim boards on house, remove caulk and siding on entire house. Remove speakers, lights telephone boxes and electrical outlets. Dispose all siding | $3,150.00 |
| install prepainted siding on entire, install window headflashing tape with tyvek tape, install aluminum strips behind every seam and paint nail heads on siding. Reinstall all electrcial boxes, speakers, lights and telephone boxes | $5,500.00 |
| caulked entire house, siding and touched up nailheads on siding | $500.00 |
| supply dumpster to dispose siding | $400.00 |
| supply caulk | $250.00 |
| option of supplying James Hardie Color Plus siding for entire house | $5,690.00 |
| painting allowance for touching up trim | $800.00 |
| Estimate includes all labor and materi to complete job as listed above. If Estimate is accepted please sign and return to Stahl Builders,_____<br>Note: Payment no money down 50% after project has started 100% upon completion | |

| Amount Paid | $0.00 |
|---|---|
| Amount Due | $16,290.00 |

| Discount | $0.00 |
|---|---|
| Sub Total | $16,290.00 |
| Total | $16,290.00 |

## Kelly Kruger

**From:** Bonnie Brierton [Bonnie.Brierton@wausausupply.com]
**Sent:** Monday, September 10, 2012 3:40 PM
**To:** KKRUGER@SHOREWEST.COM
**Subject:** Siding issue CRM:00180349

Hi Kelly,
Below are the notes you requested from your siding inspection.

The Q refers to quarters (US quarters). We measure how many quarters we can fit into the gaps on the house.

Front Wall (7 square):   2 joints (j) @ 3Q, 6j@2q, bowed boards

Back Wall (11 square):  2j@3Q, 6j@2Q, 32j@1Q, 19 cracked boards, bowed boards

Left Wall (8 square):  12j@3Q, 9j@2Q, 4 cracked boards, bowed boards

Right Wall (4 square):  4j@3Q, 8j@2Q, 17j@1Q, bowed boards



Bonnie Brierton
Wausau Supply Company | 800.236.1528 ext. 14369
bonni@wausausupply.com  | Fax: 715.355.3076

*Innovation in Distribution*

This message may contain confidential and/or privileged information. If you have received this message in error, please notify us immediately by responding to this e-mail and then delete it from your system. Thank you for your cooperation.

Please consider the environment before printing this email.

1

**Consumer Services**  8/1/12
**CertainTeed Corporation**
803 Belden Road
Jackson, MI 49203
Toll Free #:   800.999.3654
Fax #:         517.787.0023
Email:         jtc.conserv@saint-gobain.com



Kelly Kruger
W343N6543 Timberline Rd
Oconomowoc, WI 53066

RE: Incident #    00188670

Dear Kelly:

We received your information and apologize for any inconvenience this situation may have caused. We understand the pride our customers take in the appearance of their property and thank you for choosing CertainTeed WeatherBoards™ fiber cement siding. The information provided indicates you are experiencing a concern of **excessive gaps and cracks**. In this instance, we have found the material to be justified for replacement on the **front, back, left and right** walls of the property.

*Warranty Information*: The CertainTeed WeatherBoards™ Fiber Cement Siding Limited Warranty includes SureStart Protection ™ that covers replacement siding and labor for a period of 2 years from the date of the original installation for the original property owner. Upon expiration of SureStart Protection ™, the limited warranty covers only the siding on a prorated basis. In this instance, the claim was initiated with our company in August 1, 2012 and the original installation date has been reported as August 2008. Therefore, SureStart Protection ™ expired in August 2010 and any labor costs incurred are not covered. You are entitled to a prorated amount of siding based on your installation date. However, in order to assist in resolving your claim, we have decided to offer you the options below to choose the resolution that best meets your needs. These options are the **maximum allowable** resolutions under the terms of the limited warranty.

❑      **Replacement Siding Option:**   We will authorize replacement for 520 pieces of 7-¼" CertainTeed WeatherBoards™ Cedar Lap Siding in the prefinished color French Gray. Please note the replacement siding will be covered under a continuation of the original warranty. Since your SureStart Protection has expired, the limited warranty provides for a prorated amount of replacement siding based on the date of installation. However, in the interest of resolving your claim, we will authorize siding to fully replace the affected walls. Understand that due to the applicable limited warranty coverage, you would be responsible for all costs related to the removal, disposal and replacement of the siding. If you select this option please mail or email our office a copy of this document indicating that you prefer to proceed with this option.

