Deidrea Dornback
1314 Hampton Rd
Brookings, OR 97415
December 30, 2013

Clerk of the Court
US District Court for the Eastern District of Pennsylvania
Byrne Federal Courthouse
601 Market Street
Philadelphia, PA 19106-1797

Re: Objection of agreement

My opinion of this said agreement is that it is grossly inadequate compensation for a faulty product. The reimbursement estimation for our home will cover maybe 1/3 of total cost to reside the damage on our house. This settlement should cover more like 2/3, which still puts consumers in debt to repair/replace a company's defective product. After all, who has that kind of cash lying around and the housing market is so bad many people no longer have enough equity in their homes to take out a second for the repairs?

This is not justice. The percentage scale used (RS Means) for reimbursement portions, is completely backwards. I receive a lower percentage due to the length of time I have "already been able to use" the siding on my house (I started this claim process 3 ½+ years ago). A plaintiff whom has had the faulty siding on their home installed this year would receive 80% a much larger percentage for reimbursement, as opposed to our family 48%, who bought the house in 2006. This is justified due to "years of use". Seriously, we all paid for siding when we purchased our houses. There was no "user fee" or lease on the siding; it was purchased with the home. In addition, there is no accommodation for collateral damage from the faulty siding for those of us who have had it on our homes longer; we are actually getting punished for having the product longer. Who knows what underlying damage has occurred due to this defective product.

This is a poor attempt at fairness to the consumer.

Sincerely,

Deidrea Dornback

Cc: US District Court for the Eastern District of Pennsylvania
Pepper Hamilton, LLP
Audet & Partners, LLP
Berger & Montague, P.C.