**THOMAS J. NAGORSKI**
2112 MAPLEWOOD STREET • BOZEMAN MONTANA 59718
USA (406) 595-2506
thomas.nagorski@gmail.com

Clerk of the Court
United States District Court for the Eastern District of Pennsylvania
Byrne Federal Courthouse
601 Market Street
Philadelphia PA  19106-1797

PEPPER HAMILTON LLP
Robert L. Hickock, Esquire
3000 Two Logan Square
18th and Arch Streets
Philadelphia PA  19102

AUDET & PARTNERS, LLP
Michael McShane, Esq.
221 Main Street, Suite 1460
San Francisco CA  94105


In re: CertainTeed Fiber Cement Siding Litigation, MDL Docket No. 2270          31 December, 2013


Greetings:

This letter registers my objection to the terms of the Class Action Settlement as detailed.

I specifically object to the exclusion of previous owners of qualifying property : "If you owned a building on which the Siding was installed on or before September 30, 2013, but sold it, you may file a claim **only if (a) the purchaser assigned that right to you in writing...** "

I owned property at 705 Washington Street, Belgrade Montana 59714. A new manufactured house was placed on this property in 2006, built by Nashua Homes of Idaho. This house was sided with the faulty CertainTeed product.

This siding began to show signs of failure almost from the start: Shrinkage, Warping, Cracking and Splitting. I filed a Warranty Claim with CertainTeed, to no avail. Their claim was that the siding was installed improperly by Nashua Homes. Although Nashua may not have conformed to CertainTeed's strict installation instructions, most of the failing panels were obviously due to flawed product and could not be attributed to bad installation.

Unless I chose to sue CertainTeed for satisfaction, I was left with no other recourse. Over the years, this siding required considerable labor to maintain and to minimize the impact of the substandard product.

I sold this house and property in 2011. The condition of the CertainTeed Fiber Cement siding was a factor in the reduced selling price. At the time, retaining the right to sue CertainTeed in the future was never a consideration and was not addressed during the sale.

To summarize: I oppose the terms of this Class Action Settlement because it excludes previous owners who do not have written assignment of the right to settle by purchasers to sellers. I purchased the product. I fought with CertainTeed for resolution. I invested the labor in maintaining this failed product. I took the financial loss when the property was sold.

Basically, the terms of this Settlement mandate that I also should have been clairvoyant and anticipated a future Class Action Suit, and so should have retained the right to future suits in sale documents.  **This is not right.**

Neither myself nor my attorney wish to appear at the Final Approval Hearing.

Regards,

Thomas J. Nagorski