IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CertainTeed Fiber Cement Siding Litigation | : | |
| ---------------------------------------------------------------- | : | MDL NO. 11-2270 |
| This Document Relates to: All Actions | : | |
| ---------------------------------------------------------------- | : | |

## MEMORANDUM OF LAW IN SUPPORT OF CLASS COUNSEL'S MOTION TO COMPEL DEPOSITIONS OF THE BANDAS OBJECTORS AND RULE TO SHOW CAUSE WHY THE BANDAS OBJECTORS SHOULD NOT BE SANCTIONED

## I.      INTRODUCTION

Class Counsel are completely focused and engaged in efforts to address the approval of

the Agreement of Compromise and Settlement ("Settlement") dated September 30, 2013, which

is scheduled for a Final Fairness Hearing on February 19, 2014.  In contrast to these concerns,

Class Counsel are embroiled in distraction because they are obliged to address the frivolous

objections raised by a professional objector, Christopher A. Bandas, Esq., an attorney who lacks

any interest in justice for the class.[1]  Rather, based on his checkered history, he only wants to

drop into the litigation at its closing moments and obstreperously attempt to ransom the

settlement and then vanish into the ether until his next opportunistic objection.

Mr. Bandas purports to represent three objectors to the Settlement: Amirali Jabrani, Janet

---

[1] *See* Schaffer Decl., Exhibit 1, (Email dated January 17, 2014 from Christopher M. Arfaa, Esq., to Charlie Schaffer et. al.) (disclosing that Mr. Arfaa is appearing as local counsel in this matter for Mr. Bandas).  Mr. Arfaa has since withdrawn his appearance as local counsel, (Dkt. No. 77), and it is anticipated that Mr. Bandas will be substituting new local counsel in this matter.  For this reason, Class Counsel will not be pursuing sanctions from Mr. Arfaa.

1

Jabrani, and Real Homes, Inc. (Mr. and Mrs. Jabrani are the owners of Real Homes, Inc.).[2]   The
Bandas Objectors waited until the last day of the opt-out period to raise boilerplate and improper
objections to the Settlement simply to extort a fee for Mr. Bandas.   Then, when asked to explain
themselves through discovery, the Bandas Objectors are refusing to appear for depositions as
their counsel will not agree to produce their clients for depositions and the deponents themselves
are camped out in their home with their shades drawn in the hopes of evading Class Counsel's
efforts to serve them with subpoenas.[3]

The complete lack of respect for the delicate process in obtaining final approval of the
Settlement by Mr. Bandas warrants that the instant motion be addressed with extreme prejudice.
Class Counsel respectfully request that the Bandas Objections be compelled to appear for
depositions and that they be sanctioned for their inappropriate conduct in their prosecution of
their objections to the Settlement.   Plaintiffs are not seeking to move the Final Fairness Hearing
scheduled for February 19, 2014, and will endeavor to take the depositions prior to that hearing,
and if need be, submit a supplemental brief following the hearing.

## II.   FACTUAL BACKGROUND

### A.   Mr. Bandas's History as a Serial, Professional Objector

After nearly three years of litigation, Class Counsel was successful in negotiating the
Settlement, which provides for payments totaling $103.9 million to resolve the instant litigation
for qualifying class members.   On October 13, 2013, this Court granted Plaintiffs' Unopposed
Motion For Preliminary Approval of Class Action Settlement.   (Dkt. No. 28).   The Settlement

---

[2] Hereafter "Bandas" or "Bandas Objectors".

[3] *See* Schaffer Decl., Exhibit 13 (affidavit of McDowell & Associates).

notice has been widely disseminated.  The notice program approved by this Court involved first class mailed notice to all class members that could be identified by the Parties through reasonable efforts.  Settlement Agreement §10.6.  In addition, numerous publications were used to disperse the notice, which was also published in online media, through broadcast media, trade magazines, newspaper magazine inserts and pursuant to media outreach.  *See* Notice Plan Parameters, Exhibit B to the Supplemental Declaration of Shanon J. Carson in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, (Dkt. No. 29).

