### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CertainTeed Fiber Cement Siding Litigation | : | |
| ------------------------------------------------------------- | : | MDL NO. 11-2270 |
| This Document Relates to: All Actions | : | |
| ------------------------------------------------------------- | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE DEPOSITIONS OF OBJECTORS MICHAEL PATOTA, SHERMAN CREEK CONDOMINIUM ASSOCIATION, THOMAS FRANK, THOMAS LIGOURI, JUDY LIGOURI AND SCOTT ZEIGLER

**I.      INTRODUCTION**

Plaintiffs seek discovery from six individuals who have voluntarily appeared and filed objections to the class action settlement in this case, but now refuse to respond to valid discovery requests.  This Court has recognized a parties' right to take the deposition of an objecting class member in *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation,* MDL 1203 (E.D. Pa. 2005) wherein the Honorable Judge Bartle upheld a deposition notice directed to an objecting class member so all parties would have a complete understanding of the basis of the objection.  *See* Schaffer Decl., Ex. 2.  This Court should reach the same result and order these objectors to appear for depositions and provide the requested documents immediately.

Plaintiffs seek discovery to ascertain facts regarding: (1) these objectors' alleged standing to assert objections as members of the Settlement Class; (2) the underlying basis of the objections; and (3) the relationships with the objectors' counsel that Plaintiffs' have good reason to believe are trying to use the class action settlements to extract personal payments for themselves, although they have not performed work in this case.

Despite Plaintiffs' efforts to reach out-of-court resolutions to the straightforward requests for deposition testimony and document production – both informally (through telephone calls and emails), and formally (through Rule 30 Notices of Depositions) – these objectors and their

counsel have refused to provide any of the properly requested discovery stating that the bases for their clients objections are clear. *See* Schaffer Decl. , Ex. 1. However, additional discovery is warranted and Plaintiffs are entitled to the requested discovery from these voluntarily-appearing objectors as recognized by this Court in *In re Diet Drugs*.

Accordingly, for the reasons set forth below, Plaintiffs respectfully request that the Court enter an order compelling these objectors to provide the requested discovery. Plaintiffs are not seeking to move the Final Fairness Hearing scheduled for February 19, 2014, and will endeavor to take the depositions prior to that hearing, and if need be, submit a supplemental brief following the hearing.

## II.     BACKGROUND

### A.     Plaintiffs' Settlement and the Meritless Objections

On October 13, 2013, this Court granted Plaintiffs' Unopposed Motion For Preliminary Approval of Class Action Settlement. (Dkt. No. 28). Plaintiffs served notice on the Class. Upon complaints by the objectors' counsel, and with the consent of Defendant CertainTeed Corporation ("CertainTeed"), Plaintiffs filed a corrected settlement agreement that did not include these objectors as class representatives. *See* Supplemental Declaration Of Shanon J. Carson In Support Of Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement, Exhibit A (Dkt. No. 30) (Corrected Agreement Of Compromise And Settlement).

On December 30, 2013, objectors' counsel filed a 63 page objection, plus exhibits. *See* Combined Objections Of Named Plaintiff And Class Member, Michael Patota; Named Plaintiff And Class Member, Sherman Creek Condominium Association; Named Plaintiff And Class Member, Thomas Frank; Class Members, Thomas And Judy Ligouri; And, Class Member, Scott Zeigler, To Proposed Settlement Class Certification, Proposed Class Action Settlement, And Notice Of Intent To Appear At Fairness Hearing (Dkt. No. 39).

The asserted objections are vague and without merit and require additional discovery. For example, the objections vaguely compare the settlement to potential results under the original limited warranty. Plaintiffs need to learn what objectors did to determine the purported value of their claims under the original warranty and the settlement agreement, and whether they have any factual basis for their alleged comparison. Further, Plaintiffs need to determine what allegedly occurred in the objectors' initial attempts to obtain a remedy directly with CertainTeed under the original warranty. Also, the objectors refer to attempting to use the RS Means calculator on the settlement website. Once again, the references are vague and Plaintiffs need to determine who attempted to use the calculators, and what they claim occurred in that process.

Further, there is evidence suggesting that Sherman Creek Condominium Association ("Sherman Creek"), or its members, may have already been paid for their Siding.[1] Thus, additional discovery is necessary to determine whether Sherman has standing to assert its objections. In addition, additional discovery is necessary to determine whether Sherman Creek has the authority to act on behalf of its members. CertainTeed's warranty files shows evidence of individual members of Sherman Creek filing individual warranty claims.[2]

**B.      Deposition Notices and Document Requests**

Class Counsel made straightforward discovery requests to these objectors who have voluntarily appeared in this case, *i.e.*, depositions (which Plaintiffs are willing to limit to no more

---

[1] *See* Schaffer Decl. Ex. 3 (Letter from CertainTeed to Jerry Kaphingst at the Sherman Creek Condo Association, dated November 9, 2010, stating "at no cost, we have authorized the release of the following to you or your contractor:  186 pieces of 7-1/4" Cedar Lap (Product code:  10016/000)."); Schaffer Decl. Ex. 4 (CertainTeed Check Voucher Authority, dated December 21, 2010, authorizing a check in the amount of $14,886.40 for the Sherman Creek Condo Association); Schaffer Decl. Ex. 5 (Letter from Certainteed, dated October 29, 2010, offering reimbursement of $5,200 for paint, and is signed by Charles A. Buirck, "Pres." and another individual, along with Jerry Kaphlingst, as "Officer at large."  The letter has a date stamp indicating it was returned to CertainTeed with those signatures).

