# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: CertainTeed Fiber Cement Siding Litigation      :

---------------------------------------------------------------- :      MDL NO. 11-2270

This Document Relates to: All Actions      :

---------------------------------------------------------------- :

## DECLARATION OF MICHAEL McSHANE IN SUPPORT OF
## CLASS COUNSEL'S STATUS REPORT REGARDING OBJECTORS

I, Michael McShane, hereby declare pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am a partner with Audet & Partners, LLP ("Audet & Partners"), a member in good standing of the Bar of the State of California, and am admitted to practice *pro hac vice* before this Court. I respectfully submit this Declaration in Support of Class Counsel's Status Report Regarding Objectors.  Except as otherwise noted, I have personal knowledge of the facts set forth in this Declaration, and could testify competently to them if called upon to do so.

2.      I am the lead attorney from Audet & Partners, and have been appointed by this Court as Co-Lead Counsel in this litigation.

3.      Beginning in September 2010, I, along with a number of other attorneys involved in this action, commenced the factual and legal investigation regarding the alleged defects in CertainTeed Corporation's ("CertainTeed's") Siding at issue in this case. The first action filed by my firm was in early 2011 and numerous additional cases were filed thereafter, resulting in this MDL proceeding.

4.      Following the dissemination of the Court-approved notice of the Settlement, Class Counsel received twenty-five written objections from Settlement Class Members, four of which were submitted by attorneys.  In my role as Court-appointed Co-Lead Counsel, I discussed the objections with several of the other attorneys participating in this litigation and it was agreed that

we would attempt to contact each of the objectors for the purpose of discussing with them their objection. I personally spoke with seventeen of the objectors, or their counsel, including fifteen of the objectors who subsequently withdrew their objections. I discussed the Bandas objections with Charles Schaffer, who is one of the attorneys of record in this case. Mr. Schaffer and I both spoke to Glen Manochi, who is Bandas' latest "local counsel," primarily for the purpose of educating him about Bandas' history of objections. Mr. Manochi did not express any concern regarding Bandas' prior conduct and instead advised Mr. Schaffer that he thought pursuing the objections "should be fun."

5.     Attached hereto as Exhibit A is a true and correct copy of email correspondence from Charles Schaffer to Glenn Manochi dated January 30, 2014.

6.     Attached hereto as Exhibit B is a true and correct copy of excerpts of the transcript of the deposition of Amirali Jabrani.

7.     Attached hereto as Exhibit C is a true and correct copy of excerpts of the transcript of the deposition of Janet Jabrani.

8.     Attached hereto as Exhibit D is a true and correct copy of the representation agreement between Christopher Bandas and Amirali and Janet Jabrani.

9.     Attached hereto as Exhibit E is a true and correct copy of the representation agreement between Glenn Manochi and Amirali and Janet Jabrani.

10.     Attached hereto as Exhibit F is a true and correct copy of the representation agreement between Pete Woods and Amirali and Janet Jabrani.

11.     Attached hereto as Exhibit G is a true and correct copy of the docket in *Dennings v. Clearwire Corp.*, No. 2:10-cv-1859-JLR (W.D. Wash.). Number 166 on the docket is a minute entry reflecting the revocation of Christopher Bandas' admission *pro hac vice*.

12.     Attached hereto as Exhibit H is the report of the Illinois Disciplinary Commission finding Alan Barinholtz in violation of six (6) Illinois disciplinary rules.

13.     Attached hereto as Exhibit I is a true and correct copy of email correspondence from Charles Schaffer to Christopher M. Arfaa dated January 23, 2014.

14.     Attached hereto as Exhibit J is a true and correct copy of email correspondence from Charles Schaffer to Christopher M. Arfaa dated January 22, 2014.

15.     Attached hereto as Exhibit K is a true and correct copy of email correspondence from Charles Schaffer to Glenn Manochi dated January 31, 2014.

16.     Attached hereto as Exhibit L is a true and correct copy of the Affidavit of Billy D. Deel regarding the multiple attempts at service required to obtain the deposition of Ernest Vitela, a Bandas objector in *In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL 2047 (E.D. La.).

17.     Attached hereto as Exhibit M are true and correct copies of excerpts from the deposition transcripts of Ronnie Garcia taken in *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, MDL No. 2047 (E.D. La.).

18.     Attached hereto as Exhibit N is a true and correct copy of the docket sheet for *Vitela v. Steckler*, No. 2:12-mc-00573 (S.D. Tex.).

19.     Attached hereto as Exhibit O is a true and correct copy of the hearing transcript before the Hon. Nelva Gonzales Ramos, United States District Court for the Southern District of Texas.

20.     Attached hereto as Exhibit P is a true and correct copy of John E. Lopatka and Hon. D. Brooks Smith, *Class Action Professional Objectors: What to Do About Them?*, 39 Fla. St. U. L. Rev. 865 (2012).

Dated: February 13, 2014                    Respectfully submitted,


                                            _____/s/ Michael McShane_____
                                            Michael McShane
                                            Audet & Partners, LLP
                                            221 Main Street, Suite 1460
                                            San Francisco, CA 94105
                                            (415) 568-2555 – Telephone
                                            (415) 576-1776 – Facsimile

                                            *Co-Lead Class Counsel*

# EXHIBIT A

| From: | Charlie Schaffer <CSchaffer@lfsblaw.com> |
|---|---|
| Sent: | Thursday, January 30, 2014 2:39 PM |
| To: | 'gmanochi@lightmanlaw.com' |
| Cc: | Matthew Gaughan; Michael McShane; Brian Fox |
| Subject: | CT Siding - Bandass Objectors |
| Attachments: | Bandas Objector Chart.pdf; BandasILL2010LocalCounselDisciplined.pdf; BandasILL2010.pdf; BandasProHac.pdf; ClearwireDocketWithOrderRevokingBandasProHac.pdf |

I received your message. I returned your call , but, you were on the phone. I left a message. Now, I just saw you filed a motion for reconsideration. You got to be kidding me. We need to discuss asap. I will be on a call to 545 and then will be free. Please call me to discuss.  We plan on moving ahead on these depositions on Monday in St Louis. I am puzzled by the motion and more puzzled why the Jabranis need three sets of lawyers. They have Mr. Bandass who ghost wrote the objections which is a violation of the rules (ask Christopher Arfaa – former counsel of record), they now have you and they also want to get counsel in Missouri. Sounds like more games to be played by Mr. Bandass, I sure hope not. We just went through this in Chinese Drywall with Mr. Bandass  and it did not go so well for him. He and his clients were found in contempt and he wound up dismissing the objection altogether.  In that case he attempted similar tactics with service of the subpoena in the home state of the objectors and then trying to quash the subpoena there. Sounds like you may be planning to run this same play out of the Bandass playbook. I sure hope not. So, I will ask you point blank -  you indicate in your motion that the Jabrani Objectors agree to appear for depositions pursuant to Rule 45 of the federal Rules of Civil procedure -  will you accept service and produce them ? Or will we have to attempt to serve the objectors and  the game of hide and seek continue with the objectors evading service.  This is another tactic which Mr. Bandas employs with his objectors. We will not go down this road and this was the reason for the motion before Judge O' Neill.

Lastly,  I just wanted to fully apprise you of Mr. Bandas' prolific history of objecting to settlements , prior record of sanctions including revocation of Pro Hac Vice admission as well as disciplinary actions against one of his prior local counsel.

Mr. Bandass is a  professional objector to class action settlements and has become prolific at objecting to settlements. So much so  that  he has turned to hiding behind the curtain and hiring local counsel such as yourself to stand front and center and prosecute the objection without any regard to the collateral damage to his local counsel . The prior Local Counsel  withdrew after I fully explained to him who Mr. Bandass is and what is his business Model is – professional objecting to settlements.   Moreover, at least one of his local counsel that I am aware of suffered more than collateral damage – his reputation was tarnished from being associated with Mr. Bandass and faced disciplinary action. See attached order.

I am  providing this information and giving you the courtesy of letting you know Mr. Badness's prolific history as a professional objector and that  it is our intention to pull back the curtain and let Judge O'Neill see front and center Mr. Bandass' body of work as a professional objector and expose the true nature of the objections to the settlement.  Judge O'Neill already saw a glimpse of Mr. Bandas' work in the Motion to compel we filed.  There is much more. As his local counsel and being counsel of record for the objectors , we will have no choice but to treat you as a professional objection since you are associated with one so prolific as Mr. Bandass.

At the final approval hearing , you should expect class counsel to vigorously and zealously defend this 103.9mm common fund settlement with all of their might and resources. And expect no mercy when it comes to dealing with professional objectors such as Chris Bandass and unfortunately you as his local counsel.  Why ? This  an excellent settlement which will benefit hundreds of thousands of consumer and was the result of over three years of hard work by 10 different law

firms. If you reviewed the docket or pleading then you are aware of some of the local firms involved in this litigation. And you will be presenting Mr. Bandass' objection while he hides behind the curtain. Think about !

I have researched your background.  And it would appear that you got involved with Mr. Bandass  without fully understanding his background as a professional objector. Know you know and  I would hate the collateral damage from prosecuting his objection while he hides behind the curtain  damage or  tarnish your reputation.  So, I would urge you to strongly consider acting as local counsel and  withdrawal your notice of appearance.   Since you are counsel of record for the objectors and are intertwined with Mr. Bandass,  we will be exposing to the Court  the man standing behind the curtain and his prolific history of objecting to settlements . So, I am giving you the courtesy of withdrawing as local counsel before  we get to far down the road. Once  we get to the final approval hearing the die will be cast.  I am copying co-lead counsel  Michael Mcshane on the email.  Mr. Mcshane was involved in a case where Mr. Bandass' Pro Hac Vice  was revoked by a court. See attachment. Wonder why he is not seeking Pro Hac in this case ? Mike is free to discuss this situation with you as well.

I can be reached at 215 518 0309  or 215 518 0300 if you would like to discuss this further


Charles E. Schaffer, Esquire
Levin Fishbein Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500
215-592-4663 (facsimile)

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE: CERTAINTEED FIBER CEMENT
SIDING LITIGATION

                              MDL Docket NO. 11-2270




DEPOSITION OF AMIRALI JABRANI
Taken on behalf of the Plaintiff
February 3, 2014



        ORAL DEPOSITION OF WITNESS, AMIRALI JABRANI,
produced, sworn, and examined on behalf of the
Plaintiff, February 3, 2014, between the hours of
eight in the forenoon and five in the afternoon of
that day at the offices of Haar & Woods, LLP, 1010
Market St., Ste. 1620, St. Louis, MO 63101, before
Julie Hundelt, a Registered Professional Reporter,
Certified Court Reporter, Certified Shorthand
Reporter, and Certified Shorthand Reporter, within
and for the State of Missouri




REPORTER:  JULIE HUNDELT, RPR, CCR, CSR

CCR No. 829  CSR No. 084-004789

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

```
 1              IT IS HEREBY STIPULATED AND

 2      AGREED by and Between counsel for the

 3      Plaintiff and counsel for the Objectors

 4      that this deposition may be taken in

 5      shorthand by Julie Hundelt, Registered

 6      Professional Reporter, Certified Court

 7      Reporter, and Certified Shorthand Reporter,

 8      afterwards transcribed into typewriting,

 9      and the signature of the witness is not

10      waived by agreement of counsel and the

11      witness.

12              (Whereupon, Plaintiff's Exhibit

13      Nos. 1 and 2 were marked prior to the

14      commencement of the deposition.)

15              PROCEEDINGS BEGAN AT 1:00 p.m.:

16              AMIRALI JABRANI, of lawful age,

17      being  produced, sworn and examined on

18      the part of the  PLAINTIFF, and after

19      responding "I do" to the oath

20      administered by the court reporter,

21      deposes and says:

22              MR. GAUGHAN:  Counsel, did you

23      want to state something for the record?

24               MR. WOODS:  Yeah.  I did.  I
```

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1     want to make a statement for the record.

2     We are here as a courtesy in this matter.

3     We are not stipulating that the Jabranis

4     are subject to the jurisdiction of the

5     Court.  They are objectors.  I think

6     that's been made clear, and there have

7     been motions in other items filed relative

8     to them in particular; and I'm aware of a

9     Court order entered by Judge O'Neill

10    relative to their deposition.

11    I have been hired for the limited purpose

12    of defending these depositions.  It's my

13    understanding that there has been a

14    response filed and a request to reconsider

15    the Judge's ruling; but as a courtesy and

16    the circumstances, we are willing to make

17    them available for these depositions, that

18    is both of the Jabranis.  But we're not

19    here in our view subject necessarily to

20    the jurisdiction of the Court, and we're

21    not stipulating to that fact.

22              MR. GAUGHAN:  I understand

23    that, Counsel.  You mentioned we do have

24    an order on our motion to compel

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1    litigation?

2        A.      Yes.

3        Q.      When did you first become aware

4    of the litigation?

5        A.      Middle to end of December.

6        Q.      Of this year, of 2013 rather?

7        A.      Of 2013.

8        Q.      I guess before we get too far

9    along, will you please state your name

10   for the record?

11       A.      My name is Amirali Jabrani.

12       Q.      And what is your current

13   address?

14       A.      2038 Moondance Court, O'Fallon,

15   Missouri, zip is 63368.

16       Q.      By the way, we had recently

17   attempted to serve a subpoena on both

18   yourself and your wife and your business

19   from January 21st to the 24th via a

20   process server in front of your residence.

21   Were you home during that time period?

22       A.      I could be home.  I could not

23   be home.  I don't know.

24       Q.      And if I told you someone saw

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1    you inside the premises, would you have

2    reason to dispute that?

3       A.     I wouldn't know.

4       Q.     So did you stay home during

5    that entire period; do you know?

6       A.     I could have been home or could

7    not be.  My wife travels a lot, so what

8    I do is I'm usually close by all the

9    time.

10      Q.     So you usually don't leave your

11   house during the day?

12      A.     I do leave the house during the

13   day too.

14      Q.     So is it possible that you did

15   not leave the house from the 21st through

16   the 24th?

17      A.     I don't know.  I don't know.

18      Q.     Do you remember hearing anyone

19   trying to knock on your door during that

20   time period?

21      A.     I've got two levels in the

22   house, okay, and we are hard of hearing.

23   I'm not that hard, but I'm still hard.

24   And if I'm sitting in the other bedroom

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

```
 1     upstairs --
 2        Q.      Did you notice there was
 3     someone, a process server, trying to gain
 4     entry to your house trying to serve you a
 5     subpoena?
 6        A.      If -- no.
 7        Q.      No?  Okay.  Have you ever been
 8     deposed before?
 9        A.      Say it again?
10        Q.      Okay.  I'm sorry.  Right now
11     I'm taking your deposition.  So we have a
12     court reporter here.  I'm asking
13     questions.  She's writing down those
14     questions and also getting your answers,
15     and you're also appearing under oath
16     today.
17        A.      Uh-huh.
18        Q.      This is what we call a
19     deposition.  Have you ever been deposed
20     before?
21        A.      Taking like deposition?
22        Q.      Yes.
23        A.      Yes.
24        Q.      Okay.  When was that?
```

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

```
 1          MR. WOODS:  I'll object for the
 2     record.  As I indicated earlier, we're
 3     here as a courtesy and are not
 4     stipulating that the Court proceedings and
 5     the Court in particular here in
 6     Philadelphia has jurisdiction over my
 7     clients.
 8           So to the extent your question
 9     is suggesting any kind of legal conclusion
10     regarding that, I object and instruct him
11     not to answer as to a legal conclusion.
12     If you understand that you're here
13     pursuant to an agreement where you were
14     noticed of that fact, you can go ahead
15     and answer.
16       Q.    (By Mr. Gaughan) You know what,
17     I'll just strike the question to avoid
18     any sort of confusion. Is it your
19     understanding -- well, I've shown you the
20     deposition notice, but is it your
21     understanding that you're appearing here
22     today in part because there was a Court
23     order requiring you to do so and as a
24     courtesy as your counsel says?
```

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1    A.    My counsel --

2         MR. WOODS:  I'll object on the

3    same basis.  But subject to that, what

4    you understand, the reason for your being

5    here, you can answer; but I also don't

6    want you to testify as to anything that

7    you were told by any attorney representing

8    you.

9    Q.    (By Mr. Gaughan) Okay.  You can

10   answer.

11   A.    I was told to come for

12   deposition by the counsel, and that's all

13   I'm here for.

14   Q.    Okay.  Did you hear anything

15   about a Court order on a motion to compel

16   that required you to provide a deposition

17   in this case?

18        MR. WOODS:  Again, I'll object

19   to the extent that it calls for

20   attorney/client privileged conversations.

21   But subject to that, if you've seen a

22   Court order, you can go ahead and answer.

23        THE WITNESS:  I don't even know

24   what a Court order is to be honest with

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1    you.  My attorney called me and said, you

2    have to give a deposition.

3         MR. WOODS:  You are not

4    testifying about anything you had by way

5    of a conversation with any attorney

6    representing you.

7    Q.    (By Mr. Gaughan) Are you aware

8    that there's a Court order that required

9    you and your wife and your company to

10   appear for a deposition here today?

11   A.    No.

12   Q.    Okay.  And getting back to

13   Exhibit 1, we did request documents.  If

14   you see in the bottom of this notice, do

15   you see where there's some reference to

16   some materials that you may have in your

17   possession, and we're requesting that you

18   provide a copy of those. Do you see that?

19   A.    Yes.  I do.

20   Q.    For the record, your counsel

21   has produced a copy of two retainer

22   agreements I believe.  Do you have any

23   other materials that you're producing in

24   response to this deposition notice?

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1              MR. WOODS:  Again, I'll object

2      to the extent that there's some suggestion

3      that Mr. Jabrani is here subject to the

4      jurisdiction of the Court.  But also let

5      me object to the vague nature of the

6      request to the extent that he does

7      produce documents responsive, and

8      specifically it's vague, because it refers

9      to any of these documents relating to the

10     CertainTeed siding lawsuit settlement which

11     Mr. Jabrani has objected to.

12     I think that's broad, vague, ambiguous,

13     and really incapable of him responding to

14     by the production of documents.  But

15     notwithstanding that, have you produced

16     any documents or brought any documents

17     with you that are responsive to what you

18     understand that request to be?

19              THE WITNESS:  No.

20         Q.    (By Mr. Gaughan) Other than

21     these two agreements that we looked at

22     earlier or that your counsel provided to

23     me before the deposition?

24         A.     Yeah.  And some other things

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1        Q.      Do you understand because you

2    did not opt out of the settlement, that

3    you cannot pursue that hundred percent

4    recovery request?

5             MR. WOODS:   I'll object to the

6    extent it calls for a legal conclusion on

7    his part.   If you know that, you go

8    ahead and answer.

9             THE WITNESS:   I have no idea.

10    Q.      (By Mr. Gaughan) Do you

11    understand the settlement in this case,

12    what it provides to class members?

13    A.      I read the settlement of 103.9,

14    .103.9 or 6 million dollars.   That's all I

15    know.

16    Q.      Okay.   Do you understand how

17    claims are going to be calculated if

18    people submit claims and how people would

19    be compensated under this agreement?

20    A.      A little bit.

21    Q.      Can you just enlighten me on

22    what you do know?

23    A.      That the claim would go for a

24    certain period of time, like up to 2020.

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1    After that, it would not be effective for

2    the people who want to make a claim.

3        Q.    How would the value of claim be

4    determined? Do you understand how that

5    process works under the settlement?

