IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: CERTAINTEED FIBER CEMENT SIDING LITIGATION | : : : | CIV. NO. 11-MD-02270-TON |
|  | : | MDL DOCKET NO. 2270 |
| THIS DOCUMENT RELATES TO: | : | |
| ALL CASES | : : : | |

### JABRANI OBJECTORS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL OBJECTIONS ADDRESSING POST-OBJECTION ACTIONS BY CLASS COUNSEL AND PLAINTIFFS

Objectors Amirali Jabrani, Janet Jabrani, and Real Homes, Inc. (collectively, the "Jabrani Objectors") file their Motion for Leave to File Supplemental Objections Addressing Post-Objection Actions by Class Counsel and Plaintiffs and state as follows:

1.      Pursuant to this Court's Preliminary Approval Order (Dkt. 28), Objections by class members were due filed by December 31, 2013.

2.      In compliance with that Court Order, the Jabrani Objectors filed their objections to the proposed settlement on December 31, 2013 (Dkt. 50).

3.      *Subsequent* to the publication of preliminary notice and, importantly, *after* the December 31, 2013 objection deadline for filing objections (*see* Dkt. 28), this Court entered an order extending the parties' deadline to file any motions in support of final approval by January 29, 2014 (Dkt. 72).

4.      Pursuant to that Court order, Class Counsel did not file their motion for attorneys fees and expense until January 29, 2014, almost one month after the objection deadline (Dkt. 89).

5.      That alone precludes approval. In *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010) the Ninth Circuit became the first appellate court to hold

that, under Federal Rule of Civil Procedure 23(h), class members must be given an opportunity to object to class counsel's attorneys' fees motion *after* that motion is filed with the court.

6.     The Jabrani Objectors were deprived of any meaningful opportunity to consider and address Class Counsels' fee petition, to which the Jabranis have objections.

7.     Moreover, subsequent to the December 31, 2013 objection deadline, Class Counsel sought and obtained the depositions of the Jabrani Objectors over the latter's opposition (Dkt. 79, 85, 91, 95, and 100).

8.     The requirement that the Jabrani Objectors submit themselves to deposition testimony and incur the attendant expenses and time related thereto was not disclosed in the Court preliminary approval order (Dkt. 28) and, had it been, the Jabrani Objectors would have objected to any such requirement. This argument was made by the Juelich Objectors prior to the withdrawal of their objections (Dkt. 74 and 88). To the extent that it does not conflict with the Jabranis' other objections, Dkt. 74 and 88 are incorporated herein by reference. Also subsequent to the Court's December 31 objection deadline, Class Counsel and the Defendants, with no new notice to the class and with no opportunity for objectors to be heard, unilaterally entered into a "Stipulation and Order" to supposedly clarify the "corrected" agreement of compromise and settlement (Dkt. 83). These stipulations materially changed, *after-the-fact*, the proposed settlement which the Jabranis were given to consider.

9.     To the extent that Class Counsel then made changes to the settlement website, any such changes also were made *after-the-fact* and were not disclosed to class members reasonably in advance of the objection deadline in Dkt. 28. (*See* Dkt. 88-1, which is incorporated herein by reference to the extent not inconsistent with the Jabrani Objections, Dkt. 50).

10. As with the Juelich Objectors (Dkt. 93), this Court should also grant the Jabrani Objectors leave to supplement their objections to address those matters and changes to the settlement agreement that occurred after this Court's original December 31, 2013 objection deadline in Dkt. 28.

11. The Court should also allow the Jabranis to respond to the "Status Report" filed by Class Counsel on February 13, 2014 (Dkt. 103), which amounts to an irrelevant and personal attack against the Jabranis and their counsel.

12. In summary, material changes were made to the settlement agreement after December 31, 2013. Class Counsel did not submit their fee application until after the objection deadline. Class Counsel took steps and subjected the Jabranis to a process that was not disclosed in the notice, as well as a personal attack, each of which necessitates supplemental objections.

13. These supplemental objections are contained in the proposed pleading attached hereto as Exhibit "A." The Jabrani Objectors respectfully request that the Court grant their Motion and allow the supplemental objections to be filed as of record and considered at the February 19, 2014 hearing.

WHEREFORE, the Jabrani Objectors respectfully request the Court grant their Motion to

file Supplemental Objections and grant such other and further relief as the Court deems just and proper

LIGHTMAN & MANOCHI

DATED: February 17, 2014                    By: _____
                                                 Gary P. Lightman, Esquire
                                                 Glenn A. Manochi, Esquire
                                                 1520 Locust Street, 12th Floor
                                                 Philadelphia, PA 19102
                                                 (215) 545-3000

                                                 Counsel for Amirali Jabrani, Janet
                                                 Jabrani and Real Homes, Inc.

4