IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: CERTAINTEED FIBER CEMENT  :
SIDING LITIGATION                :           MDL Docket No. 2270
                                 :
This Order relates to:           :
ALL CASES                        :

## ORDER

AND NOW this 19th day of March, 2014, upon consideration of the Jabrani objectors' motion for leave to file supplemental objections (Dkt. No. 106), it is ORDERED that the motion is DENIED.[1]

_____
THOMAS N. O'NEILL, JR., J.

---

[1] In particular, I decline to permit the Jabrani objectors to rely on objections made by other class members, particularly where those objections have been withdrawn. In their proposed supplemental objections, the Jabrani objectors assert, inter alia, that they "adopt and incorporate the Juelich objection and supplemental objection (Dkt. Nos. 40 and 94) in full." Dkt. No. 106-3 at ECF p. 12. Gary Juelich noticed his intent to withdraw his objection on February 13, 2014, Dkt. No. 104, and simultaneous with the filing of this Order I have entered an order approving the withdrawal of his objection.

Incorporation by reference of objections raised by others does not fulfill the specific requirement in the preliminary approval order that any objection "state the exact nature of the objection." Dkt. No. 28 at ¶ 9; see In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig., 8:10ML 02151 JVS, 2013 WL 3224585 (C.D. Cal. June 17, 2013) (striking "those portions of any objection that purports to incorporate the objections raised by others in other documents" where the court's preliminary approval order required objections to include "the specific reasons why the Class member objects to the settlement").