IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CERTAINTEED FIBER CEMENT SIDING LITIGATION | : : : | MDL Docket No. 2270 |
| This document relates to: ALL CASES | : : | |

**<u>ORDER</u>**

AND NOW, this 20th day of March, 2014, upon consideration of plaintiffs' motion for final approval of class action settlement (Dkt. No. 87), the corrected agreement of compromise and settlement filed in this case on November 1, 2013 (Dkt. No. 30), Addendum A (Dkt. No. 107) and Addendum B (Dkt. No. 109) to the settlement agreement, as well as all exhibits, other pleadings, submissions and filings in this action, including plaintiffs' motion for final approval of attorneys' fees and expenses (Dkt. No. 89), and the arguments presented to the Court at the February 19, 2014 final approval hearing, the Court makes the following findings and it is ORDERED that plaintiffs' motions for final approval of class action settlement and for final approval of attorneys' fees and expenses are GRANTED as follows, consistent with the accompanying memorandum of law:

1.  This Court's October 3, 2013 Order granting plaintiffs' unopposed motion for preliminary approval of class action settlement (Dkt. No. 28), preliminarily certified and ordered that notice of the settlement be directed by the claims administrator to the following class:

> All individuals and entities that owned, as of September 30, 2013, homes, residences, buildings, or other structures located in the United States, on which CertainTeed WeatherBoards Fiber Cement Siding, Lap Siding, Vertical Siding, Shapes, Soffit, Porch Ceiling and 7/16" Trim (collectively, Siding) was installed on or before September 30, 2013.

Excluded from the settlement class are:

    a.    all individuals and entities who timely exercise their rights under Federal Rule of Civil Procedure 23 to opt out of this settlement;

    b.    all individuals and entities who filed a claim concerning their siding in any court of law, if that claim has been resolved with a final judgment or order, whether or not favorable to the claimant;

    c.    CertainTeed, any entity in which CertainTeed has a controlling interest, any entity which has a controlling interest in CertainTeed, and CertainTeed's legal representatives, assigns, and successors; and

    d.    the Judge to whom this case is assigned and any member of the Judge's immediate family.

2.    The proposed resolution of this litigation includes CertainTeed's payment of $103.9 million to a settlement fund and cash payments to settlement class members who submit claim forms based upon the extent of damage to their Siding and related factors.

3.    For purposes of settlement only, final certification of the above-defined class is granted and the Court makes the following findings pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

    a.    The settlement class consists of thousands of owners of buildings on which Siding was installed on or before September 30, 2013, and joinder of all members is impracticable;

    b.    There exist questions of fact and law common to the settlement class members. All settlement class members contend, inter alia, that the Siding is defective and allege breach of warranty, negligence and unfair trade practices claims against CertainTeed;

    c.    The claims of the named plaintiffs are typical of the claims of the settlement class members;

        d.      Named plaintiffs and co-lead counsel will fairly and adequately protect the interests of the settlement class;

        e.      The questions of law or fact that are common to settlement class members, and which are relevant for settlement purposes, predominate over questions affecting only individual settlement class members; and

        f.      Resolution of this litigation in the manner proposed by the parties' settlement agreement is superior to other available methods for a fair and efficient adjudication of this litigation.[1]

4.      Settlement class members were provided with notice of the settlement in the manner and form set forth in the settlement agreement. See Decl. of Richard W. Simmons dated January 29, 2014 (Dkt. No. 87-5). Notice was also provided to pertinent state and federal officials. Id. at ¶ 11. The notice plan was reasonably calculated to give actual notice to settlement class members of their right to receive benefits from the settlement or to be excluded from the settlement or object to the settlement. The notice plan met the requirements of Rule 23 and due process.

5.      The settlement is entitled to an initial presumption of fairness. It was reached following meaningful discovery and investigation conducted by class counsel. The settlement is the result of adversarial, arm's-length negotiations between the parties and the terms and conditions of the settlement are fair, adequate and reasonable when balanced against the probable outcome of further litigation. At the time the settlement was negotiated, counsel were reasonably able to evaluate their respective positions. The settlement will avoid substantial additional costs

---

[1] Because this litigation is being settled rather than litigated, the Court need not consider manageability issues that may have been presented by the trial of a nationwide class action involving the issues in this case. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997).

to all parties as well as the delay and risks that would be presented by further prosecution of this litigation.

