## IN THE UNTIED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: CERTAINTEED FIBER CEMENT SIDING LITIGATION | : : : | CIV. NO. 11-MD-02270-TON |
|  | : | MDL DOCKET NO. 2270 |
| THIS ORDER RELATES TO: | : : |  |
| ALL CASES | : : : |  |

## NOTICE OF APPEAL OF AMIRALI JABRANI, JANET JABRANI, AND REAL HOMES, INC.

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that Objectors Amirali Jabrani, Janet Jabrani, and Real Homes, Inc (collectively, "Jabrani Objectors") hereby appeal the following orders: (1) the March 20, 2014 Order granting final approval of the class action settlement and class counsels' attorney's fees and costs (Dkt. 119); (2) the March 19, 2014 Order denying Jabrani Objectors' motion for leave to file supplemental objections (Dkt. 117); and (3) and all other opinions and rulings and orders that merge therein. This appeal is to the Third Circuit Court of Appeals. Copies of said judgments and/or orders are attached hereto.

LIGHTMAN & MANOCHI

DATED: April 9, 2014

By: _____
Gary P. Lightman, Esquire
Glenn A. Manochi, Esquire
1520 Locust Street, 12th Floor
Philadelphia, PA 19102
(215) 545-3000

Counsel for Amirali Jabrani, Janet
Jabrani, and Real Homes, Inc.

## CERTIFICATE OF SERVICE

I, Glenn A. Manochi, certify that on this day the foregoing notice of appeal was filed electronically via the Court's ECF system.   A Notice of Electronic Case Filing shall automatically be generated by the system, and shall be sent automatically to all parties entitled to service who have consent to electronic service.   Electronic service of the Notice of Electronic Case Filing constitutes service of the filed document to all such parties and shall be deemed to satisfy the requirements of Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure.   In addition, on this day true and correct copies of the foregoing document were served on the following persons via email and first class mail:

PEPPER HAMILTON LLP
Robert L. Hickok, Esquire
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19102
hickokr@pepperlaw.com

AUDET & PARTNERS, LLP
Michael McShane, Esq.
221 Main Street, Suite 1460
San Francisco, CA 94105
mmcshane@audetlaw.com

BERGER & MONTAGUE, P.C.
H. Laddie Montague, Jr., Esq.
Shanon J. Carson, Esquire
1622 Locust Street
Philadelphia, PA 19103-6365
hlmontague@bm.net
scarson@bm.net

LEVIN FISBEIN SEDRAN & BERMAN
Charles E. Schaffer, Esquire
510 Walnut Street, Suite 500
Philadelphia, PA 19106
cschaffer@lfsblaw.com

Dated: April 9, 2014

_____
GLENN A. MANOCHI

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CERTAINTEED FIBER CEMENT | : | |
| SIDING LITIGATION | : | MDL Docket No. 2270 |
| | : | |
| This document relates to: | : | |
| ALL CASES | : | |

**ORDER**

AND NOW, this 20th day of March, 2014, upon consideration of plaintiffs' motion for

final approval of class action settlement (Dkt. No. 87), the corrected agreement of compromise

and settlement filed in this case on November 1, 2013 (Dkt. No. 30), Addendum A (Dkt. No.

107) and Addendum B (Dkt. No. 109) to the settlement agreement, as well as all exhibits, other

pleadings, submissions and filings in this action, including plaintiffs' motion for final approval

of attorneys' fees and expenses (Dkt. No. 89), and the arguments presented to the Court at the

February 19, 2014 final approval hearing, the Court makes the following findings and it is

ORDERED that plaintiffs' motions for final approval of class action settlement and for final

approval of attorneys' fees and expenses are GRANTED as follows, consistent with the

accompanying memorandum of law:

      1.      This Court's October 3, 2013 Order granting plaintiffs' unopposed motion for

preliminary approval of class action settlement (Dkt. No. 28), preliminarily certified and ordered

that notice of the settlement be directed by the claims administrator to the following class:

> All individuals and entities that owned, as of September 30, 2013,
> homes, residences, buildings, or other structures located in the
> United States, on which CertainTeed WeatherBoards Fiber Cement
> Siding, Lap Siding, Vertical Siding, Shapes, Soffit, Porch Ceiling
> and 7/16" Trim (collectively, Siding) was installed on or before
> September 30, 2013.

Excluded from the settlement class are:

      a.     all individuals and entities who timely exercise their rights under Federal Rule of Civil Procedure 23 to opt out of this settlement;

      b.     all individuals and entities who filed a claim concerning their siding in any court of law, if that claim has been resolved with a final judgment or order, whether or not favorable to the claimant;

      c.     CertainTeed, any entity in which CertainTeed has a controlling interest, any entity which has a controlling interest in CertainTeed, and CertainTeed's legal representatives, assigns, and successors; and

      d.     the Judge to whom this case is assigned and any member of the Judge's immediate family.

