IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: CERTAINTEED FIBER CEMENT SIDING LITIGATION | : : : : | MDL DOCKET NO. 2270 |
| This Document relates to: | : : | |
| All cases | : : : : : : | |

**MEMORANDUM OF LAW OF CERTAINTEED CORPORATION IN OPPOSITION TO JABRANI OBJECTORS' MOTION FOR ATTORNEYS' FEES**

**I.      Introduction**

The Court should deny the motion ("Motion") filed by objectors Amirali Jabrani, Janet Jabrani, and Real Homes, Inc. (collectively "the Jabrani Objectors") for attorneys' fees in the amount of $140,000. The Motion follows groundless objections to the Settlement that caused CertainTeed Corporation ("CertainTeed") and the Plaintiffs' Steering Committee to expend substantial time and effort in responding.

The Jabrani Objectors contend that, through their objections, they prevented "the reversion of tens of millions of dollars to the defendant." Jabrani Br. at 3. This is false. The Settlement never provided for a reversion to CertainTeed, and a reversion was never contemplated by CertainTeed. The parties filed an addendum to the Agreement, not to change the terms of the Agreement, but to clarify the fact that no reversion was intended and that it was not contemplated that funds in the Settlement would exist at the end of the claims period.

Objectors are not entitled to fees unless they improved the Settlement. The Jabrani Objectors did nothing to improve the Settlement. They merely increased the cost to CertainTeed of presenting the Settlement to the Court for approval.

**II.      Argument**

Objectors to class action settlements are generally not entitled to awards of counsel fees. *In re Resort Condos. Int'l, LLC*, No. 06-1222, 2010 U.S. Dist. LEXIS 34565, at *3 (D.N.J. Apr. 7, 2010). Rather, fees for counsel for objectors are warranted only if the objectors substantially improved the settlement through their efforts. *Id.* at *4. Indeed, "cases in which objectors are awarded attorneys' fees are few and far between." *Spark v. MBNA Corp.*, 289 F. Supp. 2d 510, 513 (D. Del. 2003). We review below the evidence that shows the Settlement never contained a reversion nor was one contemplated.

On September 30, 2013, Plaintiffs filed their Motion for Preliminary Approval of the Class Settlement. Dkt. No. 25. Plaintiffs met and conferred with CertainTeed prior to filing this Motion. CertainTeed reviewed a copy of the Motion and its supporting Memorandum of Law before it was filed and agreed that the Settlement would be non-reversionary. On page 1 of Plaintiffs' Memorandum of Law, Plaintiffs stated that the "[t]he Settlement creates a gross, **non-reversionary** settlement fund of $103.9 million for the benefit of the Settlement Class." Memo. In Support of Prelim. Approval at 1 (emphasis added); *see also id.* at 5 (reiterating this fact for a second time). Plaintiffs' Memorandum of Law was posted on the settlement website and was available for class members to review, at www.certainteedfibercementsettlement.com.

On January 29, 2014, Plaintiffs filed their Motion for Final Approval of the Class Settlement. Dkt. No. 87. CertainTeed did not oppose this motion. In Plaintiffs' Memorandum of Law, Plaintiffs explicitly stated that the "[t]he Settlement creates a gross, **non-reversionary** cash settlement fund of $103.9 million for the benefit of the Settlement Class." Memo. In

Support of Fin. Approval at 1 (emphasis in original); *see also id.* at 9 (reiterating this fact for a second time).  The Memorandum of Law provided that "[t]he Settlement is non-reversionary, meaning that **no money will be returned to CertainTeed at any time,** and all of the money less attorneys' fees and costs, service awards and claims administration costs awarded by this Court will be paid to Settlement Class Members." *Id.* at 12 (emphasis in original).

The Memorandum of Law further provided: "[t]he Settlement does not include a reversion to CertainTeed . . . the Settlement ensures that every dollar of the Settlement will be paid out to Settlement Class Members who file valid claims by the end of the Claims Submission Period." *Id.* at 44-45.  CertainTeed itself also filed a brief in support of Plaintiffs' Motion for Final Approval, thereby adopting the same interpretation of the Agreement as by Plaintiffs.  Dkt. No. 86.

On January 29, 2014, Plaintiffs filed their Motion for Approval of Attorneys' Fees and Expenses, which stated: "[t]he facts here differ greatly than in *In re Baby Products*.  Plaintiffs' Settlement here does not include a *cy pres* component because **all the money in the net settlement fund will be distributed to the class**."  Memo. In Support of Fees at 46-47 (emphasis in original).

The history set forth above shows that the Jabrani Objectors did not "substantially improve" the Settlement.  In their Motion, the Jabrani Objectors claim that the Settlement "would have reverted tens of millions of dollars," and that "nothing in the settlement prohibits the defendant from seeking to recover leftover funds."  Jabrani Br. at 1-2.  The Jabrani Objectors state that "[i]n response to [their] objection, the parties, the morning of the fairness hearing, modified the Settlement to ensure that CertainTeed would have no claim on the money [remaining in the Settlement Fund], and that the class members would continue to access the

Settlement fund.  It is clear that this modification was in response to the Jabrani's objection." *Id.* at 2.  This alleged "modification" was nothing more than a clarification and does not warrant an award of fees.  *In re Resort Condos. Int'l, LLC*, 2010 U.S. Dist. LEXIS 34565, at *5 (denying objectors' motion for fees when alleged amendment to settlement was merely a clarification).

### III. Conclusion

The Jabrani Objectors' objection did not improve the Settlement.  The Court should deny their Motion.

/s/ Robert L. Hickok
Robert L. Hickok (PA I.D. No. 30101)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Telephone:  215.981.4583
Facsimile:  215.981.4750
hickokr@pepperlaw.com
Attorneys for Defendant

Dated:  April 17, 2014

## **CERTIFICATE OF SERVICE**

I, Anthony Vale, hereby certify that on April 17, 2014, I caused a true and correct copy of the foregoing Memorandum of Law of CertainTeed Corporation in Opposition to Jabrani Objectors' Motion for Attorneys' Fees to be served on the following counsel of record via ECF transmission and first class mail:

>Gary P. Lightman, Esquire
>Glenn A. Manochi, Esquire
>1520 Locust Street, 12th Floor
>Philadelphia, PA  19102
>
>Counsel for Amirali Jabrani, Janet Jabrani and Real Homes, Inc.

>/s/ Anthony Vale
>Anthony C. H. Vale