IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: CertainTeed Fiber Cement Siding Litigation | MDL NO. 11-2270 |
|---|---|
| This Document Relates to: All Actions | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION TO REQUIRE AN APPEAL BOND**

Plaintiffs respectfully submit this reply brief in support of their motion to require an appeal bond.

**I.     INTRODUCTION**

The Jabranis' appeal is without merit and, like the underlying objections to the Settlement Agreement, has no basis in fact or law, and thus is frivolous. As this Court noted in its April 30, 2014 Order (Docket No. 129) denying the Jabranis' attorney fee request, and finding that it was "entirely devoid of merit," the Jabranis did not even bother to read the Settlement Agreement before they first objected to, and now appealed, this Court's Final Approval Order. Their appeal has delayed indefinitely the dissemination of millions of dollars to deserving class members whose homes require repair. As discussed in Plaintiffs' opening motion, each issue raised by the Jabranis is either not an accurate read of the Settlement or an objection with no merit. Indeed, Objectors do not even attempt to dispute the portion of Plaintiffs' motion which discusses their objections and points out the deficiencies.

Most significantly, the objections, even if sustained, would provide <u>no</u> benefit to the Class or to objectors, as the major objection is that the settlement is too large. Their objections, if sustained, will not provide any Class member or the objectors with a greater recovery.

It is apparent from the conduct of the Objectors and their Counsel exactly what Messrs.

1

Bandas, Lightman, and Manochi are doing here and an appeal bond is appropriate and necessary to protect the interests of the class members. Each day Mr. Bandas' appeal continues, the settlement incurs additional administration costs and over a thousand class members must needlessly wait to receive the substantial benefits to which they are entitled. Thus requiring an appeal bond is not, as objectors contend, an attempt to deny their right to an appeal; rather, it simply insures class members will not ultimately have to bear the cost of a frivolous appeal.

## II.     ARGUMENT

### A.     The District Court Has the Authority to Require an Appeal Bond

As set forth in Plaintiffs' opening brief (and undisputed by Objectors) this Court has the authority to require an appeal bond, not only under Federal Rules of Appellate Procedure Rule 7, but also under Federal Rules of Civil Procedure Rule 23 and the Court's inherent power. Requiring an appeal bond is routine and hardly a denial or even an interference with a party's right to an appeal.

An appeal bond is especially necessary where, as here, the appeal is devoid of merit, has no apparent benefit to the Objectors or the Class, and there is such a significant risk of non-payment. The record is clear that Objectors' counsel, Mr. Bandas, has tried to avoid appearing in this case (and as discussed in the opening motion has done so in numerous other cases where he has orchestrated frivolous objections for personal objectives). *See, e.g.*, *Hydroxycut Marketing and Sales Practices Litigation,* 2014 WL 815394, at *1 (S.D. Cal. 2014) (a recent case discussing Mr. Bandas' conduct). It was only when he wanted some money that Mr. Bandas for the first time in this case appeared before this Court for the purpose of filing Objectors' Counsel's Motion for an Award of Attorneys' Fees. (Docket No. 120.)  He entered his appearance in the appeal on April 24, 2014, but withheld his name from the Objectors'

Memorandum of Law in Opposition to Plaintiffs' Motion for Appeal Bond. (Docket No. 131.) Further, the Objectors themselves are residents of O'Fallon, Missouri and thus reside outside this District and this Circuit.

Finally, even the Objectors do not dispute that the criterion for requiring a bond is met in this case; rather they have sought to have it set at an unacceptably low $5,000 bond. Indeed, Objectors have threatened to further delay these proceedings with an appeal of this motion and an application for *in forma pauperis* status, indicating it is likely the Class will be left to bear the costs of this appeal taken in bad faith. (Obj. Opp. at pp.7-8.)