❑      **Refund for Siding Option:** We will provide you a cash settlement for the affected material in the amount of $3,836.56. The cash settlement amount is equal to the original cost of the siding per your original invoices. If you have not provided us with your original invoice for the siding, we have calculated the reasonable cost of the siding based on the date of your installation. **If this Option is selected, you must sign, and have witnessed, the attached Release that absolves CertainTeed from any further responsibility for the siding installed on your property.** *Note: After we receive the completed Release in our office, please allow us 3-5 weeks to process the paperwork to have your check issued.*

Should you have any questions about the options we have listed here, please contact us.

Sincerely,

*Teresa Redman*
Consumer Services Representative

cc:    Wausau Supply
       Gulf Eagle Supply (Milwaukee, WI)

**Consumer Services**  8/1/12
**CertainTeed Corporation**
803 Belden Road
Jackson, MI 49203
Toll Free #:   800.999.3654
Fax #:        517.787.0023
Email:        jtc.conserv@saint-gobain.com



### RELEASE OF DISPUTED CLAIM

Incident #:    00188670

#### Background

This Release of a disputed claim is entered into by Kelly Kruger and _____ (secondary owner or spouse, if any – please print) ("Claimant(s)") in favor of CertainTeed Corporation, Saint-Gobain Corporation, and any and all affiliates, (collectively "Company").

On or about August 2008, Claimant(s) purchased, applied or installed CertainTeed WeatherBoards™ fiber cement siding and/or accessories on the building/home/property located at W343N6543 Timberline Rd Oconomowoc, WI 53066.

Claimant(s) own(s) the building/home/property referenced above.

Claimant(s) allege(s) that the siding and/or accessories is/are defective on these walls of the property: front, back, left and right.

The parties desire to resolve and settle this disputed claim.

#### Release

1. Claimant acknowledges the acceptance and sufficiency of Three Thousand Eight Hundred Thirty Six Dollars and 56/100 Cents ($3,836.56) (the "Settlement Funds") as settlement of this claim.

2. In exchange for Company's payment of the Settlement Funds, Claimant(s) hereby remise(s), release(s), and forever discharge(s) Company, its officers, agents, employees, predecessors, successors, parent companies, and assigns, from any and all manner of actions, causes of action, warranty claims, contract actions, suits, debts, attorneys' fee or consultant fee claims, accounts, damages, including property damage and personal injuries, judgments, claims and demands of every nature whatsoever against Company which Claimant(s) now have/has or ever had or which may hereafter arise, or which the predecessors, successors, heirs, executors, administrators or assigns of Claimant(s) ever have or had or may in the future have arising out of or in any way related to Claimant(s) purchase, application or use of the siding and/or accessories on the above-referenced building/home/property.

3. The sum cited herein is the sole and only consideration for this Release.

4. Claimant(s) agree(s) that the terms of this Release are not an admission of liability by Company, and acknowledge(s) that Company has expressly denied all liability to Claimant(s) but has agreed to provide the aforementioned consideration to resolve the Disputed Claim.

5. Claimant(s) agree(s) that to the extent Company receives a demand for money via subrogation arising out of this Disputed Claim from one or more of Claimant's(s') insurance carriers, Claimant(s) agree(s) to use the money provided by Company to pay and/or reimburse the insurance carrier(s) to offset any such demand for subrogation.

6. Claimant(s) agree(s) to indemnify and hold harmless Company, and provide a defense to Company with counsel chosen by Company, from and against any claims, demands, suits, or other causes of action, including claims alleging that Company was negligent, which in any way arise out of or are related to the Disputed Claim.

7. Claimant(s) agree(s) to keep all terms of this Release confidential. Claimant(s) shall not disclose any terms of this Release to anyone, except pursuant to a Court order or written consent by an authorized representative of Company. Claimant(s) acknowledge(s) that Company has reserved the right to seek damages from Claimant(s) for breach of this provision.

8. This Release between Company and Claimant(s) is the entire agreement. Any amendment to this Release must be in writing, must specifically refer to this Release, and must be signed by a duly authorized representative of each of the parties.

9. Signatory(ies) certify(ies) s/he/they (i) has/have read this Release, (ii) are fully authorized to enter into this Release, (iii) are the lawful owners of the building/home/property referenced above, and (iv) fully understand(s) all of the terms and conditions of this RELEASE OF DISPUTED CLAIM.