By Order of this Court the opt out and objection deadline for the Settlement became December 31, 2013.  At the eleventh hour on that last day, Mr. Bandas appears to have retained clients, to pursue boilerplate objections.  These individuals and their alias company have no claims existing in any state court or the MDL, their objections are simply the same meritless objections to practically every settlement that Mr. Bandas has employed to attempt to extort attorneys fees for himself in his history as a professional objector.

An abbreviated history of Mr. Bandas' efforts to extract a fee for presenting baseless objections, that is by no means comprehensive, follows:

* *Brown v. Wal-Mart Stores, Inc.*, No. 01 L 85, Order Denying Objections to the Settlement and Fees and the Motion to Intervene and for Pro Hac Vice Admission at 2 (Ill. Cir. Ct. 14th Cir. Oct. 29, 2009)("**The Bandas Objection filed on behalf of Ms. Carlson is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit and not for the benefit of this Class or for those lawyers' clients. The record before the Court demonstrates that Bandas is a professional objector who is improperly attempting to "hijack" the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified "legal fees."**)(emphasis added).[4]

---

[4] *See* Schaffer Decl., Exhibit 2.

\*       *Mussman v. Wal-Mart Stores, Inc.*, No. LACV-27486, Order Regarding Terry
Healy's Objection and Motion to Intervene at 12 (Iowa Dist. Ct., Clinton Cty. Oct.
13, 2009)("The Court has considered all of the materials and pleadings filed of
record in this case, as well as related judicial rulings. As a result, **the Court
concludes that attorney Christopher A. Bandas is a professional objector.
The Court is concerned that attorney Bandas is seeking to wrongfully use the
class action and objection process for personal gain, and without any
corresponding benefit to any individual objector or the settlement class as a
whole.**")(emphasis added).[5]

\*       *Ouellette v. Wal-Mart Stores, Inc.*, No. 67-01-CA-326, Order and Final Judgment
Approving Settlement Between Class Plaintiffs and Wal-Mart Stores, Inc. at 5
(Fla. Cir. Ct., Washington Cty. Aug. 21, 2009)("**The Court finds that a lack of
involvement and participation of the objectors and their counsel who were
not present and a lack of involvement and participation of the attorneys that
were present combined with their attempt to inject themselves at the last
minute into this eight year litigation constitutes an effort to extort money
from the class and/or class counsel**. The court struck the objections of ... Kevin
Dimla (represented by Christopher Bandas and Stephen P. Santiago) ... for failure
of proof, failure to demonstrate participation in the class action on behalf of the
class, and failure to appear at the fairness hearing.  Further, the Court finds that all
of the objections ... have no substantive merit and the court overrules all of the
objections on that additional ground.")(emphasis added).[6]

\*       *Carter v. Wal-Mart Stores, Inc.*, No. 06-CP-I5-839, Order Denying Objections to
Settlement Between Class Plaintiffs and Wal-Mart at 2 (S.C. Ct. Com Pleas,
Colleton Cty. June 3, 2009) ("**...in spite of the fact that Mr. Bandas is a serial
professional objector, I have reviewed and considered the Bandas objection
on its merits. The Court finds that, for a plethora of reasons, the Bandas
objection lacks substantive merit.**")(emphasis added).[7]

\*       *Conroy v. 3M Corporation*, 2006 U.S. Dist. Lexis 96169, \*11 (N.D. Cal.
Aug. 10, 2006)(The Court found the objections of Mr. Bandas' clients to
be "patently frivolous . . . [and] bore no particular relationship to the
circumstances of the settlement" and imposed a $431,167 appeal bond

---

[5] *See* Schaffer Decl., Exhibit 3.

[6] *See* Schaffer Decl., Exhibit 4.