[2] *See* Schaffer Decl. Ex. 6 (CertainTeed complaint questionnaire submitted by Kurt Henning, who may be a Sherman Creek resident); Schaffer Decl. Ex. 7 (Cost Reimbursement Release, signed by Wayne Kruirise, as President, Meadows of Sherman Creek); Schaffer Decl. Ex. 8 (Check payment request for Meadows of Sherman Creek).

<u>than four hours each and agree may take place near each objectors' residence</u>), and the production of documents focusing solely on the objectors' standing, the bases for their current objection, their role in objecting to this and other class settlements, and their relationships with the other objectors and counsel that are believed to be behind the scenes manipulating them.

Objectors and their counsel have turned to procedural gamesmanship in an effort to delay the resolution of these straightforward discovery requests. Initially, Plaintiffs spoke with objectors' counsel in an effort to understand their objections the class action settlement. *See* Schaffer Decl. at ¶ 2. Further, Plaintiffs discussed the Deposition Notices which were served on the objectors. *Id.* During these conversations, objectors' counsel stated that they would not produce the objectors to be deposed and would not produce the requested documents. *Id.* However, objectors' counsel did not provide the basis for not complying with the discovery requests. *Id.* Subsequently, Plaintiffs spoke with objectors counsel via email to resolve these issues. *See* Schaffer Decl. Ex. 1. In an effort to delay the discovery requests, objectors' counsel, Stan Baudin, requested the information sought from these depositions, which was previously provided to him in the Rule 30(b)(6) deposition notice to Sherman Creek. *See Id.* After being provided the discovery requests for a second time, objectors' counsel chose to ignore the proper procedure of filing for a protective order and instead responded that the objectors' counsel "object to all deposition notices issued for our clients" and that "[T]he bases for our clients' objections are clear and the issues raised do not require discovery of them…" *See Id.*

As noted above, the objections are not clear and the issues raised properly require discovery of the objectors as recognized by this Court in *In re Diet Drugs*.

## III.    ARGUMENT

### A.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 30(a)(1) permits a party to "depose any person, including a party without leave of court." "A court acquires personal jurisdiction over absent class

members after class notice has been sent and potential class members have been given the opportunity to exclude themselves from the case." *In re The Prudential Insur. Co. of Am. Sales Practices Litig.*, 962 F.Supp. 450, 506-07 (D.N.J. 1997). Further, "an objector who voluntarily appears in litigation is properly subject to discovery." *In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at * 2 (N.D. Cal. Nov. 25, 2013). "Discovery regarding objections to a settlement agreement may be used to seek information regarding the objector's standing, the bases for the objections, his role in objecting to this and other class settlements, and his relationship with the counsel that may affect the merits of the objection." *Id.*

## B.    The Requested Discovery Is Relevant, Permissible, and Narrowly-Tailored

Objectors' counsel vaguely referenced the high burden necessary for deposing absent class members. *See* Schaffer Decl. at ¶ 3, Ex. 1. However, as stated above, this Court clearly has jurisdiction over the objectors as they have voluntarily injected themselves into this litigation by objecting to the settlement.

Objectors' counsel has refused to produce the objectors and instead responded that they "object to all deposition notices issued for our clients" and that "[T]he bases for our clients' objections are clear and the issues raised do not require discovery of them…" *See Id.* Objectors throughout the country routinely make this argument in an attempt to prevent their meritless objections from being exposed. However, this argument is without merit as courts throughout the country, including this Court, have held that this discovery is permissible. For example, the Honorable Judge Bartle upheld a deposition notice directed to an objecting class member so that all parties would have a complete understanding of the basis of the objection. *See* Schaffer Decl., Ex. 2.; *See also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) (granting motion to compel discovery from objector where the requests focused on objector's standing, bases for objections, role in objecting to settlement and other class settlements and his relationship with counsel that were believed to be behind the scenes

manipulating him); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M. 07-1827-SI, 2012 WL 5523249 (N.D. Cal. Nov. 14, 2012) (same); *In re Netflix Privacy Litig.*, 2013 WL 6173772, at * 5 (granting additional discovery of objectors regarding the merits and motivation behind objections); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-1819 (N.D. Cal. Sept. 23, 2011) (granting motion to compel deposition and production of documents from two objectors).[3]

The information sought here by Plaintiffs, including the bases for the objections and the claimed standing to object, are clearly relevant to the final approval process and any potential appeals. The Plaintiffs are willing to limit the objectors' depositions to four hours each, and are willing to take them near the objectors' residences for the convenience of the witnesses. The requests for documents focus solely on the objectors' standing, the bases for their current objection, their role in objecting to this and other class settlements, and their relationships with the other objectors and counsel that are believed to be behind the scenes manipulating them. Too often, objections are filed on behalf of clients not for the benefit of the class, but rather for the benefit of the attorney representing the objectors. Depositions of objectors are extremely helpful in determining if the individual objector has a legitimate objection, or if the objection is actually being made to facilitate the objectors' attorney's alternative purpose. As such, the requested information and documents are relevant, needed, and reasonably narrowly tailored.

In addition, the objectors failed to file a motion for a protective order before this Court pursuant to FED. R. CIV. P. 26(c). Plaintiffs believe that the objectors' failure to do so is fatal to their position and on this basis alone, the depositions should go forward.

Accordingly, Plaintiffs' motion to compel should be granted.

---

[3] The *SRAM* order is attached as Exhibit 9 to Schaffer Decl..

IV.     **CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request that the Court enter an order compelling the depositions and document productions.

Respectfully submitted,

Date: January 24, 2013

Charles E. Schaffer
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

H. Laddie Montague, Jr.
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4636
*Co-Lead Counsel*

Michael McShane
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone: (415) 568-2555
Facsimile:  (415) 568-2556
*Co-Lead Counsel*