6        A.    No.

7            MR. WOODS:  I don't think he

8    was finished with his answer, by the way,

9    earlier. You're asking him about the terms

10   that you're familiar with.

11       Q.    (By Mr. Gaughan) I apologize if

12   I cut you off.  Can you tell me every

13   term that you're familiar with in terms

14   of this agreement?

15       A.    Couple of things that I have an

16   objection on is there's no guarantee how

17   the benefits will, if the class members

18   will get any benefit.  There's no

19   guarantee how the money will get

20   distributed among the class members.  The

21   first class members will get a lot of

22   money, because they filed a lawsuit; and

23   the remaining ones who are not on the

24   list, who have used CertainTeed, would not

1    reimbursing anywhere from 30 to 40, 45

2    percent, and that's not fair. That's why

3    I'm objecting on that point too.

4              The last thing that I see very

5    clearly is a class action lawsuit, and

6    the lawyers are more likely to make more

7    money than the class members who are

8    filing the lawsuit.

9      Q.    (By Mr. Gaughan) I guess is

10    that all your understanding of what the

11    settlement is?

12      A.    There could be more, but

13    generality.  I could forget the points

14    too, some of the points.

15      Q.    You mentioned that the first

16    claimants will get more money; is that

17    correct?

18      A.    Yes.  I mean not more money,

19    they'll be preferred.  They will get paid

20    first.

21      Q.    Okay.  And is that somehow

22    harmful to you, yourself?

23      A.    Could be harmful.

24      Q.    So you would actually if you

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1          Q.     I'm talking about under the

2     agreement.  Have you visited -- there's a

3     website in this case.  Have you visited

4     that website?

5          A.     No.

6          Q.     Okay.  Have you actually made,

7     there's a calculator on this website that

8     you can use; and based on the

9     installation year and square footage of

10    your house, you can determine how much

11    you could actually get under the

12    settlement.  Did you understand that?

13         A.     No.

14         Q.     Have you made any effort to try

15    to calculate how much you'd get under the

16    settlement agreement?

17         A.     Haven't measured a house or

18    anything, so I would not know.

19         Q.     So why is it that you think

20    you would only get 30 to 48 percent of

21    your actual damages?

22         A.     From the information that I

23    gathered or perceived it.

24         Q.     What is that information?  I'm

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

 1    with your question?

 2              MR. GAUGHAN:  Yes.

 3              MR. WOODS:  Object to the form

 4    of the question.  Without a document in

 5    front of him, you're asking him to

 6    speculate to what the agreement says.  If

 7    you know what the agreement says, Ali, go

 8    ahead and answer.

 9              THE WITNESS:  I don't have the

10    document in front of me, so I cannot tell

11    you.

12      Q.    (By Mr. Gaughan) Let me ask you

13    this then. We'll start with, did you ever

14    review the settlement agreement in this

15    case?

16      A.    No.

17      Q.    Do you think it's a good idea

18    to object to a settlement agreement that

19    you've never looked at?

20      A.    I don't have that.  You know,

21    that's why I got a lawyer to take care

22    of it.

23      Q.    So we mentioned some of what

24    you understood was in the settlement

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

```
 1            THE WITNESS:  I'm not clear on

 2      that question.

 3         Q.    (By Mr. Gaughan) Well, would

 4      you agree that at least a certain

 5      percentage of people that are impacted by

 6      the siding might have trouble paying to

 7      replace the siding on their house?

 8         A.    If it's under warranty, they

 9      should replace the siding.

10         Q.    Did you ever make any sort of

11      analysis in terms of comparing what you

12      would be entitled to under the warranty

13      as compared to the settlement?

14         A.    No.

15         Q.    What's your understanding of

16      what the warranty provides?

17         A.    Warranty from what Whittaker

18      told me is the siding is fully covered.

19         Q.    Who told you that?

20         A.    Whittaker, Whittaker Home

21      Builder.

22         Q.    Did you actually ever review

23      the warranty?

24         A.    No.
```

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1      A.     Yes.

2      Q.     And it continues, attorneys'

3    fees will be paid by the defendant and/or

4    as part of the attorneys' fees awarded

5    Class Counsel.  Did I read that

6    correctly?

7      A.     Yes.

8      Q.     And the last sentence there,

9    you further acknowledge the attorneys'

10   fees may substantially exceed any award of

11   fees to you as set forth above in

12   paragraph 3.1 through 3.2.  Did I read

13   that correctly?

14     A.     Yes.

15     Q.     So in this instance, you're

16   okay that your attorneys' fees may grossly

17   exceed what you might actually get in

18   connection with this objection; is that

19   true?

20          MR. WOODS:  Object to the form

21   of the question.  It doesn't say grossly.

22     Q.     (By Mr. Gaughan) Substantially.

23   I apologize.

24     A.     Yeah.  That's fine.

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1      Q.      You're okay that your attorney,

2    Mr. Bandas, may recover a fee that was

3    much larger than what you might recover

4    in connection with your objection?

5      A.      That's fine.

6      Q.      But with respect to the other

7    settlement agreement that you're objecting

8    to, you have an objection the attorneys

9    will be making too much; correct?

10     A.      Yes.

11     Q.      How did you kind of resolve

12   that disconnect in your own mind that

13   it's okay for Mr. Bandas to get a large

14   fee that grossly exceeds or substantially

15   exceeds yours, but you thought somehow the

16   lawyers in this litigation are making too

17   much money?

18     A.      You all are objecting to my

19   objections, so I could not afford to have

20   a lawyer.  That's why I have a lawyer.

21   If it costs X amount of fees for his

22   services, so be it.

23     Q.      So you're happy with whatever

24   fee he ultimately gets; you don't care?

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1      A.      If he --

2      Q.      If he made $18.5 million, you'd

3    be okay with it?

4      A.      If it's a $100 million, that's

5    fine too.

6      Q.      Okay.  If you look under

7    Conflicts of Interest, do you see that in

8    the same page, page number I guess 3?

9    Do you see that where it says conflicts

10   of interest?

11     A.      Yes.

12     Q.      It says attorneys have explained

13   and you understand that if successful, the

14   objection or any appeal therefrom may

15   result in the disapproval or rejection of

16   the proposed settlement which may, comma,

17   in turn cause you to lose your right to

18   receive settlement benefits under the

19   proposed settlement, comma, to which you

20   object.  Did I read that correctly?

21     A.      Yes.

22     Q.      So you understood based on your

23   objection there's a possibility that this

24   settlement could, you know, completely go

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

1    done with this exhibit.  I don't want to

2    know any of the substance of what you

3    actually discussed with Mr. Bandas, but is

4    it fair to say that any sort of advice

5    that you may need with respect to your

6    objections in this matter, you would

7    address with Mr. Bandas directly?

8        A.    I believe so.

9        Q.    You mentioned a couple other

10   lawyers who are representing you in this

11   matter or have entered appearances.  Would

12   Mr. Bandas be kind of the first person

13   you'd go to if you had a question?

14       A.    He's my contact person, and he

15   represents me.

16       Q.    When did you first come in

17   contact with Mr. Woods?

18       A.    When Mr. Bandas told me.

19       Q.    Was that within the last week?

20       A.    Yeah.  Friday, Saturday.

21       Q.    Okay.  I mentioned Mr. Arfaa.

22   Did you ever come in contact with him?

23       A.    No.

24       Q.    By the way, has Mr. Bandas ever

ORAL DEPOSITION OF AMIRALI JABRANI, 2/3/2014

```
 1    WITNESS CERTIFICATION

 2    .

 3

 4           I hereby certify that I have

 5    read the foregoing transcript of my

 6    deposition testimony, and that my answers

 7    to the questions propounded, with the

 8    attached corrections or changes, if any,

 9    are true and correct.

10    .

11    .

12

13    _____   _____

14    DATE        AMIRALI JABRANI

15    .

16    .

17    .

18    _____

19    PRINTED NAME

20    .

21    .

22    .

23    .

24    .
```

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE: CERTAINTEED FIBER CEMENT
SIDING LITIGATION

MDL Docket NO. 11-2270


DEPOSITION OF JANET JABRANI
Taken on behalf of the Plaintiff
February 3, 2014


        ORAL DEPOSITION OF WITNESS, JANET JABRANI,
produced, sworn, and examined on behalf of the
Plaintiff, February 3, 2014, between the hours of
eight in the forenoon and five in the afternoon of
that day at the offices of Haar & Woods, LLP, 1010
Market St., Ste. 1620, St. Louis, MO 63101, before
Julie Hundelt, a Registered Professional Reporter,
Certified Court Reporter, Certified Shorthand
Reporter, and Certified Shorthand Reporter, within and
for the State of Missouri.


REPORTER:  JULIE HUNDELT, RPR, CCR, CSR

CCR No. 829  CSR No. 084-004789

ORAL DEPOSITION OF JANET JABRANI, 2/3/2014

1    A.    Yes.

2    Q.    Again, getting back to that

3  question, you did not calculate, you

4  yourself did not calculate what you'd be

5  entitled to under the settlement

6  agreement?

7    A.    No.

8    Q.    And did you ever determine how

9  much you'd be entitled to under the

10  warranty program that CertainTeed has?

11    A.    No.

12    Q.    And I spoke to your husband

13  earlier about his dealings with Mr.

14  Bandas.  Did you yourself have any

15  interaction with Mr. Bandas?

16    A.    Yes.

17    Q.    Were you involved in all those

18  telephone calls that your husband

19  indicated he was involved in?

20    A.    No.

21    Q.    What was the extent of your

22  involvement? Don't tell me what you guys

23  spoke about, but if you could just give

24  me a sense of how many times you spoke

ORAL DEPOSITION OF JANET JABRANI, 2/3/2014

1        Q.      So what was that date again?

2        A.      December 31, 2013.

3        Q.      So I'm trying to figure out, so

4    I guess before you met with Mr. Woods, I

5    guess you must have been aware that you

6    were objecting to the settlement; right?

7        A.      I didn't really know what the

8    objection meant.  I didn't know.  I

9    didn't know what an objector was.

10        Q.      Okay.

11        A.      I mean he explained it to me;

12    but as you understand, not to be

13    disrespectful, he talks so much, that you

14    can't glean certain information from him.

15              MR. WOODS:  Just for the

16    record, you're talking about Ali, not me?

17              THE WITNESS:  I know.  I'm

18    talking about Ali.  Yeah.  Really,

19    seriously, I'm not trying to be flippant,

20    I really had no clue what this -- I knew

21    what it was.  I knew that we had

22    concerns that we weren't going to be able

23    to get our siding replaced on those

24    cottages, and, therefore, the value of

ORAL DEPOSITION OF JANET JABRANI, 2/3/2014

1    them is greatly diminished.

2           He explained that to me.  I

3    understand that wholeheartedly.  I do to

4    this point.  Do I understand what this

5    procedure was all about?  No.  I didn't.

6    But I'm not the subject matter expert.

7    He is.  So I always look to him for

8    advice.  He said he was going to do

9    this.  He needed my signature, and this

10   is the reason why we did it, so I signed

11   it.

12      Q.    (By Mr. Woods) Okay.  So is it

13   fair to say that your husband was calling

14   the shots as to what you guys were going

15   to do in terms of objecting or not

16   objecting?

17      A.    Yes.

18      Q.    I take it, did you ever

19   understand that your objection to the

20   settlement may result in the termination

21   of the settlement in this case?

22      A.    Say that again.

23      Q.    Did it ever come to your

24   attention that your objection to the

ORAL DEPOSITION OF JANET JABRANI, 2/3/2014

1      A.    Yeah.   So I usually meet the

2   people, talk to them, show them the

3   property; and then when it comes to

4   signing contracts and doing that, then Ali

5   takes over.

6      Q.    It's fair to say that it was

7   really your husband's decision to object

8   to the settlement?

9      A.    Yes.

10     Q.    It isn't something that you

11  yourself said, hey, I want to object to

12  the settlement?

13     A.    Correct.

14     Q.    And I know you've had some

15  brief interaction with Mr. Bandas, but do

16  you yourself have an understanding of how

17  broadly he's representing you with respect

18  to your objection and/or any claims that

19  you may have related to property damage

20  in this case?

21     A.    What do you mean by broadly

22  representing me?

23     Q.    Well, do you recall earlier

24  when your husband was testifying, I asked

ORAL DEPOSITION OF JANET JABRANI, 2/3/2014

1  him some questions -- I gave him a copy

2  of the retainer agreement; and to

3  paraphrase one of the things that the

4  retainer agreement says is that Mr. Bandas

5  is providing representation with respect

6  to this objection and any appeal. Do you

7  remember that?

8      A.    Yes.

9      Q.    Do you have any reason to think

10  that Mr. Bandas is representing you more

11  broadly like beyond the objection and any

12  appeal?

13      A.    No.

14      Q.    Again, Mr. Bandas isn't here

15  today; correct?

16      A.    Correct.

17      Q.    And are you at all concerned

18  that he's not here?

19      A.    No.

20      Q.    In terms of counsel appearing

21  here today at this deposition, have you

22  ever had any prior dealings with that

23  counsel or this law firm?

24      A.    Have I had any -- you're just

ORAL DEPOSITION OF JANET JABRANI, 2/3/2014

```
 1    WITNESS CERTIFICATION

 2    .

 3

 4            I hereby certify that I have

 5    read the foregoing transcript of my

 6    deposition testimony, and that my answers

 7    to the questions propounded, with the

 8    attached corrections or changes, if any,

 9    are true and correct.

10    .

11    .

12

13    _____   _____

14    DATE         JANET JABRANI

15    .

16    .

17    .

18    _____

19    PRINTED NAME

20    .

21    .

22    .

23    .

24    .
```

# EXHIBIT D

**CLASS ACTION OBJECTOR**
**POWER OF ATTORNEY AND CONTINGENT FEE AGREEMENT**

This agreement ("Agreement") is made between *AMIRALI JAAFAR*   *DBA REAL HOM.* ("Client(s)" or "you") and   *In* BANDAS LAW FIRM, P.C. (hereinafter "Attorneys" or "BLF").

In consideration of the mutual promises contained herein, Client(s) and Attorneys agree as follows:

I.   **SCOPE AND METHOD OF REPRESENTATION**

1.1   **Attorneys' Legal Services.** You agree Attorneys will: Prepare and file on your behalf an objection to proposed class action settlements in the following matter and represent you in any appeal therefrom (the "Objection"): MDL No. 11-2270; IN RE: *CertainTeed Fiber Cement Siding Litigation;* In the United States District Court for the Eastern District of Pennsylvania.

1.2   **Method of Representation.** BLF is a Texas law firm located at 500 N. Shoreline, Suite 1020, Corpus Christi, Texas 78401, (361) 698-5200. Our lawyers are licensed in Texas and in certain federal courts. However, if necessary, Attorneys will seek admission before the Court *pro hac vice* and/or as required by the applicable federal and/or state and/or local rules of practice applicable this litigation and/or will seek to associate local counsel in order to effectuate this representation in compliance with any such rules. Client authorizes that Attorneys prepare any Objection(s) for filing with the Court and, if necessary, any appeals therefrom.

1.3   **Purpose of Representation:** As a member of the above referenced class, your legal rights are affected by the proposed settlement in that case. As a class member, you have the right to comment and object to the proposed settlement as prescribed by the Court in the notice of proposed class action settlement and Rule 23 of the Federal Rules of Civil Procedure. As a class member, you have the right to seek legal advice and have a lawyer represent you with respect to making any comments or objections to the proposed settlement. You acknowledge that, prior to the execution of this agreement, you contacted me seeking legal advice about your rights and options as a class member. You further acknowledge the following: (1) that you were not solicited by me or any other lawyer; (2) you have not been paid or promised any money, incentive or any other consideration to assert your rights as a class member with an interest in the proposed settlement; and (3) you authorize the disclosure of this fee agreement to the Court or any counsel in the case if requested.

2.   **YOUR REPRESENTATIONS AND DUTIES AS AN OBJECTOR**

2.1   You represent that you are a member of the proposed settlement class based upon your review of the class definition contained in the class notice you have reviewed at the following website:   http://www.certainteedfibercementsettlement.com

2.2   If requested, you represent you can demonstrate you are a member of the settlement Class through documentation or by affidavit.

Power of Attorney and Contingency Fee Agreement- Page 1

2.3      In return for your agreement and representations made herein, attorneys agree that no settlement or resolution will be made of your objection or any appeal therefrom without your prior approval and you shall retain the right to determine whether to proceed with this objection or any appeal therefrom, including the right to approve any settlement or resolution of same.

2.4      Your agreement to settle or not settle will be based only what you receive as an objector and/or appellant in this case and not based on the amount of attorneys fees that Attorneys may receive in fees. As stated below, Attorneys' fees will be negotiated separate and apart from your payment and you assign to Attorneys the exclusive right to negotiate their fees in any amount or any terms that are in Attorneys' exclusive judgment appropriate.

## 3.    ATTORNEYS' FEES, EXPENSES AND PAYMENTS TO YOU

3.1      **Class Action Settlement:** If the proposed class action settlement is approved by the Court, you will receive the full amount of any benefits you are entitled to receive under the settlement as a class member (If a Claim is required you will usually need to file a claim to receive benefits; Attorneys may assist you in filing a claim, but they are not required to do so). Attorneys shall not be entitled to receive any portion of your share of the benefits under the class settlement and have no interest in any benefits you may be entitled to receive as a class member. You understand that by objecting to this particular settlement you may make your receipt of benefits under this particular settlement less likely in the event a court rejects the settlement based upon the arguments asserted by Attorneys on your behalf.

3.2      **Incentive Award or Payment:** Attorneys may petition the Court for a payment to you, or may negotiate with class counsel or defendant(s) to make a payment to you, in recognition of your service as an objector and/or for other factors related to your service as an objector. This is referred to herein as an Incentive Award or Incentive payment. You understand any incentive award or payment sought will be related to your actual damages in this case. In other words, you should not expect a "windfall" payment. Rather, any payment will relate to the actual harm suffered by you. You understand that it cannot be determined with certainty in advance whether you will qualify for an incentive payment or award at all or the precise amount of your damages.. You understand that Attorneys must follow all applicable laws and rules (including but not limited to seeking court approval, if applicable) as it may apply to incentive payments and awards, and such laws and/or rules may prevent or limit Attorneys' ability to obtain such an incentive award or payment for you. No incentive award or payment has been promised to you, and your service as an objector in this case is not conditioned on your receipt of any incentive payment or award. In the event an incentive award or payment is not made, you will receive only the benefits set forth in section 3.1, if any.

3.3      **Attorneys' Fees:** You will not be responsible to pay attorneys' fees or expenses of any kind. Attorneys are not sharing any portion of your recovery under paragraphs 3.1 or 3.2 above, if any, and Attorneys have no contingent interest in your recovery under paragraphs 3.1 and 3.2 above. Attorneys are not sharing, and cannot share, any attorneys' fees they might earn in this case with you. You agree Attorneys may seek and/or receive a fee for

their services if they are successful in pursuing an objection to the class settlement or any appeal therefrom if agreed to by opposing counsel and/or awarded by the Court, subject to applicable rules and laws. The attorneys' fees will be paid by the defendants and/or as part of the attorneys' fees awarded to class counsel and/or by award of the Court, and never from your portion of any recovery or settlement under paragraphs 3.1 or 3.2. You acknowledge you do not have any interest in any such fees, if any. You further acknowledge the attorneys' fees may substantially exceed any awards or payments to you as set forth above in Paragraphs 3.1 through 3.2.