6.      The Court finds that the settlement is fair, reasonable and adequate.  Accordingly, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure the settlement agreement is finally approved and shall be consummated in accordance with its terms, including the terms set forth in Addendum A and Addendum B to the settlement agreement, which are incorporated into the agreement as though fully set forth therein.

      a.      In reaching this conclusion, the Court considered, inter alia, the following: evidence regarding plaintiffs' case; the complexity, expense and likely duration of further litigation; the stage of the proceedings including the extent of investigation and discovery completed; the risks of establishing liability, proving damages and maintaining the class action through a trial; the ability of CertainTeed to withstand a greater judgment; and the range of reasonableness of the settlement in light of the best possible recovery and the attendant risks of litigation.

      b.      The Court also considered the reaction of the class to the settlement, including written and oral objections to the settlement, finding that each of the objections presented to the Court is overruled.

      c.      The Court also considered valid requests for exclusion from the settlement submitted by the following settlement class members:

1. Alderbrook Homeowners Association
2. Chad and Tamra Baribeau
3. Ryan and Kate Bruce
4. Burlingame Ranch I Condominium Association, Inc.
5. Richard E. Denney
6. Richard and Donna Foerster
7. Nicholas and Kylie Hughes
8. Las Brisas Broadway, LLC and Las Brisas Forrest Palms LLC

    9.    Thomas J. LaTour
   10.    Ronald and Carol Maryott and the Ronald F. Maryott Bypass Trust
   11.    Madison Valley Medical Center
   12.    Fred and Kathleen Mayfield
   13.    Oak Trail Homeowners Association
   14.    Phi Beta Phi Sorority
   15.    Raymond and Sharon Olson
   16.    Roy Orr
   17.    Glenn Schmolze
   18.    Spectrum Acquisition Partners
   19.    William and Sara Townsend
   20.    Vail Lionshead Condominium Association, A/K/A Lodge at Lionshead Phase I Condominium Association and Lionshead Condominium Association Phase II, A/K/A Lodge at Lionshead Phase II Condominium Association
   21.    Village Palos Verdes Homeowners Association

Their rights shall not be affected by the settlement and they shall not receive any of the benefits of the settlement. They may pursue their own individual remedies, if any.

    7.    Upon entry of this Order, the settlement class members, except for those set forth above who returned valid requests for exclusion, shall be bound by the terms set forth in the settlement agreement. They shall be deemed to have released their claims as set forth in section 14 of the settlement agreement, provided that the settlement agreement does not extinguish any rights of settlement class members under their limited warranties during or following the claims submission period.

    8.    The Court finally approves the method of allocation and distribution of the settlement fund set forth in the settlement agreement, including in paragraph 4.4, which provides that

> the Settlement Fund Shall be used by the Claims Administrator to pay the approved costs of notice, [and] claims administration, including the Claims Administrator and the Independent Reviewer. In addition, the Settlement Fund shall be used to pay an award of attorneys' fees and costs, and incentive fees to the Named Plaintiffs, all as ordered by the Court, and all Eligible Claims.

9.      The Court finally appoints Michael McShane of Audet & Partners, LLP and H. Laddie Montague, Jr. and Shanon J. Carson of Berger & Montague, P.C. as co-lead counsel for the settlement class.

10.     With respect to plaintiffs' motion for final approval of attorneys' fees and expenses (Dkt. No. 89), the Court finds that this case warrants the requested award of $18,500,000.00 in attorneys' fees to class counsel from the settlement fund.  The attorneys' fees awarded by the Court shall be allocated to class counsel at the sole discretion of co-lead counsel.

11.     The Court finally appoints plaintiffs Steve Clavette, Chad Epsen, Monique Orieux, Chris Thames, Gwen Weithaus, Steven Weidmeyer, Richard Tesoriero, John Robards, Barbara Robards, James Dibley, Patricia Swanson and Koreen Grube, as class representatives.

12.     The Court grants plaintiffs' request for service awards from the settlement fund of $2,500.00 each (though only one per household) to the class representatives, as well as to settlement class member Canal Park Lodge, LLC; Steve and Karyn Hardig; Salvatore and Brooke Bongiorno; William and Tina Brantly; Kirby and Jennifer Dean; Evan and Monica Epp; Christopher and Kelly Everetts; Mary Kathleen Harrison; Jim and Karen Macmonagle; Stephen and Laura McNally; Thomas and Cassandra Aiosa; Annie Cheung; Chester and Eva Tai; Lethanial and Melissa Saunders; Michael and Stephanie Sherman; and Sherman Green.  The Court finds that these service awards are fair and reasonable based on the assistance that the class representatives and other individuals set forth above provided to class counsel.  The service awards shall be paid following the effective date.

13.     The Court finally appoints Analytics (formerly known as BMC Group) as the claims administrator to perform the duties assigned to them in the settlement agreement.  Further,

the Court approves payments to Analytics from the settlement fund to pay the approved costs of notice and claims administration, including Analytics' own fees.

14. The Court also awards class counsel $304,996.65 from the settlement fund in reimbursement of their out-of-pocket costs, plus reasonable costs incurred by class counsel during the claims submission Period, provided such costs are submitted to the Court and approved.

15. The Court enters final judgment in this case and dismisses all claims asserted by plaintiffs and the settlement class with prejudice in accordance with the terms of the settlement agreement. The final judgment shall not bind any settlement class members who timely opted out of the settlement.

16. There being no reason to delay entry of this final judgment, the Clerk of the Court is ordered to enter this final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17. Without in any way affecting the finality of this order and final judgment, the Court retains and reserves jurisdiction over the litigation and the parties to the settlement to enter any future orders as may be necessary for the implementation, enforcement, construction and interpretation of the settlement agreement.

                                              *s/Thomas N. O'Neill, Jr.*
                                              THOMAS N. O'NEILL, JR., J.