2.      The proposed resolution of this litigation includes CertainTeed's payment of $103.9 million to a settlement fund and cash payments to settlement class members who submit claim forms based upon the extent of damage to their Siding and related factors.

3.      For purposes of settlement only, final certification of the above-defined class is granted and the Court makes the following findings pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

      a.     The settlement class consists of thousands of owners of buildings on which Siding was installed on or before September 30, 2013, and joinder of all members is impracticable;

      b.     There exist questions of fact and law common to the settlement class members. All settlement class members contend, inter alia, that the Siding is defective and allege breach of warranty, negligence and unfair trade practices claims against CertainTeed;

      c.     The claims of the named plaintiffs are typical of the claims of the settlement class members;

-2-

      d.      Named plaintiffs and co-lead counsel will fairly and adequately protect the interests of the settlement class;

      e.      The questions of law or fact that are common to settlement class members, and which are relevant for settlement purposes, predominate over questions affecting only individual settlement class members; and

      f.      Resolution of this litigation in the manner proposed by the parties' settlement agreement is superior to other available methods for a fair and efficient adjudication of this litigation.[1]

4.      Settlement class members were provided with notice of the settlement in the manner and form set forth in the settlement agreement. See Decl. of Richard W. Simmons dated January 29, 2014 (Dkt. No. 87-5). Notice was also provided to pertinent state and federal officials. Id. at ¶ 11. The notice plan was reasonably calculated to give actual notice to settlement class members of their right to receive benefits from the settlement or to be excluded from the settlement or object to the settlement. The notice plan met the requirements of Rule 23 and due process.

5.      The settlement is entitled to an initial presumption of fairness. It was reached following meaningful discovery and investigation conducted by class counsel. The settlement is the result of adversarial, arm's-length negotiations between the parties and the terms and conditions of the settlement are fair, adequate and reasonable when balanced against the probable outcome of further litigation. At the time the settlement was negotiated, counsel were reasonably able to evaluate their respective positions. The settlement will avoid substantial additional costs

---

[1]      Because this litigation is being settled rather than litigated, the Court need not consider manageability issues that may have been presented by the trial of a nationwide class action involving the issues in this case. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997).

to all parties as well as the delay and risks that would be presented by further prosecution of this litigation.

   6. The Court finds that the settlement is fair, reasonable and adequate. Accordingly, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure the settlement agreement is finally approved and shall be consummated in accordance with its terms, including the terms set forth in Addendum A and Addendum B to the settlement agreement, which are incorporated into the agreement as though fully set forth therein.

    a. In reaching this conclusion, the Court considered, inter alia, the following: evidence regarding plaintiffs' case; the complexity, expense and likely duration of further litigation; the stage of the proceedings including the extent of investigation and discovery completed; the risks of establishing liability, proving damages and maintaining the class action through a trial; the ability of CertainTeed to withstand a greater judgment; and the range of reasonableness of the settlement in light of the best possible recovery and the attendant risks of litigation.

    b. The Court also considered the reaction of the class to the settlement, including written and oral objections to the settlement, finding that each of the objections presented to the Court is overruled.

    c. The Court also considered valid requests for exclusion from the settlement submitted by the following settlement class members:

     1. Alderbrook Homeowners Association
     2. Chad and Tamra Baribeau
     3. Ryan and Kate Bruce
     4. Burlingame Ranch I Condominium Association, Inc.
     5. Richard E. Denney
     6. Richard and Donna Foerster
     7. Nicholas and Kylie Hughes
     8. Las Brisas Broadway, LLC and Las Brisas Forrest Palms LLC

    9.     Thomas J. LaTour
    10.    Ronald and Carol Maryott and the Ronald F. Maryott Bypass Trust
    11.    Madison Valley Medical Center
    12.    Fred and Kathleen Mayfield
    13.    Oak Trail Homeowners Association
    14.    Phi Beta Phi Sorority
    15.    Raymond and Sharon Olson
    16.    Roy Orr
    17.    Glenn Schmolze
    18.    Spectrum Acquisition Partners
    19.    William and Sara Townsend
    20.    Vail Lionshead Condominium Association, A/K/A Lodge at Lionshead Phase I Condominium Association and Lionshead Condominium Association Phase II, A/K/A Lodge at Lionshead Phase II Condominium Association
    21.    Village Palos Verdes Homeowners Association

Their rights shall not be affected by the settlement and they shall not receive any of the benefits of the settlement. They may pursue their own individual remedies, if any.

    7.    Upon entry of this Order, the settlement class members, except for those set forth above who returned valid requests for exclusion, shall be bound by the terms set forth in the settlement agreement. They shall be deemed to have released their claims as set forth in section 14 of the settlement agreement, provided that the settlement agreement does not extinguish any rights of settlement class members under their limited warranties during or following the claims submission period.