### B. The Court May Consider Attorneys' Fees In Setting The Amount Of The Appeal Bond

The Third Circuit has never addressed in a published decision whether Rule 7 allows for the consideration of attorneys' fees in setting the amount of an appeal bond. The only Third Circuit case cited by Objectors, *Hirschensohn v. Lawyers Title Ins. Corp.*, 1997 U.S. App. LEXIS 13793 (3d Cir. June 10, 1997), is unpublished and since its decision a majority of Circuit Courts have held that attorneys' fees may be properly included in the calculation of an appeal bond. *See Int'l Floor Crafts, Inc. v. Dziemit*, 420 Fed. Appx. 6, 18-19 (1st Cir. 2011); *Adsani v. Miller*, 139 F.3d 67, 74 (2d Cir. 1998) ("Inclusion of attorney's fees in a Rule 7 bond does not offend Rule 39 any more than inclusion of any other costs does."); *In Re Cardizem CD Antritrust Litig.*, 391 F.3d 812, 817 (6th Cir. 2004); *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007); *Pedraza v. United Guar. Corp.*, 313 F.3d 1323 (11th Cir. 2002); *Montgomery & Assocs., Inc. v. Commodity Futures Trading Comm'n*, 816 F.2d 783, 784 (D.C. Cir. 1987).

Because these costs are significant, Plaintiffs and the Class respectfully request the Court to consider this issue. At least one commentator recommends that:

> District courts should be permitted in all cases to impose appeal bonds on nonnamed class member objectors that reflect the full expected cost of appeal, *including attorneys' fees and the cost of delay incurred by class members and their attorneys*.

"Class Action Professional Objectors: What To Do About Them," John E. Lopatka and Judge D. Brooks Smith, 39 Fla. State L. Rev. 865, 872 (2012) (emphasis added).

### C. The Court May Consider The Frivolousness Of The Appeal In Setting The Amount Of The Bond

Objectors' arguments that the Court cannot make a finding that the appeal is frivolous when setting the amount of the appeal bond is unsupported; Objectors merely recite that an appeal is a matter of right. Where, as here, the appeal is so patently taken in bad faith, the Court may certainly consider that fact in setting the appeal bond in the interests of protecting the appellee Class members. Courts in this Circuit routinely consider the merits of the appeal in determining the amount of the appeal bond. "[T]he fact that the Objectors appear to be objectors who repeatedly raise objections in class actions around the country, further suggest that their appeal in this case is meritless. Accordingly, I conclude that imposition of a bond pursuant to Rule 7 is appropriate in this case." *In re Nutella Mktg. & Sales Practices*, 2012 U.S. Dist. LEXIS 172006, at *5 (D.N.J. Nov. 20, 2012).

Indeed, because the factual record demonstrates that this is entirely an attorney-driven appeal, it is questionable whether the Jabranis' rights to an appeal are even involved. During their depositions, Appellants testified that they *never even read the Settlement Agreement or visited the settlement website*, and that Mr. Bandas trolled for his objector clients on Facebook and found the Appellants who never previously dealt with Mr. Bandas. (*See* Dkt. No. 129 at 2; *see also* Jabrani Tr. at 28-29 (noting that Mr. Jabrani contacted Mr. Bandas because of Mr. Bandas's advertisement).) As the Jabranis testified, they did not even know what they were

4

objecting to but are now appealing. Objectors had never actually reviewed the Settlement Agreement or calculated how much they would receive from the settlement (A. Jabrani Depo. 56:6-18; 64:12-16; J. Jabrani Depo. 14:2-11); they did not know how the settlement funds were actually going to be distributed to Class Members (A. Jabrani Dep. 47:10-48:6); Mr. Jabrani did not compare what he would be entitled to under his warranty versus the settlement, and never even read his warranty (A. Jabrani Depo. 75:10-24). While Mr. Jabrani stated that part of his objection to the settlement was based on the payment of attorneys' fees to Class Counsel, he testified that he would be "fine" with Bandas' fees "substantially exceed[ing]" his own recovery. (A. Jabrani Depo. 120:8-122:5.) Mrs. Jabrani testified that she never even read the objection before executing the accompanying declaration. (J. Jabrani Depo. 22:3-23:11.)