By: _____  Witness: _____
    Signature of Owner                    Signature of Witness

Print Name: _____   Print Name: _____

Date: _____         Date: _____

By: _____  2nd Witness[1]: _____
    Signature of Owner or Spouse, if any   Signature of 2nd Witness, if necessary

Print Name: _____   Print Name: _____

Date: _____         Date: _____

Copy Designation: 1st – Consumer Services; 2nd – Homeowner

**Consumer Services**  
**CertainTeed Corporation**  
803 Belden Road  
Jackson, MI 49203  
Toll Free #:   800.999.3654  
Fax #:         517.787.0023  
Email:         jtc.conserv@saint-gobain.com

8/1/12



### RELEASE OF DISPUTED CLAIM

Incident #:     00188670

#### Background

This Release of a disputed claim is entered into by Kelly Kruger and _____ (secondary owner or spouse, if any – please print) ("Claimant(s)") in favor of CertainTeed Corporation, Saint-Gobain Corporation, and any and all affiliates, (collectively "Company").

On or about August 2008, Claimant(s) purchased, applied or installed CertainTeed WeatherBoards™ fiber cement siding and/or accessories on the building/home/property located at W343N6543 Timberline Rd Oconomowoc, WI 53066.

Claimant(s) own(s) the building/home/property referenced above.

Claimant(s) allege(s) that the siding and/or accessories is/are defective on these walls of the property: front, back, left and right.

The parties desire to resolve and settle this disputed claim.

#### Release

1. Claimant acknowledges the acceptance and sufficiency of Three Thousand Eight Hundred Thirty Six Dollars and 56/100 Cents ($3,836.56) (the "Settlement Funds") as settlement of this claim.

2. In exchange for Company's payment of the Settlement Funds, Claimant(s) hereby remise(s), release(s), and forever discharge(s) Company, its officers, agents, employees, predecessors, successors, parent companies, and assigns, from any and all manner of actions, causes of action, warranty claims, contract actions, suits, debts, attorneys' fee or consultant fee claims, accounts, damages, including property damage and personal injuries, judgments, claims and demands of every nature whatsoever against Company which Claimant(s) now have/has or ever had or which may hereafter arise, or which the predecessors, successors, heirs, executors, administrators or assigns of Claimant(s) ever have or had or may in the future have arising out of or in any way related to Claimant(s) purchase, application or use of the siding and/or accessories on the above-referenced building/home/property.

3. The sum cited herein is the sole and only consideration for this Release.

4. Claimant(s) agree(s) that the terms of this Release are not an admission of liability by Company, and acknowledge(s) that Company has expressly denied all liability to Claimant(s) but has agreed to provide the aforementioned consideration to resolve the Disputed Claim.

5. Claimant(s) agree(s) that to the extent Company receives a demand for money via subrogation arising out of this Disputed Claim from one or more of Claimant's(s') insurance carriers, Claimant(s) agree(s) to use the money provided by Company to pay and/or reimburse the insurance carrier(s) to offset any such demand for subrogation.

6. Claimant(s) agree(s) to indemnify and hold harmless Company, and provide a defense to Company with counsel chosen by Company, from and against any claims, demands, suits, or other causes of action, including claims alleging that Company was negligent, which in any way arise out of or are related to the Disputed Claim.

7. Claimant(s) agree(s) to keep all terms of this Release confidential. Claimant(s) shall not disclose any terms of this Release to anyone, except pursuant to a Court order or written consent by an authorized representative of Company. Claimant(s) acknowledge(s) that Company has reserved the right to seek damages from Claimant(s) for breach of this provision.

8. This Release between Company and Claimant(s) is the entire agreement. Any amendment to this Release must be in writing, must specifically refer to this Release, and must be signed by a duly authorized representative of each of the parties.

9. Signatory(ies) certify(ies) s/he/they (i) has/have read this Release, (ii) are fully authorized to enter into this Release, (iii) are the lawful owners of the building/home/property referenced above, and (iv) fully understand(s) all of the terms and conditions of this RELEASE OF DISPUTED CLAIM.

By: _____        Witness: _____
    Signature of Owner                                Signature of Witness

Print Name: _____          Print Name: _____

Date: _____          Date: _____

By: _____        2nd Witness[1]: _____
    Signature of Owner or Spouse, if any                      Signature of 2nd Witness, if necessary

Print Name: _____          Print Name: _____

Date: _____          Date: _____

Copy Designation: 1st – Consumer Services; 2nd – Homeowner