[7] *See* Schaffer Decl., Exhibit 5.

requirement.  Mr. Bandas abandoned his appeal thereafter.).[8]

    *    *Kevin Embry v. ACER America Corp.*, No. C 09-01808 JW, Order Granting
Plaintiff's Motion for Reconsideration; Requiring Appellate Bond at 3 (N.D. Cal.
July 31, 2012) (The court required Bandas to post an appeal bond of $70,650. In
so ruling the court observed that, "the Court finds that the merits of the Objector's
appeal weigh heavily in favor of requiring a bond, insofar as his objections to the
settlement are lacking in merit. Objector Bandas makes no objection to the terms
of the settlement itself, but objects only to attorney fees on the grounds that the
documents provided in support of class counsel's request for fees were
insufficient, and his contention that the quick-pay provision of the settlement
agreement created a conflict between class counsel and members of he class.
However, the Court carefully considered each of these objections and overruled
them prior to approving the settlement.").[9]

    *    *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Master File No. CV-07-
5944-SC, Order Granting Final Approval of Settlement with Chunghwa Picture
Tubes, Ltd. at ¶7  (N.D. Cal. March 22, 2012)(overruling the objection of Mr.
Bandas' objector, Sean Hull, for having "failed to submit proof or otherwise
establish that he is a member of the Class, and therefore lacks standing to
challenge the Settlement.").[10]

    *    *In Re: Wal-Mart Wage and Hour Employment Practices Litig.*, MDL No. 1735,
Order at 2-3 (D.Nev. March 8, 2010)(Order denying imposition of sanctions but
imposing a bond of $500,000 per objector based upon the court's finding "that the
objections are not supported by law or the facts and are indeed meritless" . . .
"The Court will not adopt the pejorative characterization of counsel for Objectors
advanced by Plaintiffs' co-lead class counsel, but does find on the basis of the
briefs submitted that Objectors' counsel have a documented history of filing
notices of appeal from orders approving other class actions, and thereafter
dismissing said appeals when they and their clients were compensated by the
settling class or counsel for the settling class.").[11]

Apparently, Mr. Bandas continues his *modus operandi* in this litigation.

---

[8] *See* Schaffer Decl., Exhibit 6.

[9] *See* Schaffer Decl., Exhibit 7.

[10] *See* Schaffer Decl., Exhibit 8.

[11] *See* Schaffer Decl., Exhibit 9.

**B.**    **Mr. Bandas' Ongoing Efforts to Extort Attorneys'**
        **Fees Persist in the Current Objection**

Notwithstanding his checkered history of filing frivolous and baseless objections intended for personal profit, Mr. Bandas appears bent on continuing his efforts to extort improper and unearned legal fees.  To begin, Mr. Bandas is fully aware that he has sullied his own reputation and must hide behind local counsel, Mr. Arfaa, who has since withdraw his appearance as local counsel in this matter, for purposes of presenting his objection to the Court.[12]  Without even entering an appearance in this litigation, Mr. Bandas hopes to delay the current settlement proceedings until such time as his fees can be extracted.  Mr. Bandas' decision to essentially ghost write the objection is not only improper, but also underscores the fact that Mr. Bandas is conscious of his track record of filing frivolous objections, and the many harsh decisions rendered against him by the courts that have overseen his prior objections.[13]

After receiving the Bandas Objectors' Objection of Amirali Jabrani, Janet Jabrani, and Real Homes, Inc. (Dkt. No. 50), on January 15, 2014, Class Counsel began its efforts to depose the Bandas Objectors by sending deposition notices to Mr. Arfaa.  *See See* Schaffer Decl., Exhibit 10, (January 15, 2014 correspondence from Charles E. Schaffer to Christopher M. Arfaa).  Shortly thereafter on January 17, 2014, Mr. Arfaa advised that he is serving as local

---

[12] Indeed, as evidence that Mr. Bandas' reputation has been sullied by his history of serial objections to class action settlements, his pro hac vice status to practice before the United States District Court for the Western District of Washington was recently revoked on August 20, 2013. *See* Schaffer Decl., Exhibit 11, (docket of proceedings in *Dennings v. Clearwire Corporation*, 2:10-cv-01859-JLR (W.D.Wash.), at Dkt. 166).