3.4    **Lien Interest if You Settle Against Advice of Counsel.** To the extent that you seek to settle your objection and/or appeal against advice of counsel, *you hereby grant to Attorneys a lien in your recovery* to the extent necessary to reasonably compensate Attorneys for the reasonable value of their work, including but not limited to a claim for based on *quantum meruit*. However, you will never have any out of pocket responsibility for Attorneys' fees or expenses in this case.

## 4.    CONFLICTS OF INTEREST

Attorneys have explained and you understand that, if successful, the objection or any appeal there from may result in the disapproval or rejection of the proposed settlement which may, in turn, cause you to lose your right to receive settlement benefits under the proposed settlement, to which you object. You acknowledge and agree to this risk and waive any conflict of interest arising from the objection or any appeal therefrom.



## 5.    ADMINISTRATIVE MATTERS

5.1    **Termination:** Attorneys reserve the right to withdraw from this matter if you fail to honor this Agreement or for any reason permitted or required under the rules of the court or state in which the class action is pending.

5.2    **Association of Co-counsel:** Attorneys may associate lawyers apart from those with Bandas law Firm, P.C. to assist in representing you if, before any association becomes effective, you agree in writing to the terms of the arrangement including (1) the identity of all lawyers or law firms involved, (2) whether fees will be divided based on the proportion of services performed or by lawyers agreeing to assume joint responsibility for the representation, and (3) the share of the fee each lawyer or law firm will receive, or if the division is based on the proportion of services performed, the basis on which the division will be made.

5.3    **No Guaranty of Results:** Attorneys will use their best efforts in representing you in this matter, but we cannot guarantee the outcome of any given matter. You acknowledge Attorneys have made no promises or guarantees concerning the outcome of this matter, and nothing in this agreement shall be construed as such a promise or guarantee.

5.4    **Limited Power of Attorney:** From time to time it may be necessary for Attorneys to sign your name to claim forms, pleadings, or other documents in the case. To the extent

necessary for Attorneys to efficiently and timely prosecute your objection and/or any appeal therefrom, you authorize Attorneys to sign your name by permission.

5.5     **Entire Agreement:**  This Agreement contains the entire agreement between us regarding this matter and the fees, expenses and payments relative thereto.  This Agreement shall not be modified except by written agreement signed by both parties.

5.6     NOTICE TO CLIENT: The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of General Counsel will provide you with information about how to file a complaint. You may contact the State Bar of Texas at P.O. Box 12487, Capitol Station, Austin, Texas 78711, or call (800) 932-1900 toll-free for more information

I certify and acknowledge that I have had the opportunity to read this Agreement, that I have voluntarily entered into this Agreement fully aware of its terms and conditions, and that I have received a copy of this Agreement.

Signed and accepted on this _11_ day of December 2013.

Clients:

By:  _Al. Jabru_____  (signature)

_JAYRANI  AMIRAL_ (printed name)

_2038, MOONDANCE CT_ (address)

_OFALLON  MO  63368_

_636-379-0087_
_janetandy@charter.net_ (phone & email)

Attorneys:

By:  _____
     Christopher A. Bandas

# EXHIBIT E

*Aff? Mr Chris Bandas? - ( 361) 877 - 9171*
*Fax  361 - 698 - 5222*

LAW OFFICES

## *Lightman & Manochi*

GARY P. LIGHTMAN✝
GLENN A. MANOCHI✱
W. LYLE STAMPS

✝ MEMBER PA NJ DC & FL BARS
✱ MEMBER PA NJ NY & CT BARS

1520 LOCUST STREET, 12TH FLOOR
PHILADELPHIA, PA 19102-4401
———
(215) 545-3000
TELECOPIER (215) 545-3001

NEW JERSEY OFFICE
8 RANOLDO TERRACE
CHERRY HILL, NJ 08034

TELEPHONE (856) 795-9669
TELECOPIER (856) 795-9339

February 7, 2014

<u>**VIA EMAIL AND FIRST CLASS MAIL**</u>

Amirali Jabrani
2038 Moondance Ct.
O'Fallon, MO 63368

Janet Jabrani
2038 Moondance Ct.
O'Fallon, MO 63368

Real Homes, Inc.
c/o Amirali Jabrani
2038 Moondance Ct.
O'Fallon, MO 63368

Re:    <u>Legal Representation by Lightman & Manochi</u>

Dear Mr. & Mrs. Jabrani:

This letter confirms the terms and conditions upon which this firm has agreed to provide legal services to Amirali and Janet Jabrani and Real Homes, Inc. (collectively "you"). This letter is recommended for new clients by the Rules of Professional Conduct governing the practice of law, and supersedes all prior oral or written agreements.

The scope of our legal services will be to represent you and your interests as local counsel in the class action case styled <u>In re: CertainTeed Fiber Cement Siding Litigation</u>, MDL No. 11-2270 currently pending in the Federal District Court in the Eastern District of Pennsylvania (the "CertainTeed Litigation").

We understand that you have already entered into a December 11, 2013 Class Action Objector Power of Attorney and Contingent Fee Agreement with the Bandas Law Firm (the "Bandas Fee Agreement"). The Bandas Fee Agreement and its terms and conditions are incorporated herein by reference. To the extent this letter conflicts with the Bandas Fee Agreement, this letter shall control.

**You understand that our law firm will be representing you as local counsel in this action. However, consistent with the Bandas Fee Agreement, your attorney, Christopher A. Bandas, Esquire, has agreed to pay the fees, costs and disbursements we incur in representing you.**

*Lightman & Manochi*

Amirali Jabrani
Janet Jabrini
Real Homes, Inc.
February 7, 2014
Page 2

We have agreed to represent you on a modified hourly fee-contingency fee basis. We advise you and Mr. Bandas that the attorney hourly rate fees at our law firm range from $500.00 per hour to $300.00 per hour. Paralegals will be billed at a rate of $200.00 per hour. Gary P. Lightman, Esquire and Glenn A. Manochi, Esquire, will be primarily responsible for your case, absent your instruction otherwise. The hourly rate for each of us is $500.00 per hour. Our fee billings will itemize all services rendered and indicate a description of the services performed by each attorney or paralegal and the amount of time expended in connection with such services. To the extent practical, we will endeavor to utilize lower cost attorneys and paralegals where appropriate, to minimize legal fees. The assignment of attorneys to client matters will be determined by us; however, we are willing, upon request, to consider the assignment of specific attorneys to your matters where possible.

Our bills for attorney's fees will be paid on a monthly basis, but at a (reduced) rate of half of the billed rate (e.g., $250.00 per hour for my time and for Glenn Manochi's time; $150.00 per hour for the time of W. Lyle Stamps, Esquire, and the rate of $100.00 for paralegals). The balance of the attorney fees owed will be accrued, and payable at the end of the case. In addition to the hourly attorney fees which Mr. Bandas will pay to this firm (the actual payment of which fees will be capped at $30,000.00), our law firm will be entitled to fifteen percent (15%) of the total recovery obtained in money or moneys worth, whether by verdict, judgment, settlement, or otherwise, and whether in the trial court or on appeal, to the extent allowed by applicable law. In the event any law or court limits this provision, we will receive the greater of (i) the maximum amount allowed by such law or court, or (ii) 15% of any attorneys' fee recovery. The actual amount of attorney fees we receive from Mr. Bandas based on his payment of our monthly bills will be deducted from that contingency payment and reimbursed to Mr. Bandas. We will not share in any benefits paid to you as a member of the Class under the Class Settlement Agreement. Any fees paid by Mr. Bandas will not come out of the recovery received by you (the Jabranis). The attorneys' fees paid will not be treated as an expense owed for the case.

In addition to attorney's fees, Mr. Bandas will reimburse the firm for all out-of-pocket costs and expenses incurred by us in connection with the services performed for you. Included within such expenses are items such as travel expenses, filing fees, court reporter costs, expert witness fees, photocopying, postage, federal express charges, delivery charges, long distance telephone charges, telecopy charges, computerized legal research and non-attorney staff overtime, to the extent directly attributable to the services to be performed on your behalf. These costs shall be payable by him each month.

Both you and Mr. Bandas will receive bills for attorney's fees and costs on a monthly basis. **Our bills are due and payable upon receipt by Mr. Bandas (i.e. one half of the billed attorney's fees and all costs).** If upon receipt of our bills you or Mr. Bandas have any questions, we request you to advise this firm of such questions promptly so that they can be addressed and

*Lightman & Manochi*

Amirali Jabrani
Janet Jabrini
Real Homes, Inc.
February 7, 2014
Page 3

resolved in a timely matter. If you or Mr. Bandas do not contact us regarding a billing question or dispute before the following month's bill is issued, you and Mr. Bandas agree that the prior month's bill is correct and will be paid in full in the normal course. In the event that you were referred to us by another attorney, you consent to the payment of a referral fee, if required. This law firm cannot guarantee the successful resolution of the matters for which we have been retained. Regardless of the outcome of the matters for which we have been retained, Mr. Bandas is still obligated for the payment of fees and expenses discussed above. Interest at a per annum rate of eight percent (8%) is charged on invoices not paid within thirty (30) days.

An initial retainer of $15,000.00 is required. We acknowledge receipt from Mr. Bandas of a retainer in the amount of $2,500.00, and request that he immediately send us the $12,500 retainer balance. We will apply our bills for attorney's fees and costs against the retainer. When the retainer has been reduced to $2,000.00, we may require Mr. Bandas to replenish the retainer balance, in which event and at which time he will send us an additional $10,000.00 amount to replenish the retainer balance. **You agree that at no time will we be obligated to perform any further services or further represent you in this or any other matter, if Mr. Bandas does not timely pay our bills. If Mr. Bandas does not timely pay our bills according to the terms of this letter, you agree that our firm, at our sole discretion, may cease to further represent you. You further agree in such event not to contest any motion we may make in court to withdraw as your counsel.**

In the event any dispute arises as to our firm's entitlement to attorney's fees and/or disbursements, which dispute is not amicably resolved between you, Mr. Bandas and our firm, then you and Mr. Bandas each agree to submit to the personal jurisdiction of the appropriate state or federal court in Philadelphia, Pennsylvania, and you and Mr. Bandas further agree that personal jurisdiction and venue is appropriate in such court. Further, if this law firm utilizes arbitration or some other alternative fee dispute resolution ("ADR") forum, you and Mr. Bandas agree to submit to such arbitration or alternative dispute resolution forum and that such arbitration or ADR forum has personal jurisdiction; the determination of the arbitration or ADR forum will be binding both upon you and upon this firm. In the event the dispute is brought to state or federal court, **you and Mr. Bandas agree to waive a trial by jury in all cases,** and instead to have the matter decided by the appropriate judge or ADR decision maker. Mr. Bandas also agrees to pay this firm's attorney's fees and all costs (as described above) incurred if we use another law firm to institute legal proceedings or ADR to collect any amounts due as set forth in this letter. If the firm utilizes its own attorneys to collect amounts due, Mr. Bandas agrees this firm's attorney's fees shall be determined by multiplying the hourly rate of this firm's attorney or paralegal who works on the collection matter by the then current hourly rates for such person and multiplying that number by the amount of time such person spent working on the collection matter. In addition, Mr. Bandas agrees to pay all costs (as described above) incurred by this firm collecting the amounts owed to the firm.

*Lightman & Manochi*

Amirali Jabrani
Janet Jabrini
Real Homes, Inc.
February 7, 2014
Page 4

In order for us to fully represent and protect your interests, it will be necessary for you and Mr. Bandas to assist us. Such assistance will include providing to us in a timely manner such information, records, documents, witnesses, etc., as we may request from time to time. The level of cooperation provided by you and Mr. Bandas can be instrumental in obtaining the best possible result for you at the least cost.

You and Mr. Bandas agree that once your case is concluded or our representation of your interests has ended, we will have no obligation to store your files. In the event you wish to take possession of your files, you will make all necessary arrangements at that time for their return at your own cost and expense. If no such arrangements are made, we will have the right to dispose of any and all of your files at our own cost and expense to the extent and in the method we determine in our sole discretion.

We will, throughout the course of our representation of you, consult with you and keep you advised of all significant developments. From time to time, we anticipate that it will be necessary to confer with you regarding strategy to be pursued as well to explain to you the alternatives available and our recommendation as to the appropriate manner in which to proceed. The final decision in all such matters will be yours. While it may be necessary during court proceedings for an attorney to make immediate decisions in the attorney's sole discretion, to the extent possible, we will endeavor to confer with you.

We appreciate the opportunity to be of service to you. Please signify your acceptance of this arrangement by signing this letter and returning it to us. By this letter we request that Mr. Bandas provide the additional $12,500.00 retainer. We ask that you or Mr. Bandas contact us should you have any questions or comments concerning this letter.

We look forward to working with you.

Very truly yours,

Gary P. Lightman

*Lightman & Manochi*

Amirali Jabrani
Janet Jabrini
Real Homes, Inc.
February 7, 2014
Page 5

By signing under seal, where indicated below, the undersigned, intending to be legally bound hereby, confirms that he or she has READ, ACCEPTED and AGREED TO the terms of this letter.

Date: 2/7/14 _____ *for Real Homes Inc* (SEAL)
                        Amirali Jabrani

Date: 2-7-14 _____ *for Real Homes Inc* (SEAL)
                        Janet Jabrani

                        Real Homes, Inc.

Date: 2/7/14. By: _____ *for Real Homes Inc* (SEAL)
                        Amirali Jabrani, President

## Agreement to Pay Legal Fees, Costs, and Disbursements

I, Christopher A. Bandas, Esquire, have a place of business located at 500 N. Shoreline Blvd., Suite 1020, Corpus Christi, Texas 78471. I have read the terms of the above representation letter from Lightman & Manochi ("L&M") to Amirali and Janet Jabrani and Real Homes, Inc. (collectively the "Jabranis") and agree to be bound by its terms. **I HEREBY AGREE TO PAY ANY AND ALL AMOUNTS DUE TO L&M ARISING AS A RESULT OF L&M'S REPRESENTATION OF THE JABRANIS IN THE CERTAINTEED LITIGATION. I ALSO AGREE TO PAY ANY AND ALL LEGAL FEES AND COSTS WHICH L&M INCURS IN COLLECTING ANY AMOUNT DUE FROM THE JABRANIS OR FROM ME.**

Date: February 7, 2014 _____ (SEAL)
                        Christopher A. Bandas, Esquire

GPL:rp

cc:   Glenn A. Manochi, Esquire
      Donna McLaughlin

E:\JABRANI\CERTAINTEED\LTRS - RETAINER LETTER 14-2-7.DOC

# EXHIBIT F

# H A A R & W O O D S
LLP

ATTORNEYS AT LAW   1010 Market Street  Suite 1620  St. Louis, MO 63101  314.241.2224  Fax 314.241.2227  haar-woods.com

January 30, 2014

## PERSONAL & CONFIDENTIAL--BY ELECTRONIC AND FIRST CLASS MAIL

Amirali Jabrani
Janet Jabrani
Real Homes, Inc.
2038 Moondance Court
O'Fallon, MO 63368

    RE:   CertainTeed Fiber Cement Siding Litigation

Dear Mr. and Mrs. Jabrani:

      This letter summarizes the terms of our agreement for the provision of certain limited legal representation related to the CertainTeed Fiber Cement Siding Litigation ("the Litigation").  Specifically, as discussed in more detail with your attorney, Christopher A. Bandas, my firm and I will be representing you for the limited purposes of preparing you for, and defending, your depositions related to the Litigation. Notwithstanding the other terms of this agreement, the two of you, and your corporation Real Homes, Inc., are our clients.  In that regard, we will exercise our independent professional judgment concerning all matters related to our limited role.  On your part, you agree to disclose all information necessary for me to carry out my role and, specifically, agree that Mr. Bandas and I may share confidential information regarding your case.

      We will charge at the hourly billing rate of $375.00 per hour for my time and our standard rates for any of my partners.  Lesser amounts are charged for associate lawyers ($250.00 per hour) and for paralegals ($135.00 per hour).  In addition to our fees, we will be entitled to reimbursement of our out-of-pocket expenses, if any.  Consistent with your December 11, 2013 agreement with the Bandas Law Firm, P.C., our fees and expenses will be paid, in the first instance, by that firm.  In all other respects, your agreement with Mr. Bandas shall control your financial relationship. We are not sharing in any contingent fee which may result from the Litigation and have agreed to accept payment as described in this agreement as full and final amounts associated with your representation by us.

Amirali Jabrani
Janet Jabrani
January 30, 2014
Page 2

We will require a retainer from the Bandas Law Firm in the amount of $10,000.00. Bills will be rendered at the end of each calendar month for services provided and expenditures made during that month and are payable upon receipt, to the extent that they exceed the retainer amount. Mr. Bandas, and the Bandas Law Firm, by their signatures below, are acknowledging responsibility in the first instance for payment of our fees and expenses and for simple interest on overdue balances at the rate of 9% per annum from the date first billed and for attorney's fees and costs associated with collecting such amounts, if necessary. If our total fees and expenses are less than $10,000, Mr. Bandas will be entitled to reimbursement of the difference in the amounts billed and the retainer.

We each reserve the right to terminate this agreement at any time, except that (a) the Bandas Law Firm agrees to confirm payment for the value of all services rendered and expenses incurred up to such termination and in connection with any transfer of documents to you, Mr. Bandas, and/or your new attorney and (b) we agree to provide information and transfer such documents in drafts as may be in our possession to any attorney you choose so that you will not lose the benefit of services previously rendered.

We will have the right to retain a copy of your records at the end of this engagement. You will have two options with respect to any documents related to the engagement that we do not wish to retain in our files. You can direct and authorize us to (a) return all such documents to you, where practicable or (b) discard or destroy such documents. If you do not select one of these options for the disposition of documents within 60 days after our notice to you of your need to make such a decision, the notice made by us by either electronic or regular mail at your last known address, we may handle the documents as we see fit, including destroying them as one such option.

If you would like to proceed, and this letter reflects an arrangement that is acceptable to you, please sign and return the original of this letter to us.

I look forward to working with you on these matters and to a prompt resolution.

Very truly yours,

Pete Woods

PCW/aak

Amirali Jabrani
Janet Jabrani
January 30, 2014
Page 3

ACCEPTED:

_____

Amirali Jabrani, on behalf of himself and
Real Homes, Inc.

Dated: ____1 / 31 / 14____

_____

Janet Jabrani, on behalf of herself and
Real Homes, Inc.

Dated: ____1-31-14____

_____

Christopher A. Bandas, on behalf of himself
and the Bandas Law Firm, P.C.