    8.    The Court finally approves the method of allocation and distribution of the settlement fund set forth in the settlement agreement, including in paragraph 4.4, which provides that

> the Settlement Fund Shall be used by the Claims Administrator to pay the approved costs of notice, [and] claims administration, including the Claims Administrator and the Independent Reviewer. In addition, the Settlement Fund shall be used to pay an award of attorneys' fees and costs, and incentive fees to the Named Plaintiffs, all as ordered by the Court, and all Eligible Claims.

9.      The Court finally appoints Michael McShane of Audet & Partners, LLP and H.

Laddie Montague, Jr. and Shanon J. Carson of Berger & Montague, P.C. as co-lead counsel for

the settlement class.

10.      With respect to plaintiffs' motion for final approval of attorneys' fees and

expenses (Dkt. No. 89), the Court finds that this case warrants the requested award of

$18,500,000.00 in attorneys' fees to class counsel from the settlement fund. The attorneys' fees

awarded by the Court shall be allocated to class counsel at the sole discretion of co-lead counsel.

11.      The Court finally appoints plaintiffs Steve Clavette, Chad Epsen, Monique

Orieux, Chris Thames, Gwen Weithaus, Steven Weidmeyer, Richard Tesoriero, John Robards,

Barbara Robards, James Dibley, Patricia Swanson and Koreen Grube, as class representatives.

12.      The Court grants plaintiffs' request for service awards from the settlement fund of

$2,500.00 each (though only one per household) to the class representatives, as well as to

settlement class member Canal Park Lodge, LLC; Steve and Karyn Hardig; Salvatore and

Brooke Bongiorno; William and Tina Brantly; Kirby and Jennifer Dean; Evan and Monica Epp;

Christopher and Kelly Everetts; Mary Kathleen Harrison; Jim and Karen Macmonagle; Stephen

and Laura McNally; Thomas and Cassandra Aiosa; Annie Cheung; Chester and Eva Tai;

Lethanial and Melissa Saunders; Michael and Stephanie Sherman; and Sherman Green. The

Court finds that these service awards are fair and reasonable based on the assistance that the class

representatives and other individuals set forth above provided to class counsel. The service

awards shall be paid following the effective date.

13.      The Court finally appoints Analytics (formerly known as BMC Group) as the

claims administrator to perform the duties assigned to them in the settlement agreement. Further,

the Court approves payments to Analytics from the settlement fund to pay the approved costs of notice and claims administration, including Analytics' own fees.

14.     The Court also awards class counsel $304,996.65 from the settlement fund in reimbursement of their out-of-pocket costs, plus reasonable costs incurred by class counsel during the claims submission Period, provided such costs are submitted to the Court and approved.

15.     The Court enters final judgment in this case and dismisses all claims asserted by plaintiffs and the settlement class with prejudice in accordance with the terms of the settlement agreement. The final judgment shall not bind any settlement class members who timely opted out of the settlement.

16.     There being no reason to delay entry of this final judgment, the Clerk of the Court is ordered to enter this final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17.     Without in any way affecting the finality of this order and final judgment, the Court retains and reserves jurisdiction over the litigation and the parties to the settlement to enter any future orders as may be necessary for the implementation, enforcement, construction and interpretation of the settlement agreement.


                              _s/Thomas N. O'Neill, Jr._
                              THOMAS N. O'NEILL, JR., J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CERTAINTEED FIBER CEMENT SIDING LITIGATION | : : : | MDL Docket No. 2270 |
| This Order relates to: ALL CASES | : : | |

## ORDER

AND NOW this 19th day of March, 2014, upon consideration of the Jabrani objectors'

motion for leave to file supplemental objections (Dkt. No. 106), it is ORDERED that the motion

is DENIED.[1]

*T. N. O'Neill*

THOMAS N. O'NEILL, JR., J.

---

[1]       In particular, I decline to permit the Jabrani objectors to rely on objections made by other class members, particularly where those objections have been withdrawn. In their proposed supplemental objections, the Jabrani objectors assert, inter alia, that they "adopt and incorporate the Juelich objection and supplemental objection (Dkt. Nos. 40 and 94) in full." Dkt. No. 106-3 at ECF p. 12. Gary Juelich noticed his intent to withdraw his objection on February 13, 2014, Dkt. No. 104, and simultaneous with the filing of this Order I have entered an order approving the withdrawal of his objection.

Incorporation by reference of objections raised by others does not fulfill the specific requirement in the preliminary approval order that any objection "state the exact nature of the objection." Dkt. No. 28 at ¶ 9; see In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig., 8:10ML 02151 JVS, 2013 WL 3224585 (C.D. Cal. June 17, 2013) (striking "those portions of any objection that purports to incorporate the objections raised by others in other documents" where the court's preliminary approval order required objections to include "the specific reasons why the Class member objects to the settlement").