Objectors' attorneys have asked for attorneys' fees with a multiple of 2x their alleged lodestar, and based that request on a non-existent "benefit" that this Court found to be "entirely devoid of merit." (Order of 4/30/14 (Docket No. 129).) Appellants' objections to the settlement, if successful, will not increase the settlement fund or increase the recovery of each Class member. The objections to the settlement basically serve no valid purpose.

### D. An Appeal Bond May Be Assessed Against the Attorneys

As outlined in Plaintiffs' opening brief and recognized by numerous authorities, this Court's power to set an appeal bond extends beyond just FED. R. APP. P. 7. The Court has the ability under both FED. R. CIV. P. 23 and its inherent powers to set an appeal bond, including against Objectors' counsel. Indeed, Mr. Bandas should be familiar with this as numerous courts have specifically order he post an appeal bond. *See, e.g., In re Wal-Mart Wage & Hour Empl. Prac. Litig.*, 2010 U.S. Dist. LEXIS 21466, at *18-*19 (D. Nev. March 8, 2010) (requiring Mr. Bandas and his objector client to post an appeal bond of $500,000 following an appeal of an

5

overruled objection to class action settlement); *In re Gen. Elec. Co. Sec. Litig.*, 2014 U.S. Dist. LEXIS 17213 (S.D.N.Y. Feb. 11, 2014); *Dennings v. Clearwire Corp.*, 2013 U.S. Dist. LEXIS 105462 (W.D. Wash. July 26, 2013) (issuing sanctions against Mr. Bandas for failing to timely post appeal bond pursuant to court order).

### III. CONCLUSION

Based upon the foregoing reasons, Plaintiffs and the Class respectfully request that the Court require Objectors to post an appeal bond sufficient to protect the Class from being forced to bear the costs of Objectors' pointless appeal.

Date:   May 20, 2014                                   /s/ Michael McShane
                                                        Michael McShane (*admitted pro hac vice*)
                                                        mmcshane@audetlaw.com
                                                        **AUDET & PARTNERS, LLP**
                                                        221 Main Street, Suite 1460
                                                        San Francisco, CA 94105
                                                        Telephone: (415) 568-2555
                                                        Facsimile: (415) 568-2556

                                                        H. Laddie Montague, Jr.
                                                        Lawrence Deutsch
                                                        Shanon J. Carson
                                                        **BERGER & MONTAGUE, P.C.**
                                                        1622 Locust Street
                                                        Philadelphia, PA  19103
                                                        (215) 875-4656 - Telephone
                                                        (215) 875-4604 – Facsimile

                                                        *Co-Lead Class Counsel*

                                                        Arnold Levin
                                                        Charles E. Schaffer
                                                        LEVIN, FISHBEIN, SEDRAN & BERMAN
                                                        510 Walnut Street, Suite 500
                                                        Philadelphia, PA  19106
                                                        (215) 592-1500 - Telephone
                                                        (215) 592-4663 – Facsimile

>Ellen Meriwether
>CAFFERTY FAUCHER LLP
>1717 Arch Street, Suite 3610
>Philadelphia, PA  19103
>(215) 864-2800 - Telephone
>(215) 864-2810 - Facsimile
>
>Jennifer W. Sprengel
>Christopher B. Sanchez
>CAFFERTY FAUCHER LLP
>30 North LaSalle Street, Suite 3200
>Chicago, IL  60602
>(312) 782-4880 - Telephone
>(312) 782-4485 – Facsimile
>
>Charles J. LaDuca
>Brendan S. Thompson
>CUNEO, GILBERT & LADUCA, LLP
>507 C Street, NE
>Washington, DC 20002
>(202) 789-3960 - Telephone
>(202) 789-1813 – Facsimile
>
>*Counsel for Plaintiffs*