[13] Class Counsel has appended a chart identifying cases where courts have considered various class objections by Mr. Bandas. *See* Schaffer Decl., Exhibit 14.  The chart sets forth the outcome of these objections as well as several statements by Courts that have recognized Mr. Bandas' status as a serial objector to class settlements.

counsel for Mr. Bandas, that the depositions must be subpoenaed as the Bandas Objectors are

non-parties to these proceedings,[14] and that all depositions must be coordinated through Mr.

Bandas.  *See* Schaffer Decl., Exhibit 1.  Shortly thereafter on January 21, 2014, Class Counsel

served Mr. Bandas with Notices of Issuance of Subpoenas to Amirai Jabrani, Janet Jabrani, and

Real Homes, Inc..  *See* Schaffer Decl., Exhibit 12, (January 21, 2014 correspondence from

Charles E. Schaffer to Christopher A. Bandas).  In conjunction with this notices, Class Counsel

has disseminated repeated email communications to Messrs. Bandas and Arfaa trying to

coordinate the scheduling of these proposed depositions.  Mr. Bandas has failed to respond to any

of these communications.  While Mr. Arfaa did have a telephone conversation with Mr. Schaffer

on the evening of January 22nd, no progress was made toward the scheduling of depositions of the

Bandas Objectors.[15]  *See* Schaffer Decl. at ¶ 2.  In addition, Class Counsel's process servers have

made repeated unsuccessful attempts to serve the Bandas Objectors with subpoenas commanding

their appearance at depositions.  *See* Schaffer Decl., Exhibit 13 (affidavit of McDowell &

Associates).  Indeed, Class Counsels' process servers have observed that the Bandas Objectors

are ducking service since they are at home but are merely refusing to answer the door or leave the

premises.  *Id.*

---

[14] As noted below, this assertion by Mr. Arfaa is incorrect as this Court has ample
authority to compel the depositions of the Bandas Objectors in light of their filing of an objection
to the Settlement.

[15] During this telephone conversation, Mr. Schaffer fully advised Mr. Arfaa of Mr.
Bandas' history as a serial objector to class settlements.  *See* Schaffer Decl. at ¶ 2.  Mr. Schaffer
also sent Mr. Arfaa an email outlining Mr. Bandas' history as a serial objector to class
settlements and included a chart of cases where Mr. Bandas has objected to other class
settlements, which is attached as Exhibit 14 to the Schaffer Decl..  Mr. Arfaa has since withdraw
his appearance as local counsel as noted above.

Without further explanation upon cross-examination, Class Counsel can only surmise that the Bandas Objectors have submitted frivolous papers in this Court for an improper purpose that needlessly increased the cost of litigation. Such contumacious practice on the part of Mr. Bandas and the Bandas Objectors is immediately subject to a rule to show cause as to why sanctions should not be imposed. *See* Fed.R.Civ.P. 11 (c)(3).

## III.   ARGUMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 30(a)(1) permits a party to "depose any person, including a party without leave of court." "A court acquires personal jurisdiction over absent class members after class notice has been sent and potential class members have been given the opportunity to exclude themselves from the case." *In re The Prudential Insur. Co. of Am. Sales Practices Litig.*, 962 F.Supp. 450, 506-07 (D.N.J. 1997). Further, "an objector who voluntarily appears in litigation is properly subject to discovery." *In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at * 2 (N.D. Cal. Nov. 25, 2013). "Discovery regarding objections to a settlement agreement may be used to seek information regarding the objector's standing, the bases for the objections, his role in objecting to this and other class settlements, and his relationship with the counsel that may affect the merits of the objection." *Id.*

### B.   The Bandas Objectors Should be Compelled to Appear for Depositions

Plaintiffs seek discovery to ascertain facts regarding: (1) these objectors' alleged standing to assert objections as members of the Settlement Class; (2) the underlying basis of the objections; and (3) the relationships with the objectors' counsel that Plaintiffs' have good reason to believe are trying to use the class action settlements to extract personal payments for

themselves, although they have not performed work in this case.