Dated: ____1-31-14____

# EXHIBIT G

MILBERG (NY)
ONE PENNSYLVANIA PLAZA
48TH FLOOR
NEW YORK, NY 10119-0165
212-594-5300
Email: pseidman@milberg.com
*TERMINATED: 12/27/2012*
*PRO HAC VICE*

**Clifford A Cantor**
627 208TH AVE SE
SAMMAMISH, WA 98074-7033
425-868-7813
Fax: 425-868-7870
Email: cliff.cantor@outlook.com
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Plaintiff** | | |
| **Kyle Williams** | represented by | **Clifford A Cantor**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | |
| **Plaintiff** | | |
| **Brian Crawford** | represented by | **Clifford A Cantor**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | |
| **Plaintiff** | | |
| **Johanna Koskinen** | represented by | **Clifford A Cantor**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | |
| **Plaintiff** | | |
| **Dan Dazell** | represented by | **Clifford A Cantor**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | |
| **Plaintiff** | | |
| **Robert Prior** | represented by | **Robert Prior**<br>2016 E. 6th St.<br>Vancouver, WA 98661<br>360-693-0826<br>PRO SE<br><br>**Clifford A Cantor**<br>(See above for address)<br>*TERMINATED: 05/23/2012* |

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steven Cockayne**                    represented by    **Clifford A Cantor**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cheyenne Fegan**                     represented by    **Clifford A Cantor**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Elaine Powell**                      represented by    **Clifford A Cantor**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Elena Munoz-Alazazi**                represented by    **Clifford A Cantor**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Bobowski**                   represented by    **Clifford A Cantor**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alia Tsang**                         represented by    **Clifford A Cantor**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gregory Guerrier**                   represented by    **Clifford A Cantor**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alyson Burn**                        represented by    **Clifford A Cantor**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sharon Floyd**                       represented by    **Clifford A Cantor**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Clearwire Corporation**                    represented by **John Goldmark**
                                             DAVIS WRIGHT TREMAINE (SEA)
                                             1201 THIRD AVENUE
                                             SUITE 2200
                                             SEATTLE, WA 98101-3045
                                             206-757-8068
                                             Email: johngoldmark@dwt.com
                                             *ATTORNEY TO BE NOTICED*

                                             **Kenneth E Payson**
                                             DAVIS WRIGHT TREMAINE (SEA)
                                             1201 THIRD AVENUE
                                             SUITE 2200
                                             SEATTLE, WA 98101-3045
                                             206-622-3150
                                             Email: kenpayson@dwt.com
                                             *ATTORNEY TO BE NOTICED*

                                             **Stephen M. Rummage**
                                             DAVIS WRIGHT TREMAINE (SEA)
                                             1201 THIRD AVENUE STE 2200
                                             SEATTLE, WA 98101-3045
                                             206-622-3150
                                             Email: steverummage@dwt.com
                                             *ATTORNEY TO BE NOTICED*

V.

**Interested Party**

**Chad Minnick**                             represented by **Jonathan K Tycko**
                                             TYCKO & ZAVAREEL LLP
                                             2000 L STREET NW
                                             STE 808
                                             WASHINGTON, DC 20036
                                             202-973-0900
                                             Email: jtycko@tzlegal.com
                                             *LEAD ATTORNEY*
                                             *PRO HAC VICE*
                                             *ATTORNEY TO BE NOTICED*

                                             **Felix G Luna**
                                             PETERSON WAMPOLD ROSATO
                                             LUNA KNOPP

1501 4TH AVE
STE 2800
SEATTLE, WA 98101-1609
206-624-6800
Email: luna@pwrlk.com
*ATTORNEY TO BE NOTICED*

**Objector**

**Gordan B. Morgan**                    represented by    **Christopher A Bandas**
                                                          BANDAS LAW FIRM PC
                                                          500 N SHORELINE, STE 1020
                                                          CORPUS CHRISTI, TX 78401-0353
                                                          361-698-5200
                                                          Email: cbandas@bandaslawfirm.com
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Donald W Heyrich**
                                                          HEYRICH KALISH MCGUIGAN PLLC
                                                          1325 FOURTH AVENUE
                                                          SUITE 540
                                                          SEATTLE, WA 98101
                                                          206-838-2504
                                                          Fax: 206-838-2505
                                                          Email: dheyrich@hkm.com
                                                          *TERMINATED: 08/20/2013*
                                                          *LEAD ATTORNEY*

**Objector**

**Jeremy De La Garza**                  represented by    **Christopher A Bandas**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Donald W Heyrich**
                                                          (See above for address)
                                                          *TERMINATED: 08/20/2013*
                                                          *LEAD ATTORNEY*

                                                          **Michael Paul Iaria**
                                                          LAW OFFICE OF MICHAEL IARIA,
                                                          PLLC
                                                          1111 Third Avenue
                                                          Suite 2220
                                                          SEATTLE, WA 98101

206-235-4101
Fax: 206-274-4939
Email: mpi@iaria-law.com
*ATTORNEY TO BE NOTICED*

**Susan Fannie Wilk**
LAW OFFICE OF MICHAEL IARIA
PLLC
1111 THIRD AVENUE BLDG
STE 2220
SEATTLE, WA 98101
206-235-4101
Email: sfw@iaria-law.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/15/2010 | 1 | COMPLAINT against defendant(s) Clearwire Corporation (Receipt # 0981-2247098), filed by Angelo Dennings. (Attachments: # 1 Summons, # 2 Civil Cover Sheet)(Cantor, Clifford) (Entered: 11/15/2010) |
| 11/16/2010 | | Judge James L. Robart added. (MKB) (Entered: 11/16/2010) |
| 11/16/2010 | | Summons issued as to defendants Clearwire Corporation via USPS. (MKB) (Entered: 11/16/2010) |
| 11/16/2010 | 2 | NOTICE to out of state counsel advising of pro hac vice and ECF registration requirements. Electronically sent to attorneys of Milberg LLP and hard copy mailed to attorneys of Reese Richman LLP as listed on the Complaint.(MKB) (Entered: 11/16/2010) |
| 11/30/2010 | 3 | APPLICATION OF ATTORNEY Andrei Rado FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiff Angelo Dennings (Fee Paid) Receipt No. 0981-2258970. (Feldman, Lori) (Entered: 11/30/2010) |
| 11/30/2010 | 4 | APPLICATION OF ATTORNEY Peter Seidman FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiff Angelo Dennings (Fee Paid) Receipt No. 0981-2258982. (Feldman, Lori) (Entered: 11/30/2010) |
| 11/30/2010 | 5 | APPLICATION OF ATTORNEY Joshua Keller FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiff Angelo Dennings (Fee Paid) Receipt No. 0981-2258987. (Feldman, Lori) (Entered: 11/30/2010) |
| 11/30/2010 | 9 | SERVICE OF SUMMONS and Complaint returned executed upon defendant Clearwire Corporation on 11/23/2010 (MD) (Entered: 12/01/2010) |
| 12/01/2010 | 6 | ORDER re 3 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Andrei Rado for Angelo Dennings, by William M. McCool. (No document associated with this docket entry, text only.)(DS) (Entered: 12/01/2010) |

| 12/01/2010 | 7 | ORDER re 4 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Peter Seidman for Angelo Dennings, by William M. McCool. (No document associated with this docket entry, text only.)(DS) (Entered: 12/01/2010) |
|---|---|---|
| 12/01/2010 | 8 | ORDER re 5 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Joshua Keller for Angelo Dennings, by William M. McCool. (No document associated with this docket entry, text only.)(DS) (Entered: 12/01/2010) |
| 12/07/2010 | 10 | NOTICE of Appearance by attorney Kenneth E Payson on behalf of Defendant Clearwire Corporation. (Payson, Kenneth) (Entered: 12/07/2010) |
| 12/07/2010 | 11 | ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT AND EARLY SETTLEMENT Joint Status Report due by 2/7/2011, FRCP 26f Conference Deadline is 1/24/2011, Initial Disclosure Deadline is 2/7/2011, by Judge James L. Robart. (CC) (Entered: 12/07/2010) |
| 12/10/2010 | 12 | STIPULATION AND PROPOSED ORDER *for Clearwire to Answer or Otherwise Respond and Setting Briefing Schedule* by parties. (Payson, Kenneth) (Entered: 12/10/2010) |
| 12/13/2010 | 13 | STIPULATION AND ORDER re 12 Stipulation extending deadline for Clearwire to answer or otherwise respond and setting briefing schedule filed by Clearwire Corporation. Clearwire Corporation answer due 1/13/2011, by Judge James L. Robart. (MD) (Entered: 12/13/2010) |
| 01/03/2011 | 14 | APPLICATION OF ATTORNEY Michael Reese FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiff Angelo Dennings (Fee Paid) Receipt No. 0981-2288950. (Cantor, Clifford) (Entered: 01/03/2011) |
| 01/04/2011 | 15 | ORDER re 14 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Michael R. Reese for Angelo Dennings, by William M. McCool. (No document associated with this docket entry, text only.)(DS) (Entered: 01/04/2011) |
| 01/13/2011 | 16 | MOTION to Compel *Arbitration* by Defendant Clearwire Corporation. Oral Argument Requested. (Attachments: # 1 Proposed Order) Noting Date 3/4/2011, (Payson, Kenneth) (Entered: 01/13/2011) |
| 01/13/2011 | 17 | MOTION to Dismiss *for Failure to State a Claim* by Defendant Clearwire Corporation. Oral Argument Requested. (Attachments: # 1 Proposed Order) Noting Date 3/4/2011, (Payson, Kenneth) (Entered: 01/13/2011) |
| 01/13/2011 | 18 | DECLARATION of Kim Camacho filed by Defendant Clearwire Corporation re 17 MOTION to Dismiss *for Failure to State a Claim* (Payson, Kenneth) (Entered: 01/13/2011) |
| 01/13/2011 | 19 | STATEMENT *[Corporate Disclosure]* by Defendant Clearwire Corporation. (Payson, Kenneth) (Entered: 01/13/2011) |
| 01/13/2011 | 20 | PRAECIPE to attach document (Praecipe) *[Correction to replace Docket No. 17]* re 17 MOTION to Dismiss *for Failure to State a Claim* by Defendant Clearwire Corporation. (Attachments: # 1 Proposed Order)(Payson, Kenneth) (Entered: 01/13/2011) |

| 02/04/2011 | 21 | STIPULATION AND PROPOSED ORDER *(1) Withdrawing Motion to Compel Arbitration and Motion to Dismiss; (2) Granting Plaintiff Leave to File Amended Complaint; (3) Extending Deadline for Clearwire to Answer or Otherwise Respond and Setting Briefing Schedule; (4) Resetting Initial Scheduling Dates; and (5) Continuing Deadline For Class Certification Motion* by parties. (Payson, Kenneth) (Entered: 02/04/2011) |
|---|---|---|
| 02/10/2011 | 22 | ORDER striking 16 Motion to Compel; striking 17 Motion to Dismiss. Clearwire Corporation answer due 3/31/2011. Amended Pleadings due by 3/3/2011, FRCP 26f Conference Deadline is 4/7/2011, Initial Disclosure Deadline is 4/14/2001, Joint Status Report due by 4/21/2011, by Judge James L. Robart.(MD) (Entered: 02/11/2011) |
| 03/03/2011 | 23 | AMENDED COMPLAINT *& SUPPLEMENTED* against defendant(s) Clearwire Corporation with JURY DEMAND, filed by Angelo Dennings, Kyle Williams, Brian Crawford, Johanna Koskinen, Dan Dazell, Robert Prior, Steven Cockayne, Cheyenne Fegan, Elaine Powell, Elena Munoz-Alazazi, Michael Bobowski, Alia Tsang, Gregory Guerrier, Alyson Burn, Sharon Floyd.(Cantor, Clifford) (Entered: 03/03/2011) |
| 03/28/2011 | 24 | MOTION for Leave to File *Over-length Motion to Compel Arbitration and Stay Claims* by Defendant Clearwire Corporation. (Attachments: # 1 Proposed Order) Noting Date 3/28/2011, (Payson, Kenneth) (Entered: 03/28/2011) |
| 03/31/2011 | 25 | MOTION to Stay *Pending Supreme Court Ruling in AT&T Mobility LLC v. Concepcion* by Defendant Clearwire Corporation. (Attachments: # 1 Proposed Order) Noting Date 4/15/2011, (Payson, Kenneth) (Entered: 03/31/2011) |
| 03/31/2011 | 26 | MOTION to Compel *Arbitration and Stay Claims* by Defendant Clearwire Corporation. (Attachments: # 1 Proposed Order) Noting Date 6/6/2011, (Payson, Kenneth) (Entered: 03/31/2011) |
| 03/31/2011 | 27 | MOTION to Dismiss *for Failure to State a Claim* by Defendant Clearwire Corporation. Oral Argument Requested. (Attachments: # 1 Proposed Order) Noting Date 6/6/2011, (Payson, Kenneth) (Entered: 03/31/2011) |
| 03/31/2011 | 28 | DECLARATION of Kim Camacho filed by Defendant Clearwire Corporation re 27 MOTION to Dismiss *for Failure to State a Claim* (Attachments: # 1 Exhibit A-F, # 2 Exhibit G-N)(Payson, Kenneth) (Entered: 03/31/2011) |
| 04/01/2011 | 29 | PRAECIPE re 28 Declaration *of Kim Camacho* by Defendant Clearwire Corporation. (Attachments: # 1 Exhibit A-F to Camacho Decl [Dkt 28], # 2 Exhibit G-N to Camacho Decl [dkt28])(Payson, Kenneth) (Entered: 04/01/2011) |
| 04/06/2011 | 30 | ORDER granting 24 Clearwire's Motion for Leave to File over-length motion to compel arbitration and stay claims by Judge James L. Robart.(MD) (Entered: 04/07/2011) |
| 04/08/2011 | 31 | STIPULATION AND PROPOSED ORDER *to stay pending ruling in Concepcion* by parties. (Cantor, Clifford) (Entered: 04/08/2011) |
| 04/11/2011 | 32 | STIPULATION AND ORDER granting 25 Motion to Stay Pending Supreme Court Ruling in AT&T Mobility vs. Concepcion. The court STRIKES all pending motions without prejudice to the parties refiling the motions at the expiration of the stay. |

| | | Striking 26 Motion to Compel; striking 27 Motion to Dismiss; Case stayed, by Judge James L. Robart.(MD) (Entered: 04/11/2011) |
|---|---|---|
| 05/12/2011 | 33 | JOINT STATUS REPORT signed by all parties estimated Trial Days: n/a.. (Attachments: # 1 Exhibit A)(Goldmark, John) (Entered: 05/12/2011) |
| 06/13/2011 | 34 | STIPULATION AND PROPOSED ORDER *and joint status report* by parties. (Cantor, Clifford) (Entered: 06/13/2011) |
| 06/26/2011 | 35 | ORDER re 34 Stipulation and order this matter is stayed for 60 days, by Judge James L. Robart. (MD) (Entered: 06/27/2011) |
| 08/25/2011 | 36 | JOINT STATUS REPORT signed by all parties. (Cantor, Clifford) (Entered: 08/25/2011) |
| 09/01/2011 | 37 | ORDER STAYING CASE for 60 days. At the expirtion of that time, the parties will submit a Joint Status Report concerning how they propose that this matter will proceed by Judge James L. Robart. (MD) (Entered: 09/01/2011) |
| 11/01/2011 | 38 | STIPULATION AND PROPOSED ORDER *and joint status report* by parties. (Cantor, Clifford) (Entered: 11/01/2011) |
| 11/02/2011 | 39 | STIPULATION AND ORDER re 38 Stipulation that this matter is stayed for 90 days. At the expiration of that time, the parties will submit a Joint Status Report, by Judge James L. Robart. (MD) (Entered: 11/02/2011) |
| 01/31/2012 | 40 | JOINT STATUS REPORT signed by all parties. (Payson, Kenneth) (Entered: 01/31/2012) |
| 02/02/2012 | 41 | STIPULATED ORDER continuing stay re 40 Joint Status Report by Judge James L. Robart. (MD) (Entered: 02/03/2012) |
| 02/28/2012 | 42 | STIPULATION AND PROPOSED ORDER *CONTINUING STAY* by parties. (Payson, Kenneth) (Entered: 02/28/2012) |
| 02/29/2012 | 43 | STIPULATION AND ORDER re 42 Stipulation and order continuing Stay filed by Clearwire Corporation. Case stayed, by Judge James L. Robart. (MD) (Entered: 03/01/2012) |
| 03/14/2012 | 44 | JOINT STATUS REPORT signed by all parties. (Payson, Kenneth) (Entered: 03/14/2012) |
| 03/16/2012 | 45 | ORDER CONTINUING STAY by Judge James L. Robart; The Court approves the parties' 44 stipulation and STAYS this matter until 3/28/2012. At the expiration of that time the parties shall submit a Joint Status Report describing how they propose that this matter will proceed. (TF) (Entered: 03/16/2012) |
| 04/05/2012 | 47 | JOINT STATUS REPORT signed by all parties estimated Trial Days: n/a.. (Payson, Kenneth) (Entered: 04/05/2012) |
| 04/10/2012 | 48 | PROPOSED ORDER (Unsigned) re 47 Joint Status Report *(Continuing Stay)*. (Payson, Kenneth) (Entered: 04/10/2012) |

| 04/11/2012 | 49 | ORDER CONTINUING STAY by Judge James L. Robart. (MD) (Entered: 04/11/2012) |
|---|---|---|
| 05/10/2012 | 50 | MOTION to Withdraw as Attorney *for Plaintiff Robert Prior and lift stay for this purpose* by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Robert Prior, Alia Tsang, Kyle Williams. (Attachments: # 1 Keller Declaration, # 2 Proposed Order) Noting Date 5/25/2012, (Cantor, Clifford) (Entered: 05/10/2012) |
| 05/21/2012 | 51 | JOINT STATUS REPORT signed by all parties Filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Robert Prior, Alia Tsang, Kyle Williams, Defendant Clearwire Corporation.(Payson, Kenneth) (Entered: 05/21/2012) |
| 05/23/2012 | 52 | ORDER granting 50 Plaintiff's Motion lifting stay for single purpose and approving withdrawal of representation of Plaintiff Robert Prior, by Judge James L. Robart.(MD, mailed copy of order to Robert Prior ) (Entered: 05/23/2012) |
| 05/23/2012 | 53 | STIPULATION AND ORDER re 48 Joint Status Report, Stipulation and Order continuing Stay, by Judge James L. Robart. (MD, mailed copy of order to R. Prior) (Entered: 05/23/2012) |
| 06/21/2012 | 54 | JOINT STATUS REPORT signed by all parties. (Payson, Kenneth) (Entered: 06/21/2012) |
| 06/25/2012 | 55 | JOINT STATUS REPORT, STIPULATION AND ORDER CONTINUING STAY by Judge James L. Robart; The Court approves the parties' 54 Stipulation and STAYS this matter until 7/23/2012. (TF) (Entered: 06/25/2012) |
| 07/24/2012 | 56 | JOINT STATUS REPORT signed by all parties. (Payson, Kenneth) (Entered: 07/24/2012) |
| 07/25/2012 | 57 | STIPULATION AND ORDER CONTINUING STAY by Judge James L. Robart; The Court STAYS this matter until 7/30/2012. (TF) (Entered: 07/26/2012) |
| 07/30/2012 | 58 | STIPULATION AND PROPOSED ORDER *Continuing Stay (Joint Status Report)* by parties. (Payson, Kenneth) (Entered: 07/30/2012) |
| 07/31/2012 | 59 | ORDER CONTINUING STAY by Judge James L. Robart; The Court STAYS this matter until 8/6/2012. Joint Status Report due by 8/6/2012. (TF) (Entered: 07/31/2012) |
| 08/06/2012 | 60 | STIPULATION AND PROPOSED ORDER *allowing up to 24 pages for preliminary approval motion* by parties. (Cantor, Clifford) (Entered: 08/06/2012) |
| 08/06/2012 | 61 | MOTION for preliminary approval of class action settlement and approval of settlement notice by Plaintiff Angelo Dennings. (Attachments: # 1 Ex. 1 - Settlement Agreement, # 2 Proposed Order) Noting Date 8/24/2012, (Cantor, Clifford) (Entered: 08/06/2012) |
| 08/06/2012 | 62 | DECLARATION of Cliff Cantor filed by Plaintiff Angelo Dennings re 61 MOTION for preliminary approval of class action settlement and approval of settlement notice |