This Court has recognized a parties' right to take the deposition of an objecting class member in *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation*, MDL 1203 (E.D. Pa. 2005) wherein the Honorable Judge Bartle upheld a deposition notice directed to an objecting class member so all parties would have a complete understanding of the basis of the objection. *See* Schaffer Decl., Ex. 15. This Court should reach the same result and order the Bandas Objectors to appear for depositions.

Despite Plaintiffs' efforts to reach out-of-court resolutions to the straightforward requests for deposition testimony - both informally (through telephone calls and emails), and formally (through notices of depositions and subpoenas) - these objectors and their counsel have refused to engage in any meaningful discussion concerning the scheduling of such depositions. However, additional discovery is warranted and Plaintiffs are entitled to the requested discovery from these voluntarily-appearing objectors as recognized by this Court in *In re Diet Drugs*.

As noted above, the Bandas Objectors filed their objection on December 31, 2013. (Dkt. No. 50). The asserted objections are vague and without merit and require additional discovery. For example, the objections vaguely compare the amount of the settlement to potential results allegedly being offered by the Defendant to resolve warranty claims. The Bandas Objectors also complain that the Settlement provides payments to a claims administrator and to claims reviewers for purposes of administering the settlement and allocating funds to class members. Class Counsel is entitled to discovery for purposes of determining how the Bandas Objectors would value the settlement and for purposes of determining how they would propose allocating the settlement proceeds to class members since they seemingly oppose any process that would

utilize a claims administrator and/or claims reviewers.  The Bandas Objectors also point to several purported problems with the Settlement including: (1) intra-class conflicts, (2) the need for limitations on counsel's fee awards; (3) and the claims forms.  Once again, these are areas where Class Counsel is entitled to discovery from the Bandas Objectors to determine how they would propose resolving these purported problems with the Settlement.

Objectors and their counsel have turned to procedural gamesmanship in an effort to delay their depositions in this matter.  Despite repeated attempts by Class Counsel to schedule the depositions of the Bandas Objectors, Class Counsel's communications have either been ignored or have fallen on deaf ears.  In addition, the Bandas Objectors themselves have managed to evade service of process at their home address by simply refusing to answer the door or leave the premises.  Notwithstanding the Bandas Objectors' contention to the contrary, the Bandas Objectors are parties to these proceedings based on the filing of their objection and this Court has clear authority to compel their depositions even though they have not yet been served with subpoenas.  *See In re The Prudential Insur. Co. of Am. Sales Practices Litig.*, *supra*); *In re Netflix Privacy Litig.*, *supra.*

In addition, since it is anticipated that the Bandas Objectors will argue that the depositions are unnecessary since the reasons for their objections are clear from the text of the objection itself, it should be noted that several courts have rejected such arguments and have allowed discovery to be taken from objecting class members.  For example, the Honorable Judge Bartle upheld a deposition notice directed to an objecting class member so that all parties would have a complete understanding of the basis of the objection.  *See* Schaffer Decl., Ex. 15.; *See also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012)

(granting motion to compel discovery from objector where the requests focused on objector's standing, bases for objections, role in objecting to settlement and other class settlements and his relationship with counsel that were believed to be behind the scenes manipulating him); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M. 07-1827-SI, 2012 WL 5523249 (N.D. Cal. Nov. 14, 2012) (same); *In re Netflix Privacy Litig.*, 2013 WL 6173772, at * 5 (granting additional discovery of objectors regarding the merits and motivation behind objections); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-1819 (N.D. Cal. Sept. 23, 2011) (granting motion to compel deposition and production of documents from two objectors).[16]