|  |  | (Cantor, Clifford) (Entered: 08/06/2012) |
|---|---|---|
| 08/09/2012 | 63 | STIPULATION AND ORDER re 60 Stipulation request that the Court allow up to 24 pages for the preliminary approval motion filed by Angelo Dennings by Judge James L. Robart. (MD) (Entered: 08/09/2012) |
| 08/24/2012 | 64 | ORDER granting 61 Plaintiffs Motion re: Preliminary Approval of Class Settlement, Conditionally Certifying Settlement Class and Approving form and Manner of Notice. Settlement In-court Hearing set for 12/19/2012 at 03:00 PM before Judge James L. Robart, by Judge James L. Robart.(MD) (Entered: 08/24/2012) |
| 10/09/2012 | 65 | OBJECTIONS by Sean Kevin Holmes re 64 Order on Class Action (MD) (Entered: 10/09/2012) |
| 10/29/2012 | 66 | STIPULATION AND PROPOSED ORDER *extending deadline* by parties re 64 Order on Motion for Miscellaneous Relief, Set/Reset Hearings,,. (Cantor, Clifford) (Entered: 10/29/2012) |
| 10/29/2012 | 67 | STIPULATION AND ORDER re 66 Stipulation to extend deadlines for the final approval motion and fee-and-expenses motion filed by Gregory Guerrier, Johanna Koskinen, Steven Cockayne, Cheyenne Fegan, Elena Munoz-Alazazi, Brian Crawford, Alia Tsang, Alyson Burn, Michael Bobowski, Sharon Floyd, Kyle Williams, Dan Dazell, Elaine Powell, Angelo Dennings, by Judge James L. Robart. (MD) (Entered: 10/30/2012) |
| 11/08/2012 | 68 | WAIVER of defendant Clearwire of certain reversionary rights under settlement agreement and release of claims; filed by by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams. (Cantor, Clifford) (Entered: 11/08/2012) |
| 11/08/2012 | 69 | MOTION for final approval of settlement by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams. Oral Argument Requested. (Attachments: # 1 proposed settlement order and final judgment) Noting Date 12/19/2012, (Cantor, Clifford) (Entered: 11/08/2012) |
| 11/08/2012 | 70 | DECLARATION of Jennifer M. Keough of Garden City Group, Inc. regarding notice dissemination and settlement administration filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 69 MOTION for final approval of settlement (Attachments: # 1 Certificate of Service)(Cantor, Clifford) (Entered: 11/08/2012) |
| 11/08/2012 | 71 | MOTION for attorneys' fees and expenses and for service awards to representative plaintiffs by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams. Oral Argument Requested. (Attachments: # 1 Ex. 1, # 2 Ex. 2) Noting Date |

| | | 12/19/2012, (Cantor, Clifford) (Entered: 11/08/2012) |
|---|---|---|
| 11/08/2012 | 72 | PROPOSED ORDER (Unsigned) re 71 MOTION for attorneys' fees and expenses and for service awards to representative plaintiffs , 69 MOTION for final approval of settlement (Cantor, Clifford) (Entered: 11/08/2012) |
| 11/08/2012 | 73 | DECLARATION of Cliff Cantor and Jonathan Tycko filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 71 MOTION for attorneys' fees and expenses and for service awards to representative plaintiffs , 69 MOTION for final approval of settlement (Cantor, Clifford) (Entered: 11/08/2012) |
| 11/08/2012 | 74 | DECLARATION of // compendium of counsel's declarations in support of motion for attorneys' fees and expenses filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 71 MOTION for attorneys' fees and expenses and for service awards to representative plaintiffs (Cantor, Clifford) (Entered: 11/08/2012) |
| 11/30/2012 | 75 | APPLICATION OF ATTORNEY Christopher A. Bandas FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Robert Prior, Alia Tsang, Kyle Williams (Fee Paid) Receipt No. 0981-3032425. (Heyrich, Donald) (Entered: 11/30/2012) |
| 11/30/2012 | 76 | OBJECTIONS re 71 MOTION for attorneys' fees and expenses and for service awards to representative plaintiffs , 69 MOTION for final approval of settlement by Objectors Gordan B. Morgan, Jeremy De La Garza. (Heyrich, Donald) (Entered: 11/30/2012) |
| 12/03/2012 | 77 | ORDER re 75 Application for Leave to Appear Pro Hac Vice,. The Court ADMITS Christopher A Bandas for Jeremy De La Garza, and for Gordan B. Morgan, by William M. McCool. (No document associated with this docket entry, text only.)(DS) (Entered: 12/03/2012) |
| 12/06/2012 | 78 | MOTION to allow depositions of objectors Gordon B. Morgan and Jeremy De La Garza by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams. (Attachments: # 1 Form of subpoenas, # 2 Proposed Order) Noting Date 12/21/2012, (Cantor, Clifford) (Entered: 12/06/2012) |
| 12/06/2012 | 79 | DECLARATION of Cliff Cantor filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 78 MOTION to allow depositions of objectors Gordon B. Morgan and Jeremy De La Garza (Cantor, Clifford) (Entered: 12/06/2012) |

| 12/10/2012 | 80 | STIPULATION AND PROPOSED ORDER *for additional pages* by parties. (Cantor, Clifford) (Entered: 12/10/2012) |
|---|---|---|
| 12/10/2012 | 81 | STIPULATION AND ORDER re 80 Stipulation regarding page limit filed by Gregory Guerrier, Johanna Koskinen, Steven Cockayne, Cheyenne Fegan, Elena Munoz-Alazazi, Brian Crawford, Alia Tsang, Alyson Burn, Michael Bobowski, Sharon Floyd, Kyle Williams, Dan Dazell, Elaine Powell, Angelo Dennings by Judge James L. Robart. (MD) (Entered: 12/11/2012) |
| 12/11/2012 | 82 | ORDER granting 78 Plaintiffs' Motion to allow depositions of objectors Gordon B. Morgan and Jeremy De La Garza, by Judge James L. Robart.(MD) Modified on 12/11/2012-mailed copy of order to Robert Prior (MD). (Entered: 12/11/2012) |
| 12/12/2012 | 83 | DECLARATION of Cliff Cantor re. Objections; filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 71 MOTION for attorneys' fees and expenses and for service awards to representative plaintiffs , 69 MOTION for final approval of settlement (Attachments: # 1 Objection A, # 2 Objection B, # 3 Objection C, # 4 Objection D, # 5 Objection E, # 6 Objection F, # 7 Objection G)(Cantor, Clifford) (Entered: 12/12/2012) |
| 12/12/2012 | 84 | REPLY, filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams, TO RESPONSE to 71 MOTION for attorneys' fees and expenses and for service awards to representative plaintiffs , 69 MOTION for final approval of settlement (Cantor, Clifford) (Entered: 12/12/2012) |
| 12/12/2012 | 85 | Supplemental DECLARATION of Jennifer M. Keough of Garden City Group filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 71 MOTION for attorneys' fees and expenses and for service awards to representative plaintiffs , 69 MOTION for final approval of settlement (Cantor, Clifford) (Entered: 12/12/2012) |
| 12/12/2012 | 86 | Supplemental DECLARATION of Cliff Cantor filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 71 MOTION for attorneys' fees and expenses and for service awards to representative plaintiffs , 69 MOTION for final approval of settlement (Cantor, Clifford) (Entered: 12/12/2012) |
| 12/12/2012 | 87 | APPENDIX re 84 Reply to Response to Motion, *COMPENDIUM OF COURT FILINGS,* by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams. (Attachments: # 1 Ex. 1, # 2 Ex. 2, # 3 Ex. 3, # 4 Ex. 4, # 5 Ex. 5, # 6 Ex. 6, # 7 Ex. 7, # 8 Ex. 8, # 9 Ex. 9, # 10 Ex. 10, # 11 Ex. 11, # 12 Ex. 12, # 13 Ex. 13, # 14 |

| | | Ex. 14, # 15 Ex. 15, # 16 Ex. 16, # 17 Ex. 17, # 18 Ex. 18)(Cantor, Clifford) (Entered: 12/12/2012) |
|---|---|---|
| 12/12/2012 | 88 | RESPONSE, by Defendant Clearwire Corporation, to 69 MOTION for final approval of settlement . (Rummage, Stephen) (Entered: 12/12/2012) |
| 12/13/2012 | 89 | NOTICE of Appearance by attorney Felix G Luna on behalf of Interested Party Chad Minnick. (Luna, Felix) (Entered: 12/13/2012) |
| 12/13/2012 | 90 | APPLICATION OF ATTORNEY Jonathan K. Tycko FOR LEAVE TO APPEAR PRO HAC VICE for Interested Party Chad Minnick (Fee Paid) Receipt No. 0981-3046491. (Luna, Felix) (Entered: 12/13/2012) |
| 12/14/2012 | 91 | ORDER re 90 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Jonathan K Tycko for Chad Minnick, by William M. McCool. (No document associated with this docket entry, text only.)(DS) (Entered: 12/14/2012) |
| 12/15/2012 | 92 | NOTICE TO TAKE DEPOSITION of Mr. Jeremy De La Garza on Dec. 17, 2012. Filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams, Interested Party Chad Minnick. (Attachments: # 1 Ex A, # 2 Ex B)(Cantor, Clifford) (Entered: 12/15/2012) |
| 12/15/2012 | 93 | NOTICE TO TAKE DEPOSITION of Mr. Gordon Morgan on Dec. 17, 2012. Filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams, Interested Party Chad Minnick. (Attachments: # 1 Ex A, # 2 Ex B)(Cantor, Clifford) (Entered: 12/15/2012) |
| 12/17/2012 | 94 | OBJECTIONS re 93 Notice to Take Deposition, 92 Notice to Take Deposition, *to Subpoena of Documents* by Objectors Jeremy De La Garza, Gordan B. Morgan. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Bandas, Christopher) (Entered: 12/17/2012) |
| 12/18/2012 | 95 | Second DECLARATION of Cliff Cantor re objections; filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 71 MOTION for attorneys' fees and expenses and for service awards to representative plaintiffs , 69 MOTION for final approval of settlement (Attachments: # 1 untimely objection) (Cantor, Clifford) (Entered: 12/18/2012) |
| 12/18/2012 | 96 | PROPOSED ORDER (Unsigned) re 69 MOTION for final approval of settlement , *revised, with Exhibit 1* (Cantor, Clifford) (Entered: 12/18/2012) |
| 12/18/2012 | 97 | MEMORANDUM filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 71 MOTION for attorneys' fees and expenses and for |

| | | |
|---|---|---|
| | | service awards to representative plaintiffs , 69 MOTION for final approval of settlement : *PLS.' DEPOSITION INFO. ABOUT OBJECTORS MORGAN AND DE LA GARZA* (Attachments: # 1 Cantor decl. re. depositions of Morgan and De La Garza, # 2 Ex. A - excerpts of Morgan dep., # 3 Ex. B - excerpts of De La Garza dep.)(Cantor, Clifford) (Entered: 12/18/2012) |
| 12/19/2012 | 98 | MINUTE ENTRY for proceedings held before Judge James L. Robart- Dep Clerk: *Casey Condon*; Pla Counsel: *Clifford Cantor*; Def Counsel: *Stephen Rummage, Kenneth Payson*; CR: *Barry Fanning*; **Final Approval of Class Settlement hearing held on 12/19/2012. The court approves the class settlement and signs the Settlement Order And Final Judgment. The court directs counsel to submit a renewed motion for attorneys' fees, no later than March 1,2013. (CC) (Entered: 12/19/2012)** |
| 12/20/2012 | 99 | SETTLEMENT ORDER AND FINAL JUDGMENT re 96 Proposed Order (Unsigned) filed by Gregory Guerrier, Johanna Koskinen, Steven Cockayne, Cheyenne Fegan, Elena Munoz-Alazazi, Brian Crawford, Alia Tsang, Alyson Burn, Michael Bobowski, Sharon Floyd, Kyle Williams, Dan Dazell, Elaine Powell, Angelo Dennings by Judge James L. Robart. (MD) (Entered: 12/21/2012) |
| 12/27/2012 | 100 | NOTICE OF WITHDRAWAL OF COUNSEL: Attorney Peter Seidman for Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams. (Seidman, Peter) (Entered: 12/27/2012) |
| 01/18/2013 | 101 | NOTICE OF APPEAL (13-.5038) to Ninth Circuit re 99 Order, by Objectors Jeremy De La Garza, Gordan B. Morgan. Filing Fee $455, Receipt number 0981-3080235. (Attachments: # 1 Certificate of Service Certificate of Service)(Bandas, Christopher) Modified on 1/23/2013; added CCA case number. (LMK). (Entered: 01/18/2013) |
| 01/18/2013 | 102 | TIME SCHEDULE ORDER (13-35038) as to 101 Notice of Appeal, filed by Gordan B. Morgan, Jeremy De La Garza : The schedule is set as follows: Mediation Questionnaire due on 01/25/2013. Transcript ordered by 02/19/2013. Transcript due 03/19/2013. Appellants Jeremy De La Garza and Gordan B Morgan opening brief due 04/29/2013. Appellees Michael Bobowski, Alyson Burn, Clearwire Corporation, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Robert Prior, Alia Tsang and Kyle Williams answering brief due 05/28/2013. Appellant's optional reply brief is due 14 days after service of the answering brief. (LMK) (Entered: 01/23/2013) |
| 02/04/2013 | 103 | STIPULATION AND PROPOSED ORDER *extending date* by parties. (Cantor, Clifford) (Entered: 02/04/2013) |
| 02/04/2013 | 104 | STIPULATION AND ORDER re 103 Stipulation extending date for renewed fee-and-expense motion filed by Gregory Guerrier, Johanna Koskinen, Steven Cockayne, Cheyenne Fegan, Elena Munoz-Alazazi, Brian Crawford, Alia Tsang, Alyson Burn, Michael Bobowski, Sharon Floyd, Kyle Williams, Dan Dazell, Elaine Powell, Angelo Dennings, by Judge James L. Robart. (MD) Modified on 2/5/2013 -mailed copy of |

| | | |
|---|---|---|
| | | order to pltf Robert Prior(MD). (Entered: 02/05/2013) |
| 02/19/2013 | 105 | STIPULATION AND PROPOSED ORDER *for second extension of time to file supplemental material on fee-and-expense motion* by parties. (Cantor, Clifford) (Entered: 02/19/2013) |
| 02/19/2013 | 106 | STIPULATION AND ORDER re 105 Stipulation for second extension of time to file supplemental material on fee-and-expense motion filed by Gregory Guerrier, Johanna Koskinen, Steven Cockayne, Cheyenne Fegan, Elena Munoz-Alazazi, Brian Crawford, Alia Tsang, Alyson Burn, Michael Bobowski, Sharon Floyd, Kyle Williams, Dan Dazell, Elaine Powell, Angelo Dennings, by Judge James L. Robart. (MD) (Entered: 02/20/2013) |
| 02/20/2013 | 107 | MOTION for Order *requiring appeal bond* by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams. (Attachments: # 1 Proposed Order) Noting Date 3/8/2013, (Cantor, Clifford) (Entered: 02/20/2013) |
| 02/20/2013 | 108 | DECLARATION of Cliff Cantor filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 107 MOTION for Order *requiring appeal bond* (Attachments: # 1 Ex A - Keough Decl., # 2 Ex B - Embry v. Acer (slip op.), # 3 Ex C - 2011 Annual Report, # 4 Ex D - De La Garza objection)(Cantor, Clifford) (Entered: 02/20/2013) |
| 02/21/2013 | 109 | TRANSCRIPT REQUEST by Objectors Jeremy De La Garza, Gordan B. Morgan for proceedings held on 12/19/2012 Requesting Attorney: Christopher A Bandas. (Bandas, Christopher) (Entered: 02/21/2013) |
| 02/21/2013 | 110 | MOTION for Order *Clearwire's Joinder in Plaintiff's Motion for Appeal Bond* by Defendant Clearwire Corporation. Noting Date 3/8/2013, (Rummage, Stephen) (Entered: 02/21/2013) |
| 02/27/2013 | 111 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion For Approval of Class Settlement held on 12/19/2012 before Judge James L. Robart. Parties have ten (10) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov. To purchase a copy of the transcript contact court reporter Barry Fanning by telephone at 206-370-8507. or by e-mail at barry_fanning@wawd.uscourts.gov. |

| | | . Release of Transcript Restriction set for 5/28/2013, (BF) (Entered: 02/27/2013) |
|---|---|---|
| 03/01/2013 | 112 | RESPONSE, by Objectors Jeremy De La Garza, Gordan B. Morgan, to 110 MOTION for Order *Clearwire's Joinder in Plaintiff's Motion for Appeal Bond*, 107 MOTION for Order *requiring appeal bond*. Oral Argument Requested. (Bandas, Christopher) (Entered: 03/01/2013) |
| 03/08/2013 | 113 | REPLY, filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams, TO RESPONSE to 107 MOTION for Order *requiring appeal bond* (Cantor, Clifford) (Entered: 03/08/2013) |
| 03/08/2013 | 114 | DECLARATION of Jonathan K. Tycko filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams, Interested Party Chad Minnick re 107 MOTION for Order *requiring appeal bond* (Cantor, Clifford) (Entered: 03/08/2013) |
| 03/08/2013 | 115 | Second DECLARATION of Cliff Cantor filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 107 MOTION for Order *requiring appeal bond* (Attachments: # 1 Ex. E, # 2 Ex. F)(Cantor, Clifford) (Entered: 03/08/2013) |
| 03/08/2013 | 116 | Second DECLARATION of Cliff Cantor filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 107 MOTION for Order *requiring appeal bond* (Attachments: # 1 Ex. E, corrected, # 2 Ex. F, corrected) (Cantor, Clifford) (Entered: 03/08/2013) |
| 03/11/2013 | 117 | ORDER granting 107 110 Plaintiffs' Motion for Appeal Bond and orders Mr. Morgan and Mr. De La Garza to either post a bond in the amount of $41,150.00 or dismiss their notice of appeal, by Judge James L. Robart.(MD, cc to Pro se party) (Entered: 03/12/2013) |
| 03/13/2013 | 118 | STIPULATION AND PROPOSED ORDER *for extension* by parties. (Cantor, Clifford) (Entered: 03/13/2013) |
| 03/14/2013 | 119 | STIPULATION AND ORDER re 118 Stipulation for third extension of time to file supplemental material on fee-and-expense motion filed by the parties, by Judge James L. Robart. (MD) Modified on 3/14/2013-mailed copy of order to Robert Prior (MD). (Entered: 03/14/2013) |
| 03/27/2013 | 120 | MOTION for Order *awarding fees & reimbursement of expenses* by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams. (Attachments: # 1 |