The information sought here by Class Counsel, including the bases for the objections, the claimed standing to object, and their relationship with counsel who is believed to be behind the scene and manipulating them, are clearly relevant to the final approval process and any potential appeals.  Too often, objections are filed on behalf of clients not for the benefit of the class, but rather for the benefit of the attorney representing the objectors.  Depositions of objectors are extremely helpful in determining if the individual objector has a legitimate objection, or if the objection is actually being made to facilitate the objectors' attorney's alternative purpose.  As such, the requested information is relevant, needed, and reasonably narrowly tailored.

In addition, the Bandas Objectors failed to file a motion for a protective order before this Court pursuant to FED. R. CIV. P. 26©.  Class Counsel believes that the objectors' failure to do so is fatal to their position and on this basis alone, the depositions should go forward.

Accordingly, Class Counsel's motion to compel should be granted.

**C.**      **The Bandas Objectors Should be Sanctioned**

---

[16] The *Scram* order is attached as Exhibit 16 to the Schaffer Decl..

An appropriate sanction should be imposed for the Bandas Objectors' needless multiplying of expenses in this litigation and efforts to extort an improper fee. Class Counsel have gone to the burden and expense of attempting to cooperatively schedule depositions in this matter and, when these efforts were unsuccessful, to serve deposition subpoenas upon the Bandas Objectors even though such subpoenas are not required as the Bandas Objectors have voluntarily appeared before this Court as objectors. Class Counsel has also incurred burden and expense in preparing the instant motion to compel and for sanctions. At a minimum, the Bandas Objectors or their counsel should be ordered to reimburse Class Counsel for its burden an expense in their efforts to schedule depositions in this matter.

However, the Bandas Objectors conduct warrants additional sanctions since they are clearly engaged in an effort to extort a fee. Obviously, the Bandas Objectors quickly cobbled together a make-weight motion simply to annoy and harass Class Counsel. Such a motion is sanctionable under 28 U.S.C. §1927.[17] Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

---

[17] In this regard, Justice Antonin Scalia was prophetic in recognizing the ulterior motives that animate professional objectors. *See Devlin v. Scarledetti*, 536 U.S. 1, 23 n.5 (2002)(Scalia, J., dissenting)("The Court assures us that these appeals will be "few" because, like the objections on which they are based, they are "irrational." *Ante*, at 2012. To say that the substance of an objection (and of the corresponding appeal) is irrational is not to say that it is irrational to make the objection and file the appeal. *See Shaw*, 91 F.Supp.2d, at 973–974, and n. 18 (noting " 'canned' objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests"). The Court cites nothing to support its sunny surmise that the appeals will be few."). The Bandas Objections in this case are a paradigm of the profligacy Justice Scalia was referencing.

conduct.

Because Mr. Bandas and his cohorts have needlessly multiplied these proceedings with baseless

motion practice related to their frivolous objection to the Settlement, sanctions should be

imposed.  Alternatively, the Bandas Objectors' objection should be stricken from the record since

it is improper and since the objectors are refusing to cooperate in the scheduling of depositions.

Given Mr. Bandas' history of filing frivolous and wasteful objections, Class Counsel

submit that Mr. Bandas and his clients should be required to appear before the Court and show

cause why their objections should not be stricken and sanctions imposed.

## IV.   **CONCLUSION**

For the reasons set forth above, Class counsel respectfully request that their motion to

compel the Bandas Objectors to appear for depositions should be GRANTED and that a Rule to

Show Cause Why the Bandas Objectors Should Not be Sanctioned should issue.

Respectfully submitted,

Date: January 24, 2013

Charles E. Schaffer
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Facsimile:  (215) 592-4663

H. Laddie Montague, Jr.
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4636
*Co-Lead Counsel*

13

Michael McShane
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone: (415) 568-2555
Facsimile:  (415) 568-2556
*Co-Lead Counsel*