| | | Proposed Order) Noting Date 4/12/2013, (Cantor, Clifford) (Entered: 03/27/2013) |
|---|---|---|
| 03/27/2013 | 121 | DECLARATION of Cliff Cantor filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 120 MOTION for Order *awarding fees & reimbursement of expenses* (Cantor, Clifford) (Entered: 03/27/2013) |
| 03/27/2013 | 122 | DECLARATION of Jennifer M. Keough of the Garden City Group, Inc. regarding Calculation of Distribution Amount filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 120 MOTION for Order *awarding fees & reimbursement of expenses* (Cantor, Clifford) (Entered: 03/27/2013) |
| 03/27/2013 | 123 | DECLARATION of Jennifer M. Keough regarding The Garden City Group, Inc.'s Fees & Expenses for Settlement Administration filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 120 MOTION for Order *awarding fees & reimbursement of expenses* (Cantor, Clifford) (Entered: 03/27/2013) |
| 03/27/2013 | 124 | DECLARATION of / Supplemental Compendium of Counsel's Declarations filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 120 MOTION for Order *awarding fees & reimbursement of expenses* (Cantor, Clifford) (Entered: 03/27/2013) |
| 03/27/2013 | 125 | DECLARATION of Howard Anderson, Hans Andersson, and Brian Jacobson regarding Clearwire Claim Data filed by Defendant Clearwire Corporation re 120 MOTION for Order *awarding fees & reimbursement of expenses* (Payson, Kenneth) (Entered: 03/27/2013) |
| 04/22/2013 | 126 | ORDER of USCA (13-35038) as to 101 Notice of Appeal, filed by Gordan B. Morgan, Jeremy De La Garza;Plaintiffs-appellees request for judicial notice is granted. A review of the record, the motion for summary affirmance, and the opposition and reply thereto, demonstrates that the questions raised in this appeal are so insubstantial as not to require further argument. See United States v. Hooton, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (stating standard). Accordingly, we grant plaintiffs-appellees motion for summary affirmance of the district courts December 20, 2012 settlement order and final judgment. Appellants motion for sanctions is denied. AFFIRMED. (LMK) (Entered: 04/22/2013) |
| 05/03/2013 | 127 | ORDER Granting 120 Motion for Attorney's Fees and Expenses. by Judge James L. Robart. Total amount awarded is $1,950.000.00. (CL) (Entered: 05/03/2013) |
| 05/09/2013 | 128 | MOTION for Contempt *for ignoring Court's order to post appeal bond* by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Declaration of Cliff Cantor, # 2 Proposed Order) Noting Date 5/24/2013, (Cantor, Clifford) (Entered: 05/09/2013) |
| 05/20/2013 | 129 | RESPONSE, by Objectors Jeremy De La Garza, Gordan B. Morgan, to 128 MOTION for Contempt *for ignoring Court's order to post appeal bond.* (Attachments: # 1 Exhibit Appellants' Motion for Voluntary Dismissal, # 2 Exhibit 9th Circuit Order granting stay of appeal bond, # 3 Exhibit 7th Circuit Order granting stay of appeal bond)(Bandas, Christopher) (Entered: 05/20/2013) |
| 06/03/2013 | 130 | ORDER denying 128 Class Plaintiffs' Motion for Contempt, by Judge James L. Robart.(MD) Modified on 6/3/2013-mailed copy of order to Robert Prior (MD). (Entered: 06/03/2013) |
| 06/03/2013 | 131 | MANDATE of USCA (13-35038) as to 101 Notice of Appeal, filed by Gordan B. Morgan, Jeremy De La Garza The judgment of this Court, entered April 22, 2013, takes effect this date. AFFIRMED (SA) (Entered: 06/03/2013) |
| 06/03/2013 | 132 | NOTICE OF APPEAL to Ninth Circuit (13-35491) re 127 Order on Motion for Order by Objectors Jeremy De La Garza, Gordan B. Morgan. Filing Fee $455, Receipt number 0981-3229408. (Attachments: # 1 Certificate of Service)(Bandas, Christopher) Modified on 6/4/2013 , ADD CCA #(SA). (Entered: 06/03/2013) |
| 06/03/2013 | 133 | TIME SCHEDULE ORDER as to 132 Notice of Appeal filed by Gordan B. Morgan, Jeremy De La Garza : Transcript designation due by 7/3/13; Transcript by court reporter due by 8/2/13; Appellants opening brief due by 9/11/13; Appellees response brief due by 10/11/13; Appellants optional reply brief due within 14 days of service of the response brief. (SA) (Entered: 06/04/2013) |
| 06/13/2013 | 134 | MOTION class plaintiffs' motion for appeal bond in connection with objectors' second appeal by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams. (Attachments: # 1 Proposed Order) Noting Date 6/28/2013, (Cantor, Clifford) (Entered: 06/13/2013) |
| 06/13/2013 | 135 | DECLARATION of Cliff Cantor iso motion for appeal bond filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 134 MOTION class plaintiffs' motion for appeal bond in connection with objectors' second appeal (Attachments: # 1 Exhibit A)(Cantor, Clifford) (Entered: 06/13/2013) |
| 06/13/2013 | 136 | DECLARATION of Cliff Cantor (re-filing of dkt. 108) filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 134 MOTION class plaintiffs' motion for appeal bond in connection with objectors' second appeal (Attachments: # 1 Ex. A, # 2 Ex. B, # 3 Ex. C, # 4 Ex. D)(Cantor, Clifford) (Entered: 06/13/2013) |

| 06/21/2013 | 137 | Letter re: Stipulated Injunction. (Attachments: # 1 Exhibit Declaration)(Bandas, Christopher) (Entered: 06/21/2013) |
|---|---|---|
| 06/24/2013 | 138 | RESPONSE, by Objectors Jeremy De La Garza, Gordan B. Morgan, to 134 MOTION class plaintiffs' motion for appeal bond in connection with objectors' second appeal . (Attachments: # 1 Exhibit letter from C. Bandas, # 2 Exhibit letter from C. Cantor, # 3 Exhibit Order, In re Wal-Mart (9th Cir), # 4 Exhibit Order, Heekin v. Anthem (7th Cir))(Bandas, Christopher) (Entered: 06/24/2013) |
| 06/28/2013 | 139 | REPLY, filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams, TO RESPONSE to 134 MOTION class plaintiffs' motion for appeal bond in connection with objectors' second appeal (Cantor, Clifford) (Entered: 06/28/2013) |
| 06/28/2013 | 140 | DECLARATION of Cliff Cantor filed by Plaintiffs Michael Bobowski, Alyson Burn, Steven Cockayne, Brian Crawford, Dan Dazell, Angelo Dennings, Cheyenne Fegan, Sharon Floyd, Gregory Guerrier, Johanna Koskinen, Elena Munoz-Alazazi, Elaine Powell, Alia Tsang, Kyle Williams re 134 MOTION class plaintiffs' motion for appeal bond in connection with objectors' second appeal (Attachments: # 1 Ex. A, # 2 Ex. B)(Cantor, Clifford) (Entered: 06/28/2013) |
| 07/03/2013 | 141 | TRANSCRIPT REQUEST by Objectors Jeremy De La Garza, Gordan B. Morgan for proceedings held on 12/19/2012 re 111 Notice of Filing of Official Transcript,,,. Requesting Attorney: Christopher A Bandas. (Bandas, Christopher) (Entered: 07/03/2013) |
| 07/08/2013 | 142 | ORDER granting 134 Plaintiffs' second Motion for an appeal bond by Judge James L. Robart.(MD) Modified on 7/8/2013- cc to Fin'l Dept. (MD). (Entered: 07/08/2013) |
| 07/08/2013 | 143 | MOTION to Withdraw as Attorney by Objectors Jeremy De La Garza, Gordan B. Morgan. (Attachments: # 1 Proposed Order) Noting Date 7/26/2013, (Heyrich, Donald) (Entered: 07/08/2013) |
| 07/09/2013 | 144 | ORDER - Permitting deposit of appeal bond in court registry by Judge James L. Robart. (MD, cc to Fin'l Dept) (Entered: 07/09/2013) |
| 07/09/2013 | 145 | Emergency MOTION to Stay re 144 Order, 142 Order on Motion for Miscellaneous Relief by Objectors Jeremy De La Garza, Gordan B. Morgan. (Attachments: # 1 Proposed Order) Noting Date 7/9/2013, (Bandas, Christopher) (Entered: 07/09/2013) |
| 07/09/2013 | 146 | EXHIBIT 1-3 re 145 Emergency MOTION to Stay re 144 Order, 142 Order on Motion for Miscellaneous Relief by Objectors Jeremy De La Garza, Gordan B. Morgan. (Attachments: # 1 Exhibit, # 2 Exhibit)(Bandas, Christopher) (Entered: 07/09/2013) |
| 07/09/2013 | 147 | AMENDED Notice of Appeal as to 132 Notice of Appeal, by Objectors Jeremy De La Garza, Gordan B. Morgan. (Bandas, Christopher) (Entered: 07/09/2013) |
| 07/09/2013 | 148 | ORDER VACATING PRIOR ORDER re 142 Order on Motion for an appeal bond by Judge James L. Robart. (MD) Modified text on 7/9/2013 (MD). (Entered: 07/09/2013) |

1/17/2014 11:15 AM

| 07/09/2013 | 149 | AMENDED ORDER - Granting Motion for Appeal Bond by Judge James L. Robart. (MD, cc to Fin'l Dept) (Entered: 07/09/2013) |
| 07/09/2013 | 150 | AMENDED Notice of Appeal as to 147 AMENDED Notice of Appeal, 132 Notice of Appeal, by Objectors Jeremy De La Garza, Gordan B. Morgan. (Bandas, Christopher) (Entered: 07/09/2013) |
| 07/09/2013 | 151 | Emergency MOTION to Stay re 149 Order *AMENDED* by Objectors Jeremy De La Garza, Gordan B. Morgan. (Attachments: # 1 Proposed Order, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) Noting Date 7/9/2013, (Bandas, Christopher) (Entered: 07/09/2013) |
| 07/10/2013 | | Pursuant to Local Civil Rule 7(d)(3) Objectors Emergency Motion to Stay (Dkt. #145) and Emergency Motion to Stay (Dkt. #151) are re-noted to July 26, 2013.(CC) (Entered: 07/10/2013) |
| 07/11/2013 | 152 | ORDER denying Objectors' 151 Motion to Stay by Judge James L. Robart.(RS) Modified on 7/11/2013/cc Prior (RS). (Entered: 07/11/2013) |
| 07/15/2013 | 153 | ORDER of USCA (13-35491) as to 132 Notice of Appeal, filed by Gordan B. Morgan, Jeremy De La Garza The emergency motion to stay appeal bond is denied. The court will address all other pending motions by separate order. Briefing is stayed pending resolution of the pending motions. (SA) (Entered: 07/15/2013) |
| 07/19/2013 | 154 | ORDER TO APPEAR AND SHOW CAUSE by Judge James L. Robart. Show Cause Hearing set for 8/1/2013 at 02:00 PM before Judge James L. Robart. (RS) Modified on 7/22/2013/cc Prior (RS). (Entered: 07/22/2013) |
| 07/25/2013 | 155 | MOTION to Vacate 154 Order to Show Cause *and Notice of Posting of Appeal Bond in Full Amount* by Objectors Jeremy De La Garza, Gordan B. Morgan. (Attachments: # 1 Exhibit FedEx proof of bond check, # 2 Exhibit Andersen Declaration) Noting Date 7/26/2013, (Bandas, Christopher) (Entered: 07/25/2013) |
| 07/26/2013 | 156 | ORDER Denying Objectors' 155 Motion to Vacate by Judge James L. Robart. (CL) (Entered: 07/26/2013) |
| 07/26/2013 | 157 | NOTICE of Appearance by attorney Michael Paul Iaria on behalf of Objector Jeremy De La Garza. (Iaria, Michael) (Entered: 07/26/2013) |
| 07/29/2013 | | Attorney Susan Fannie Wilk for Jeremy De La Garza added. (KN) (Entered: 07/29/2013) |
| 07/30/2013 | 158 | ORDER - Notice to Objectors and Counsel regarding sanctions by Judge James L. Robart. (MD) (Entered: 07/30/2013) |
| 07/31/2013 | 159 | MOTION to Continue *Show Cause Hearing* by Objector Jeremy De La Garza. Oral Argument Requested. (Attachments: # 1 Appendix Declaration of Counsel) Noting Date 7/31/2013, (Iaria, Michael) (Entered: 07/31/2013) |
| 07/31/2013 | 160 | ORDER Denying 159 Motion to Continue by Judge James L. Robart; The sanctions hearing will take place on August 1, 2013, as scheduled. (TF) cc: Robert Prior (Entered: 07/31/2013) |

| 07/31/2013 | 161 | CASH BOND RECEIPT in the amount of $41,150.00, posted by Clearwire Corporation, re 149 Order regarding posting of bond. Cash bond deposited with clerk's office on 7/23/13. (MD) (Entered: 08/01/2013) |
| 08/01/2013 | 162 | MINUTE ENTRY for proceedings held before Judge James L. Robart- Dep Clerk: *Casey Condon*; Pla Counsel: *Clifford Cantor, Felix Luna*; Def Counsel: *Steve Rummage. Michael Iaria, Susan Wilk*; CR: *Kari Davidson, Vernon & Associates*; **Show Cause Hearing** held on 8/1/2013. The court hears from Mr. Iaria. The court extends the deadline to file additional briefing to 8:00 a.m., Monday, August 19, 2013. The court continues the show cause hearing to Wednesday, August 21, 2013 at 2:00 p.m.(CC) (Entered: 08/01/2013) |
| 08/02/2013 | | Set/Reset Hearings: Show Cause Hearing scheduled August 21, 2013 is rescheduled for Tuesday, August 20, 2013 at 2:00 p.m. Additional briefing shall be filed by 4:30 p.m., Friday, August 16, 2013.(CC) (Entered: 08/02/2013) |
| 08/09/2013 | 164 | **SEALED DOCUMENT Earning Statement re: Angelo Dennings et al vs. Clearwire filed by East West Bank for July, 2013** (MD) (Entered: 08/13/2013) |
| 08/12/2013 | 163 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Show Cause Hearing held on 8/1/2013 before Judge James L. Robart. Parties have ten (10) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov. To purchase a copy of the transcript contact court reporter Kari Lee Davidson by telephone at 253-627-2062. . Release of Transcript Restriction set for 11/12/2013, (LMK) (Entered: 08/13/2013) |
| 08/15/2013 | 165 | MEMORANDUM filed by Objector Jeremy De La Garza re 155 MOTION to Vacate 154 Order to Show Cause *and Notice of Posting of Appeal Bond in Full Amount .................CHRISTOPHER BANDAS'S MEMORANDUM IN OPPOSITION TO SANCTIONS* (Attachments: # 1 Exhibit Declaration of Philip Talmadge, # 2 Exhibit Declaration of Kenneth Kagan, # 3 Exhibit Declaration of Jan Petrus, # 4 Exhibit Declaration of Christopher Bandas with Appendices, # 5 Exhibit Case - In re Navistar Diesel Engine Products, # 6 Exhibit 9th Circuit Brief - Appellant's Response to Plaintiffs-Appellees' Motion for Summary Affirmance)(Iaria, Michael) (Entered: 08/15/2013) |
| 08/20/2013 | 166 | MINUTE ENTRY for proceedings held before Judge James L. Robart- Dep Clerk: *Casey Condon*; Pla Counsel: *Clifford Cantor, Felix, Luna*; Def Counsel: *Steve Rummage. Michael Iaria, Susan Wilk, Christopher Bandas, Donald Heyrich*; CR: |

| | | *Barry Fanning*; **SHOW CAUSE HEARING** held on 8/20/2013. The court hears from counsel re: sanctions. The court rules that the appropriate sanction is to revoke Mr. Bandas' authorization to practice in the Western District of Washington. The court grants the motion to withdraw, Dkt. #143. (CC) (Entered: 08/20/2013) |
|---|---|---|
| 09/09/2013 | 167 | ORDER of USCA (13-35491) as to 132 Notice of Appeal, filed by Gordan B. Morgan, Jeremy De La Garza. Plaintiffs-appellees request for judicial notice is granted. A review of the record, the motion for summary affirmance, the opposition and reply thereto, demonstrates that the questions raised in this appeal are so insubstantial as not to require further argument. (SEE ORDER FOR FURTHER INSTRUCTION). (SA) (Entered: 09/09/2013) |
| 09/11/2013 | 168 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Show Cause Hearing held on 8/20/2013 before Judge James L. Robart.<br><br>Parties have ten (10) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov.<br><br>To purchase a copy of the transcript contact court reporter Barry Fanning by telephone at 206-370-8507. or by e-mail at barry_fanning@wawd.uscourts.gov.<br><br>. Release of Transcript Restriction set for 12/10/2013, (BF) (Entered: 09/11/2013) |
| 09/19/2013 | 169 | Unopposed MOTION Return of Appeal Bond re 149 Order *Granting Motion for Appeal Bond* by Objectors Jeremy De La Garza, Gordan B. Morgan. (Attachments: # 1 Exhibit Joint Stipulation) Noting Date 10/4/2013, (Bandas, Christopher) (Entered: 09/19/2013) |
| 10/02/2013 | 170 | MANDATE of USCA (13-35491) as to 132 Notice of Appeal, filed by Gordan B. Morgan, Jeremy De La Garza. The judgment of this Court, entered September 09, 2013, takes effect this date. AFFIRMED. (SA) (Entered: 10/02/2013) |
| 10/07/2013 | 171 | ORDER OF DISTRIBUTION of Funds re: Appellate Bond. Motions terminated: 169 Unopposed MOTION Return of Appeal Bond re 149 Order *Granting Motion for Appeal Bond* filed by Gordan B. Morgan, Jeremy De La Garza, by Judge James L. Robart. (MDm cc to Fin'l Dept) Modified on 10/7/2013- mailed copy of order to Robert Prior (MD). (Entered: 10/07/2013) |
| 12/17/2013 | 172 | STIPULATION AND PROPOSED ORDER *Regarding Settlement Distribution* by parties. (Payson, Kenneth) (Entered: 12/17/2013) |
| 12/20/2013 | 173 | STIPULATION AND ORDER re 172 Stipulation regarding settlement distribution filed by Clearwire Corporation by Judge James L. Robart. (MD) (Entered: 12/20/2013) |

1/17/2014 11:15 AM

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/17/2014 10:53:56 | | |
| **PACER Login:** | ar0077 | **Client Code:** | 8327 |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cv-01859-JLR |
| **Billable Pages:** | 17 | **Cost:** | 1.70 |

# EXHIBIT H

**Clayton Halunen**

From:         Saved by Windows Internet Explorer 8
Sent:         Thursday, June 10, 2010 1:59 PM
Subject:      BEFORE THE HEARING BOARD OF THE

### BEFORE THE HEARING BOARD
### OF THE
### ILLINOIS ATTORNEY REGISTRATION
### AND
### DISCIPLINARY COMMISSION

In the Matter of:

    **ALAN BARINHOLTZ,**                 Commission No.  2010PR00070

    Attorney-Respondent,              FILED -  May 26, 2010

    No.  3126802.

### COMPLAINT

Jerome Larkin, Administrator of the Attorney Registration and Disciplinary Commission, by his attorney, Gina M. Abbatemarco, pursuant to Supreme Court Rule 753(b), complains of Respondent, Alan Barinholtz, who was licensed to practice law in Illinois on October 29, 1980, and alleges that Respondent has engaged in the following conduct which tends to defeat the administration of justice or to bring the courts or the legal profession into disrepute:

1. In 2001, counsel for a group of current and former WalMart employees filed a class action lawsuit against WalMart based on claims that WalMart had not compensated its Illinois employees for all the time they had worked or paid them all of the benefits they had earned. The matter was docketed in the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, as *Lisa Brown, et al. v. WalMart*, case number 01 L 85 ("WalMart litigation").

2. In or about July 2009, a proposed settlement agreement was reached in the WalMart litigation between the class representatives and WalMart, in which the parties agreed, *inter alia*, that the class would receive an award of $6 million and the attorneys for the class would be paid $8 million in fees.

3. After the proposed settlement agreement was reached, class counsel mailed a notice regarding the proposed settlement to members of the class, which informed class members that objections to the settlement had to be filed by September 28, 2009, and that any objections were to include "the amount of money the objector claims is due to the objector and to the objector's attorney, if any; state the specific reason for each objection, including any legal support that the objector wishes to bring to the court's attention; include copies of any documentary evidence and a brief summary of testimonial evidence the objector wishes to introduce in support of the objection." The notice also provided that the court would conduct a fairness hearing to consider any objections on October 29, 2009, and that class members had until December 15, 2009 to file a claim for their portion of the settlement.

1

4. On or about September 24, 2009, Respondent received a telephone call from Christopher Bandas ("Bandas"), who identified himself as an attorney licensed in Texas. Bandas requested that Respondent serve as local counsel for the filing of an objection to the proposed settlement that had been reached in the WalMart litigation, and asked that Respondent provide him with information about anyone Respondent knew who worked at WalMart and would be eligible to file an objection to the settlement. Bandas told Respondent that when he had filed objections to class action settlements in other jurisdictions, he had been able to obtain a $100,000 settlement of his attorneys' fees.

5. At no time on or after September 24, 2009 did Respondent take any steps to verify Bandas' qualifications or experience, or Bandas's history of filing objections to the proposed settlements in other class action lawsuits. Had he done so, Respondent would have learned that Bandas had associated with local counsel in South Carolina, Iowa, Missouri, and Florida for the purpose of filing objections to several class actions then pending against WalMart that raised similar claims to those he had contemplated raising in Illinois with Respondent. Respondent also would have learned that the objections that Bandas and his local counsel caused to be filed in those cases generally asserted that the proposed settlements inequitably allocated greater portions of the settlement funds to class counsel and class representatives than they did to class members, but did not include specific allegations demonstrating the purported inequity of the settlements, or citations to legal authority in support of the purported objector's claim that the settlement should be rejected or adjusted in some manner.

6. Had Respondent conducted an inquiry into Bandas's handling of the cases referenced in paragraph five, above, he would have discovered cases in which the courts found that Bandas's objections: lacked substantive merit; that they failed to meet the procedural requirements for the filing of such objections; that they were generic and bore no particular relationship to the circumstances of each settlement; and that Bandas's and local counsel's filing of the objections had been found to be attempt by Bandas and local counsel to extort money from the class and/or class counsel.

7. On or about September 24, 2009, Respondent asked Colleen Boyle ("Boyle"), a legal secretary who was employed by another attorney in Respondent's office suite, if she knew anyone who worked at WalMart. Boyle told Respondent that her friend, Jill Carlson, was a WalMart employee, and told Respondent she would give Carlson Respondent's phone number.

8. On or about September 24, 2009, Carlson contacted Respondent and discussed with him the possibility of filing objections to the proposed settlement in the WalMart litigation. During that conversation, and Carlson's subsequent discussion with Bandas that same day, Carlson, Bandas and Respondent discussed the filing of objections to the proposed settlement based on a claim that the settlement resulted in a larger award to class counsel than the class members.

9. Based on the discussions referred to in paragraph eight, above, Respondent and Bandas agreed to represent Carlson, and to file objections to the proposed settlement in the WalMart litigation under Carlson's name. Respondent and Bandas agreed that Respondent would serve as local counsel for the filing of Carlson's purported objections to the WalMart litigation, and that Respondent would receive 15 percent of any fees that he and Bandas were able to recover as a result of filing Carlson's purported objections to the proposed settlement.

10. On or about September 25, 2009, Bandas prepared a fee agreement for Carlson to sign that entitled Bandas and Respondent to apply to the court for a fee award in the WalMart litigation, and in which Carlson released her claims to any such award. The fee agreement further provided that Carlson could receive an incentive award from the court in the range of $1,500 to $5,000, but that she would otherwise only receive any benefits that she would be entitled to receive as a class member, under the existing claims process. Carlson signed the agreement on September 26, 2009.

11. Sometime between September 24, 2009 and September 28, 2009, Bandas prepared a motion setting forth Carlson's purported objections to the proposed settlement in the WalMart litigation. In the motion, Bandas generally claimed that the proposed settlement inequitably allocated greater portions of the settlement funds to class counsel and class representatives than it did to class members, and that the period in which class members could file claims for a portion of the settlement was too brief. In the motion, Bandas did not as required by the Court's notice (described in paragraph three, above) include "the amount of money the objector claims is due to the objector and to the objector's attorney, if any; state the specific reason for each objection, including any legal support that the objector wishes to bring to the court's attention; include copies of any documentary evidence and a brief summary of testimonial evidence the objector wishes to introduce in support of the objection, " or otherwise support his assertions that the proposed settlement was inequitable or improper.

12. Between September 24, 2009, and September 28, 2009, Bandas sent Respondent the objections Bandas had drafted and a motion requesting that the court permit Bandas to appear *pro hac vice* in the WalMart litigation. Bandas requested that Respondent cause those materials to be filed in the WalMart litigation.

13. Prior to filing the motion and objections, Respondent had not reviewed the court file or the settlement agreement reached by the parties in the WalMart litigation; requested documentation from plaintiff's class counsel regarding class counsel's claims for fees; reviewed any documentation used to calculate the plaintiff's proposed fee award; calculated the value of the injunctive relief plaintiff's attorneys were able to obtain in the litigation; or taken any other steps to investigate any of the claims set forth in the motion objecting to the settlement.

14. On or about September 28, 2009, Respondent signed and filed an appearance, Carlson's purported objection to the class settlement and request for attorneys' fees and expenses and a motion to intervene in the WalMart litigation. On that date, Respondent also filed Bandas's request for admission *pro hac vice* in the WalMart litigation. The court in case number 01 L 85 set Respondent's and Bandas's motions for a fairness hearing on October 29, 2009.

15. Sometime between September 28, 2009 and October 14, 2009, Respondent learned, by speaking to class counsel and reviewing court documents tendered at Carlson's October 14, 2009 deposition, that Bandas had associated with local counsel in South Carolina, Iowa, Missouri, and Florida for the purposes for the purpose of filing objections to several class actions then pending against WalMart and that in those cases Bandas had raised similar claims to those he had raised in case number 01 L 85. The objections that Bandas and his local counsel caused to be filed in those cases generally asserted that the proposed settlements inequitably allocated greater portions of the settlement funds to class counsel and class representatives than they did to class members, but did not contain specific allegations demonstrating the inequity of the settlements, or citations to legal authority in support of the purported objector's claim that the settlement should be rejected or adjusted in some manner.

16. Between September 28, 2009 and October 14, 2009, Respondent learned by speaking to class counsel and reviewing court documents, that between May 2009 and August 2009, court orders had been entered in the cases referenced in paragraph 15, above, in which the courts found that: Bandas' and local counsel's objections lacked substantive merit; that they failed to meet the procedural requirements for the filing of such objections; that they were generic and bore no particular relationship to the circumstances of each settlement; and that Bandas's and local counsel's filing of the objections had been found to be attempt by Bandas and local counsel to extort money from the class and/or class counsel.

17. At no time after October 14, 2009, did Respondent or Bandas withdraw the objections Respondent had filed in the WalMart litigation.

18. On October 29, 2009, neither Carlson, Respondent or Bandas appeared for the fairness hearing in case number 01 L 85. On that date, the Honorable Mark A. VandeWiele denied the motion to intervene and object, as well as Bandas's motion for admission *pro hac vice*. In denying the motions, Judge VandeWiele found that:

> "[t]he Bandas Objection filed on behalf of Ms. Carlson is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit and not for the benefit of this Class or for those lawyers' client. The record before the Court demonstrates that Bandas is a professional objector who is improperly attempting to "hijack" the settlement of this case from deserving class members and dedicated, hardworking counsel, solely to coerce ill-gotten, inappropriate and unspecified "legal fees". Bandas has filed virtually identical, frivolous objections in South Carolina, Iowa, Missouri and Florida in settlements of similar wage and hour class actions against Walmart..... The Court finds that a lack of involvement and participation by Ms. Carlson and her counsel, combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the Class and/or Class Counsel. Though filed by two lawyers, the Bandas Objection offers nothing in the way of specific criticisms of the proposed Settlement. The content of the Bandas Objection demonstrates that neither Ms. Carlson nor her counsel has ever visited the settlement website or read the Stipulation of Settlement in this case. The Bandas Objection ignores the terms of the proposed Settlement before the court. The Bandas Objection offers no legal or factual support for its assertion that the claims deadline is "brief" or that the claims process is difficult. The Class Settlement Amount and the Floor are clearly laid out in the Stipulation of Settlement and in the Class Notice.... It is short on specifics, is wholly devoid of evidence and controlling authority, and it fails to comply with the procedures ordered by the Court for properly objecting to the Settlement. Moreover, it is clear that neither the objector nor her counsel reviewed the Settlement Agreement or any of the voluminous pleadings and appellate briefing that clearly reflect the complexities of this case, and the enormous efforts expended by Class Counsel on behalf of the Class over the last eight years."

19. By reason of the conduct described above, Respondent has engaged in the following misconduct:

    a.  advancing a claim or defense the lawyer knows is unwarranted under existing law, in violation of Rule 1.2(f)(2) of the 1990 Illinois Rules of Professional Conduct;

    b.  bringing or defending a proceeding, or asserting or controverting an issue therein, when there is no basis for doing so that is not frivolous, in violation of Rule 3.1 of the 1990 Illinois Rules of Professional Conduct;

    c.  using means in representing a client that have no substantial purpose other than to embarrass, delay or burden a third person in violation of Rule 4.4 of the 1990 Illinois Rules of Professional Conduct;

    d.  through a representative, soliciting professional employment from a prospective client who is neither a relative, close friend of the lawyer, or a person with whom the lawyer or the lawyer's firm has had a prior relationship, in violation of Rule 7.3 of the 1990 Illinois Rules of Professional Conduct;

e.  conduct that is prejudicial to the administration of justice, in violation of Rule 8.4(a)(5) of the 1990 Illinois Rules of Professional Conduct; and,

f.  conduct which tends to defeat the administration of justice or to bring the courts or the legal profession into disrepute, in violation of Supreme Court Rule 770.

WHEREFORE, the Administrator requests that this matter be assigned to a panel of the Hearing Board, that a hearing be held and that the panel make findings of fact, conclusions of fact and law and a recommendation for such discipline as is warranted.

Respectfully submitted,

Gina M. Abbatemarco
Counsel for the Administrator
One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601
Telephone: (312) 565-2600

Jerome Larkin,
Administrator
Attorney Registration and
Disciplinary Commission

By: Gina M. Abbatemarco

# EXHIBIT I

| From: | Charlie Schaffer <CSchaffer@lfsblaw.com> |
|---|---|
| Sent: | Thursday, January 23, 2014 8:03 AM |
| To: | 'Christopher M. Arfaa' |
| Cc: | 'cbandas@bandaslawfirm.com'; Matthew Gaughan; Brian Fox |
| Subject: | Certainteed Siding - Jabrani Objector depositions |

Dear Mr.
Arfaa:

I am writing as a follow-up to our phone conversation yesterday regarding the depositions of objectors Amirali Jabrani, Janet Jabrani and Real Homes, Inc. As we discussed, I have attempted to deal with attorney Chris Bandass to set up the depositions as you indicated to me in your email of January 17, 2014. However, as I informed you, Mr. Bandass has not returned my phone call or responded to my email messages (which you were copied on). Rather, Mr. Bandass has turned the scheduling of depositions into a cat and mouse game ( not returning calls and emails) and the subpoenaing of the objectors into a game of hide and seek (objectors ducking and hiding from process server). The Federal Rules of Procedure and Canon of Ethics do not condone these sort of tactics or games. As I explained during our call, I have no choice but to deal with you as the attorney of record representing the aforementioned objectors to the proposed settlement. In this regard, I asked you point blank yesterday whether you would agree to produce the witnesses for the deposition in accordance with the deposition notices or accept service of the subpoenas which were sent to Attorney Bandass (as you instructed) and which you also received via email. I also indicated there was no need for the subpoenas as the objectors have availed themselves to the jurisdiction of the court and as such are subject to a deposition. ("A court acquires personal jurisdiction over absent class members after class notice has been sent and potential class members have been given the opportunity to exclude themselves from the case." *In re The Prudential Insur. Co. of Am. Sales Practices Litig.*, 962 F.Supp. 450, 506-07 (D.N.J. 1997)). However, you indicated that you were not authorized to allow the depositions to go forward or even accept service of the subpoena. Your basis was that you were only local counsel and you needed instructions or authorization from attorney Bandass who hired you. I reminded and remind you again that you are counsel of record and Mr. Bandass has not entered his appearance on behalf of the objectors. As such, the clients are yours and yours alone and I am again requesting that you agree to depositions of the objectors on a mutually convenient date, time and place. In this regard, we will agree to conduct the depositions near the objectives residence. Lastly, we are prepared to file a motion to compel the depositions of the objectors and will seek appropriate sanctions due to the cat and mouse and hide and seek tactics being employed here. So, I am giving you to the close of business tommorow to agree to produce these objectors for a deposition or we will be filing the aforementioned motion.


Charlie



Charles E. Schaffer, Esquire
Levin Fishbein Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500
215-592-4663 (facsimile)

# EXHIBIT J

| From: | Charlie Schaffer <CSchaffer@lfsblaw.com> |
|---|---|
| Sent: | Wednesday, January 22, 2014 6:54 PM |
| To: | 'Christopher M. Arfaa' |
| Cc: | Matthew Gaughan; Brian Fox; Michael McShane |
| Subject: | FW: CertainTeed Fiber Cement Siding Litigation - MDL No.:  11-2270 |
| Attachments: | Bandas Objector Chart.pdf; BandasILL2010LocalCounselDisciplined.pdf; BandasILL2010.pdf; BandasProHac.pdf; ClearwireDocketWithOrderRevokingBandasProHac.pdf |

Dear Mr.
Arfaa:

I am writing as a follow-up to our phone conversation earlier today regarding  the depositions of objectors Amirali Jabrani, Janet Jabrani and Real Homes, Inc.  As we discussed,  I have attempted to deal with  attorney Chris Bandass  to set up the depositions as you indicated to me in your email of January 17, 2014. However, as I informed you,  Mr. Bandass has not returned my phone call or responded to my email  messages (which you were copied on). As such, as I explained  during our call,  I have no choice but to deal with you as the attorney of record representing the aforementioned objectors to the proposed settlement. In this regard, I asked you point blank today whether you would accept service of the subpoenas which were sent to Attorney Bandass (as you instructed) and which you also received via email.  I aklso indicated that there was no need for the subpoenas as the objectors have availed themselves to the jurisdiction of the court and as such are subject to a deposition. ("A court acquires personal jurisdiction over absent class members after class notice has been sent and potential class members have been given the opportunity to exclude themselves from the case." *In re The Prudential Insur. Co. of Am. Sales Practices Litig.*, 962 F.Supp. 450, 506-07 (D.N.J. 1997)).  However, you  indicated that you  were not authorized to accept  service as you needed instruction from attorney Bandass. I reminded and remind  you  again that you are counsel of record and Mr. Bandass has not entered his appearance on behalf  of the objectors.  **WONDER WHY ? SEE A CHART OF MR. BANDASS'S OBJECTIONS AND PRO HACE ORDER – WITHDRAWL OF BANDASS PRO HAC ATTACHED HERET.   THIS IS JUST THE TIP OF THE ICEBERG.**


As I explained today , Mr. Bandass is a  professional objector to class action settlements and has become prolific at objecting to settlements. So much so  that  he has turned to hiding behind the curtain and hiring local counsel such as yourself to stand front and center and prosecute the objection without any regard to the collateral damage to his local counsel .  At least one of his local counsel that I am aware of suffered more than collateral damage – his reputation was tarnished from being associated with Mr. Bandass and faced disciplinary action. See attached order.

As we discussed today, I am  providing this information as you requested and giving you the courtesy of letting you know Mr. Badness's prolific history as a professional objector and that  it is our intention to pull back the curtain and let Judge O'Neill see front and center Mr. Bandass' body of work as a professional objector and expose the true nature of the objections to the settlement. As his local counsel , we will have no choice but to treat you as a professional objection since you are associated with one so prolific as Mr. Bandass.

At the final approval hearing , you should expect class counsel to vigorously and zealously defend this 103.9mm common fund settlement with all of their might and resources. And expect no mercy when it comes to dealing with professional objectors such as Chris Bandass and unfortunately you as his local counsel.  Why ? This  an excellent settlement which will benefit hundreds of thousands of consumer and was the result of over three years of hard work by 10 different law firms. If you reviewed the docket or pleading then you are aware of some of the local firms involved in this litigation. As a reminder – Arnold Levin of Levin Fishbein Sedran & Berman and Laddie Montague of Berger and Montague - titans of

the class action bar and EDPA will be presenting the settlement for approval at the fairness hearing along with co –lead counsel Michael McShane of Audet and Partners.   And you will be presenting Mr. Bandass' objection while he hides behind the curtain.

I have researched your background and except for serving as local counsel for Ted  Frank in the baby foods case.  And it would appear that you got involved with Mr. Bandass  without fully understanding his background as a professional objector. Know you know and  I would hate the collateral damage from prosecuting his objection while he hides behind the curtain  damage or  tarnish your reputation.  So, I would urge you to strongly consider acting as local counsel and  withdrawal your notice of appearance.  We intend to file a motion for sanctions and to compel the depositions of the objectors on Tuesday the 28th.  Since you are counsel of record for the objectors and are intertwined with Mr. Bandass,  we will be exposing to the Court in the motion  the man standing behind the curtain and his prolific history of objecting to settlements and sanctions imposed for discovery abuses. So, I am giving you the courtesy of withdrawing as local counsel before the motion is filed.  Once the motion is filed the die will be cast.
 I am copying co-lead counsel  Michael Mcshane on the email.  Mr. Mcshane was involved in a case where Mr. Bandass' Pro Hac Vice  was revoked by a court. See attachment. Wonder why he is not seeking Pro Cac in this case ? Mike is free to discuss this situation with you as well.

I am copying co-lead counsel  Michael Mcshane on the email.  Mr. Mcshane was involved in a case where Mr. Bandass' Pro Hac Vice  was revoked by a court. wonder why he is not seeking Pro Hac in this case ? Mike is free to discuss this situation with you as well.

I can be reached at 215 518 0309 if you would like to discuss this further

Charlie

---

**From:** Charlie Schaffer
**Sent:** Wednesday, January 22, 2014 11:43 AM
**To:** 'cbandas@bandaslawfirm.com'
**Cc:** 'Christopher M. Arfaa'; Brian Fox; Matthew Gaughan
**Subject:** RE: CertainTeed Fiber Cement Siding Litigation - MDL No.: 11-2270

Chris

I just tried reaching you at the office. However, you were not in. I spoke to Amber Pedersen and left a message with her (she  said she would email the message to you and you would get it on your phone). In any event, I am writing as a follow up  to my email yesterday and prior attempts with your local counsel to schedlule the objector depositions. .  As you know, we sent deposition notices to Christopher Arfaa on or around January 12 2013. Thereafter, Mr. Arfaa informed me of the following:

"…we have been retained by attorney Chris Bandas to act as local counsel in this matter for objectors Amirali Jabrani, Janet Jabrani and Real Homes, Inc.  His contact information is:

Christopher A. Bandas
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Ste. 1020
Corpus Christi, TX 78471
(361) 698-5200 (o)
(361) 698-5222 (f)

cbandas@bandaslawfirm.com

We have received your notices of deposition of the Jabranis and Real Homes, Inc. for January 24.  Please be advised that it is our position that, since the Jabranis and Real Homes, Inc. are objectors rather than named parties, any such deposition must be held pursuant to subpoena rather than notice.  Mr. Bandas has requested that you deal directly with him regarding the scheduling of any depositions. " See Arfaa email attached herewith.

We have been attempting to reach to do just that - schedule and coordinate the depositions. I am free any time at 215 518 0309 to discuss the depositions.

Charlie

---

**From:** Charlie Schaffer
**Sent:** Tuesday, January 21, 2014 1:04 PM
**To:** 'cbandas@bandaslawfirm.com'
**Cc:** 'Christopher M. Arfaa'; Brian Fox; Matthew Gaughan
**Subject:** FW: CertainTeed Fiber Cement Siding Litigation - MDL No.: 11-2270

Mr. Bandass

I m writing as a follow up to the enclosed letter attaching  notice of subpoenas which we intend to serve upon your clients. As you know, the final approval hearing is set for 2/19/14 . As such, we need to get these depositions conducted  ASAP. However, we will do our best to accommodate your clients in terms of location of the depositions and date(s) for the depositions. In this regard, we  should discus logistics today. Let me know a time that works for you to discuss the aforementioned.

---

**From:** Danielle Guardiani
**Sent:** Tuesday, January 21, 2014 12:17 PM
**To:** cbandas@bandaslawfirm.com
**Cc:** hlmontague@bm.net; Lawrence Deutsch; Shanon Carson; Michael McShane; charlesl@cuneolaw.com; Brendan Thompson; Shelquist, Robert K.; emeriwether@caffertyclobes.com; bclobes@caffetyclobes.com; Brian Fox; Charlie Schaffer
**Subject:** Re: CertainTeed Fiber Cement Siding Litigation - MDL No.: 11-2270

Dear Mr. Bandas:

Attached please find correspondence from Attorney Charles Schaffer of this office, as well as notices of subpoenas regarding the above-referenced litigation.  The originals of the same have been sent via First Class U.S. Mail, this date.

Danielle D. Guardiani
Legal Assistant to Charles E. Schaffer
**Levin, Fishbein, Sedran & Berman**
**Counsellors at Law and Proctors in Admiralty**
510 Walnut Street - Suite 500
Philadelphia, PA  19106-3697
Phone:  (215) 592-1500
Fax:     (215) 592-4663
dguardiani@lfsblaw.com

www.lfsblaw.com

**CONFIDENTIALITY NOTE**:  This e-mail message contains information belonging to the law firm of Levin, Fishbein, Sedran & Berman and may be privileged, confidential and/or protected from disclosure.  The information is intended only for the use of the individual or entity names above.  If you think that you have received this message in error, please e-mail the sender.  If you are not the intended recipient, please delete the message and undersigned that any dissemination, distribution or copying is strictly prohibited.

# EXHIBIT K

**From:**            Charlie Schaffer <CSchaffer@lfsblaw.com>
**Sent:**             Friday, January 31, 2014 12:17 PM
**To:**                'Glenn A. Manochi'
**Cc:**                'garylightman@lightmanlaw.com'; Michael McShane; Brian Fox; Matthew Gaughan
**Subject:**        RE: CT Siding - Bandass Objectors

Glenn

We provided you a reasonable solution- abide by the Judge's order and produce the witnesses  without the need for a subpoena   which would alleviate playing hide and seek (Bandas objectors hide from service and we try to seek them out to serve them). However,  it would appear that  the Bandas  Objectors Team of lawyers ( Chris Bandas, you and the recent addition - Pete Woods) intend to do just that. Sorry, we will not agree to  your proposal which would require us to chase the Bandas Objectors down and serve them. I remind  you that the Court has jurisdiction over the Bandas objectors , and , as such a subpoena is not required to compel their attendance at a deposition.   As we pointed out in the Motion to Compel:

> Federal Rule of Civil Procedure 30(a)(1) permits a party to "depose any person, including a party without leave of court."  "A court acquires personal jurisdiction over absent class members after class notice has been sent and potential class members have been given the opportunity to exclude themselves from the case."  *In re The Prudential Insur. Co. of Am. Sales Practices Litig.*, 962 F.Supp. 450, 506-07 (D.N.J. 1997).  Further, "an objector who voluntarily appears in litigation is properly subject to discovery."  *In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at * 2 (N.D. Cal. Nov. 25, 2013)…."

Judge O'Neill granted the Motion to Compel the Bandas Objectors. So, one can only conclude that Judge O'Neill's ruling confirms that this Court has jurisdiction over the Bandas Objectors. As such, we will not go down the subpoena rabbit hole into the Bandas' team of Alice and Wonderland. Rather, we will let Judge O'Neil; rule upon the Bandas Objectors Motion for reconsideration and matt Gaughan will be In St. Louis , Mo. on Monday morning at 9:00 am ready to conduct the depositions of the Bandas objectors. You should be receiving the notices of deposition shortly, if, you already have not received them.


Charlie




---

**From:** Glenn A. Manochi [mailto:gmanochi@lightmanlaw.com]
**Sent:** Friday, January 31, 2014 2:42 PM
**To:** Charlie Schaffer
**Cc:** 'garylightman@lightmanlaw.com'; 'mmcshane@audetlaw.com'; Brian Fox; Matthew Gaughan
**Subject:** Re: CT Siding - Bandass Objectors

Charlie--

We have heard from Missouri counsel, Pete Woods, Esquire.  He is not available on either February 3 or 4.  We advise that the Jabrini Objectors will appear at 9:00 am on either February 5, 6, or 7, 2014 for their deposition at the following address:

Haar & Woods, LLP
1010 Market St., Suite 1620
St. Louis, MO 63101
(314) 241-2224

We note these dates are well ahead of the February 19 final approval hearing date so we do not see how you will be prejudiced by proceeding on those dates.

We have a fundamental disagreement with you concerning the status of the Jabrini Objectors in this action. The Jabrini Objectors are not parties and are not willing to proceed on the basis of noticed depositions under Rule 30.  As you are not willing to allow them to exercise their rights under Rule 45, we propose that the parties agree on the date for the depositions and the Jabrinis will appear to be deposed.  If the Jabrini Objectors do not appear for deposition, they will agree to withdraw the Reconsideration Motion.

Please advise.

Glenn


On 1/31/2014 1:36 PM, Charlie Schaffer wrote:

> Glenn:
>
> I am writing as a follow up to my earlier email.  You need to get back to me no later than 300 est.  Otherwise we will let the Judge rule upon  the Motion for Reconsideration. And if he does not rule then we will be prepared to conduct the depositions on Monday. Matt Gaughan will be sending you the deposition notices.

---

**From:** Charlie Schaffer
**Sent:** Friday, January 31, 2014 11:40 AM
**To:** 'Glenn A. Manochi'
**Cc:** 'garylightman@lightmanlaw.com'; mmcshane@audetlaw.com; Brian Fox; Matthew Gaughan
**Subject:** RE: CT Siding - Bandass Objectors

Glenn

I am getting back to you regarding amicably resolving the reconsideration motion and setting dates for the Bandass Objector depositions.  During our conversation you indicated  amongst other things that the Bandas Objectors  ( " the Jabranis")  would appear for a deposition in St. Louis Missouri. However, as I explained to you last night I do not want to get into a game of  hide and seek where we have to subpoena the Jabranis and they continue to duck and hide to evade service of the subpoena. And if we are fortunate enough to effectuate service upon the Jabranis,  then the St. Louis counsel ( who you indicated is being hired to defend the depositions) then files a motion to quash the subpoena in Missouri. As I explained , we have been through this before with Bandass  objectors ( recently in Chinese drywall) and will not go through it again in this matter.  So,  it  is unclear to me from our conversation

and what was said in the motion (Objectors agree to appear for depositions pursuant to Rule 45) whether we would  have to subpoena the objectors for a deposition or would they  appear subject to a deposition notice ?   We would consider resolving the motion for reconsideration  provided:

1. The Bandass objectors agree to  undergo the deposition pursuant to a notice of deposition issued  in accordance with Rules 30 and 30(b)(6)  and served upon counsel of record and not a subpoena  pursuant to Rule 45 and served upon the objectors.
2. The depositions will be conducted no later than Wednesday , February 5, 2014.
3. A stipulation and order (laying out the agreement) is presented to the Court to resolve the motion.

Matt Gaughan from my office will be taking the depositions. He will be sending you notice of depositions for the depositions of the Bandas Objectors to be conducted Monday, February 3, 2013 in St. Louis Missouri in accordance with the Order compelling the depositions.   We are ready to go forward with the depositions on Monday. However, if we are able to resolve the motion for reconsideration as outlined above then we will can pull them down and rest the depositions either on Tuesday or Wednesday of next week.  But, in the interim, we will plan as if the depositions will be going forward on Monday  and will arrange our travel etc.


Charlie


**From:** Glenn A. Manochi [mailto:gmanochi@lightmanlaw.com]
**Sent:** Thursday, January 30, 2014 6:06 PM
**To:** Charlie Schaffer
**Cc:** 'garylightman@lightmanlaw.com'; mmcshane@audetlaw.com; Brian Fox; Matthew Gaughan
**Subject:** Re: CT Siding - Bandass Objectors

Charlie--

Thanks for your email.

Following up our telephone conversation, I called you to see if we could amicably resolve the reconsideration motion. You advised me you would be filing a response to the motion.  I asked you for dates when you would like to depose the Jabrinis and Real Homes Inc. in St. Louis between now and Febraury 12.  You could not provide me with those dates during our call and advised you would have to check with your co-counsel and get back to me tomorrow.

I look forward to speaking with you then.

Glenn

On 1/30/2014 5:42 PM, Charlie Schaffer wrote:

> Sorry, I did not want to leave Mr. Lightman out of the loop.


> **From:** Charlie Schaffer
> **Sent:** Thursday, January 30, 2014 5:39 PM
> **To:** 'gmanochi@lightmanlaw.com'
> **Cc:** Matthew Gaughan; mmcshane@audetlaw.com; Brian Fox
> **Subject:** CT Siding - Bandass Objectors

I received your message. I returned your call , but, you were on the phone. I left a message. Now, I just saw you filed a motion for reconsideration. You got to be kidding me. We need to discuss asap. I will be on a call  to 545 and then will be free. Please call me to discuss.  We plan on moving ahead on these depositions on Monday in St Louis. I am puzzled by the motion and more puzzled why the  Jabranis need three sets of lawyers. They have Mr. Bandass who ghost wrote the objections which is a violation of the rules  (ask Christopher Arfaa – former counsel of record), they now have you and they also want to get counsel in Missouri. Sounds like more games to be played by Mr. Bandass, I sure hope not. We just went through this in Chinese Drywall with Mr. Bandass  and it did not go so well for him. He and his clients were found in contempt and he wound up dismissing the objection altogether.  In that case he attempted similar tactics with service of the subpoena in the home state of the objectors and then trying to quash the subpoena there. Sounds like you may be planning to run this same play out of the Bandass playbook. I sure hope not. So, I will ask you point blank -  you indicate in your motion that the Jabrani Objectors agree to appear for depositions pursuant to Rule 45 of the federal Rules of Civil procedure -  **will you accept service and produce them ? Or will we have to attempt to serve the objectors and  the game of hide and seek continue with the objectors evading service.  This is another tactic which Mr. Bandas employs with his objectors. We will not go down this road and this was the reason for the motion before Judge O' Neill.**

Lastly,  I just wanted to fully apprise you of Mr. Bandas' prolific history of objecting to settlements ,  prior record of sanctions including revocation of Pro Hac Vice admission as well as disciplinary actions against one of his prior local counsel.

Mr. Bandass is a  professional objector to class action settlements and has become prolific at objecting to settlements. So much so  that  he has turned to hiding behind the curtain and hiring local counsel such as yourself to stand front and center and prosecute the objection without any regard to the collateral damage to his local counsel . The prior Local Counsel  withdrew after I fully explained to him who Mr. Bandass is and what is his business Model is – professional objecting to settlements.    Moreover, at least one of his local counsel that I am aware of suffered more than collateral damage – his reputation was tarnished from being associated with Mr. Bandass and faced disciplinary action. See attached order.

I am  providing this information and giving you the courtesy of letting you know Mr. Badness's prolific history as a professional objector and that  it is our intention to pull back the curtain and let Judge O'Neill see front and center Mr. Bandass' body of work as a professional objector and expose the true nature of the objections to the settlement.  Judge O'Neill already saw a glimpse of Mr. Bandas' work in the Motion to compel we filed.  There is much more. As his local counsel and being counsel of record for the objectors , we will have no choice but to treat you as a professional objection since you are associated with one so prolific as Mr. Bandass.

At the final approval hearing , you should expect class counsel to vigorously and zealously defend this 103.9mm common fund settlement with all of their might and resources. And expect no mercy when it comes to dealing with professional objectors such as Chris Bandass and unfortunately you as his local counsel.  Why ? This  an excellent settlement which will benefit hundreds of thousands of consumer and was the result of over three years of hard work by 10 different law firms. If you reviewed the docket or pleading then you are aware of some of the local firms involved in this

litigation. And you will be presenting Mr. Bandass' objection while he hides behind the curtain. Think about !

I have researched your background.  And it would appear that you got involved with Mr. Bandass  without fully understanding his background as a professional objector. Know you know and  I would hate the collateral damage from prosecuting his objection while he hides behind the curtain  damage or  tarnish your reputation.  So, I would urge you to strongly consider acting as local counsel and  withdrawal your notice of appearance.   Since you are counsel of record for the objectors and are intertwined with Mr. Bandass,  we will be exposing to the Court  the man standing behind the curtain and his prolific history of objecting to settlements . So, I am giving you the courtesy of withdrawing as local counsel before  we get to far down the road. Once  we get to the final approval hearing the die will be cast.  I am copying co-lead counsel  Michael Mcshane on the email.  Mr. Mcshane was involved in a case where Mr. Bandass' Pro Hac Vice  was revoked by a court. See attachment. Wonder why he is not seeking Pro Hac in this case ? Mike is free to discuss this situation with you as well.

I can be reached at 215 518 0309  or 215 518 0300 if you would like to discuss this further

Charles E. Schaffer, Esquire
Levin Fishbein Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500
215-592-4663 (facsimile)

```
--
Glenn A. Manochi, Esquire
E-mail:  gmanochi@lightmanlaw.com

LIGHTMAN & MANOCHI
1520 Locust Street, 12th Floor
Philadelphia, PA 19102
Phone:  (215) 545-3000 (ext. 104); fax (215) 545-3001

          OR

8 Ranoldo Terrace
Cherry Hill, NJ 08034
Phone: (856) 795-9669 (ext. 104); fax (856) 795-9339
```

```
*********************************************************************
ATTENTION: This e-mail and any attachments to it may contain PRIVILEGED AND
CONFIDENTIAL INFORMATION intended only for the use of the addressee.  If you
are not the intended recipient or an agent or employee responsible for
delivering this e-mail to the intended recipient, you are hereby notified
that any dissemination or copying of this document or the information
contained therein is strictly prohibited. If you have received this e-mail in
error, please notify us immediately by telephone at (215) 545-3000 (or in NJ:
856-795-9669) and delete this e-mail from your computer.

DISCLAIMER - The transmission or receipt of this e-mail and any attachments,
in and of itself, does not, and is not intended to, create an attorney-client
```

relationship with Lightman & Manochi or any of its attorneys. The sending of
e-mail to Lightman & Manochi or one of its attorneys does not create an
attorney-client relationship.  In the event and to the extent that an
addressee named herein is not an existing client of Lightman & Manochi,
please note that the contents of this e-mail and any attachments are not
legal advice and should not be used as such.
*********************************************************************

--
Glenn A. Manochi, Esquire
E-mail: gmanochi@lightmanlaw.com

LIGHTMAN & MANOCHI
1520 Locust Street, 12th Floor
Philadelphia, PA 19102
Phone:  (215) 545-3000 (ext. 104); fax (215) 545-3001

            OR

8 Ranoldo Terrace
Cherry Hill, NJ 08034
Phone: (856) 795-9669 (ext. 104); fax (856) 795-9339

*********************************************************************
ATTENTION: This e-mail and any attachments to it may contain PRIVILEGED AND CONFIDENTIAL
INFORMATION intended only for the use of the addressee.  If you are not the intended
recipient or an agent or employee responsible for delivering this e-mail to the intended
recipient, you are hereby notified that any dissemination or copying of this document or
the information contained therein is strictly prohibited. If you have received this e-
mail in error, please notify us immediately by telephone at (215) 545-3000 (or in NJ:
856-795-9669) and delete this e-mail from your computer.

DISCLAIMER - The transmission or receipt of this e-mail and any attachments, in and of
itself, does not, and is not intended to, create an attorney-client relationship with
Lightman & Manochi or any of its attorneys. The sending of e-mail to Lightman & Manochi
or one of its attorneys does not create an attorney-client relationship.  In the event
and to the extent that an addressee named herein is not an existing client of Lightman &
Manochi, please note that the contents of this e-mail and any attachments are not legal
advice and should not be used as such.
*********************************************************************

# EXHIBIT L

Civil Action Number: MDL 2047

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF TEXAS
IN RE: CHINESE-MANUFACTURED DRYWALL PROD.LIAB. LIT.

# AFFIDAVIT OF ATTEMPTS

This is to affirm that Civil Process was attempted to __ERNEST VITELA__, person/individual named to receive service. This service was attempted at __1404 Madrid Circle, Portland, Texas 78374__ on the date(s) & time(s) listed below. After due search by __Billy D. Deel__, process server for Texas Civil Process, Inc., 1650 S. Brownlee Blvd., Corpus Christi, Texas 78404 who performed careful inquiry and diligent attempts at the address(s) listed above and has been unable to effect process upon the person being served because of the following reasons:

October 24, 2012 @ 8:20 pm: Checked address, 1404 Madrid Circle. Found no one at home.
October 25, 2012 @ 5:30 pm: Talked with wife who has not been home for a couple of days and she did not know when he would return. Left my business and asked her to tell him to call me.
October 26, 2012 @ 11:00 am: Arrived at address, van was present. Talked with his son, Eric who said his dad was not home. He did not know when he would return. Left business card with him to ask his dad to call.
October 26, 2012 @ 11:30 am: Received a call from Ernest Vitela who informed me he had talked with Margo with Bandas Law Firm and they had decided to dismiss him as a witness from the case as he knew nothing about faulty materials or anything about the case.

*Billy D. Deel*

Billy D. Deel (PCH408)
Expiration Date: July 31, 2014

State of Texas
County of Nueces

Before me, personally appeared the above named process server, who being first duly sworn, stated the above stated facts are true and correct, and subscribed before me on this 1st day of _____, 2012.

*Rosanne Ayala*

Notary Public Signature

ROSANNE AYALA
MY COMMISSION EXPIRES
July 19, 2015